# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Ned H. Presley

217 Paragon Pkwy. #112

Clyde, NC 28712

Phone: 407-331-9014

Plaintiff

V                CIVIL ACTION NO_____

Defendants

United States Patent and Trademark Office

Office of Solicitor

PO Box 1450

Alexandria, VA  22313-1450

CASE NUMBER   1:06CV00104

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 01/19/2006

US Attorney General

950 Pennsylvania Ave. N.W.

Washing Ton D.C. 2001

US Attorney for The District of Columbia

555 4th St N.W.

Washington, D.C. 20001

JURY ACTION

RECEIVED

1

Complaint

Plaintive did properly file under 35 U.S.C.101; A Patent Application #10073586 dated Feb. 12, 2002 as a Process Patent, enabled by 6 steps as detailed in the Specification.

The application is now quoted and incorporated into this new record.

GAMBLING CASINO NEW/IMPROVED PROCESS FOR

GAMBLER ATTRACTION AND HIGHER YIELDS

BACKGROUND OF THE INVENTION

Many enticements, promotions, attractions, incentives, awards and rewards are used by gambling Casinos to attract gamblers to the casino and to keep them gambling in the casino at the tables, machines, and all gambling stations and areas with out interruption as long as possible. These are known and described in a large number of publications and newspaper advertisements.

While gamblers are gambling in the casino area at the gambling stations, tables, machines, sports booking and keno betting areas, the most prominent stress relief and relaxed, incentive and enticement to gamblers to continue the gambling session has been the liberal serving of free or low cost alcoholic drinks. This practice requires a cost to the Casino for the liquor and may expose the Casino to liability lawsuits.

This invention relates to a new and novel and improved process for casinos to attract gamblers and increase yields by providing or permitting stress relief, relaxing types of shoulder, neck and/or upper body massage and manipulation, as the gambler continues his gambling without leaving the casino gambling area, station, table, machine, sports booking or keno areas. This process will increase yields by increasing longer uninterrupted gambling sessions by gamblers.

/

This new process may reduce alcohol related liability lawsuits. This new process may be largely cost free to the casino, being funded totally or largely by gambler tips to the attendants, providers and/or practitioners.

Prior to this new invention process all massage and relaxing types of services have been available only in certain hotel, spa and salon areas set apart from the gambling casino, gambling areas, tables, machines, etc. resulting in an interruption of the gambling session and reduced yields.

## SUMMARY OF THE INVENTION

The invention is a new and improved process for gambling casinos to attract more gamblers and keep them gambling and in the casino gambling stations and areas for longer uninterrupted sessions. To do so by providing or permitting stress relief, relaxing types of gamblers upper body massage, at the gambling station, areas, tables, machines, sports book and keno areas. More gamblers, gambling for longer sessions resulting in higher yields for the casino.

## DETAILED DESCRIPTION OF THE INVENTION

A new/improved gambling casino process to attract more gamblers and keep them gambling longer, thus improving yields.

The new/improved process is the providing or permitting of upper body massages to gamblers while they continue to gamble.

The following is an example of specific, preferred steps of the new process by a gambling casino.

EXAMPLE

A.

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

B.

Casinos provide, select attendants or practitioners and provide training. Casinos secure attendants any necessary licenses or provide or permit vendors to perform upper body manipulation or massage to gamblers while gambling.

C.

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

D.

Casino design compensation program for massage manipulation attendants, emphasizing gambler tips.

E.

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

F.

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

It will be appreciated that various arrangements of the above-disclosed steps are possible without departing from the spirit of the present invention.

3

CLAIMS

WHAT I CLAIM AS MY INVENTION IS:

A new gambling casino process providing or permitting stress relicf and/or relaxing types of

upper-body massage-manipulation to casino gamblers, as they are gambling in all casinos

gambling areas, including tables, machines, sports book and keno areas.

WHAT I CLAIM IS:

A new gambling casino process according to claim 1: performed by and utilizing uniformed or

costumed identified attendants, vendors and/or practitioners.

WHAT I CLAIM IS:

A new gambling casino process according to claim 1; advertised and promoted by the casino.

ABSTRACT OF THE DISCLOSURE

A new Gambling casino process for increased yields by providing or permitting upper body

massage by attendants to gamblers while still gambling.

Commissioner of Patents and Trademarks *(Letter Accompying) NP*

Washington D.C.  20231

Subject:  Gambling Casino New Improved Process For Gambler Attraction and Higher Yields

Sir:

With reference to the enclosed completed patent application, as I am an independent inventor, I do

now request and authorize the examiner to correct and or add claims to this application as permitted by

patent office regulations.

*4*

#1. The United States Patent offices (Hereafter = office) did without sufficient "substantial evidence" improperly *denined* ... this application under U.S.C. 103, as obvious to one of average skill in the casino art.

#2. The US Patent Board of Appeals (Hereafter = Board) did accept and approve of Patent Claims 1, 2 and 3 as submitted. However, the Board, in its opinion concerning claim # 1, erroneously expanded and broadened the coverage of the Casino Massage Attendant to also apply to "Any person whether or not associated with the Casino" such an interpretation of claim #1 would add confusion and was never intended by the inventor/plaintiff. The patent specification and the entire patent file makes clear that this Casino Process is birthed and enabled by the six steps as listed in the specification.

See Step B = Casino selects Attendants and provides training

(New type of massage).

See Step C = Casino deploys and supervises Attendants.

See Step D = Casino design compensation program for Attendants.

See Step E = Casino select identifying costumes / uniforms for

Massage manipulation Attendants

No reasonable interpretation of this Casino Process and claim #2 could be so broad as to encompass or sub*ject* private citizens to patent restrictions or prohibitions. Thus the record confirms that this Casino Massage Manipulation Attendant:

Is selected by the Casino,

5

Is supervised by the Casino,

Is compensated by the Casino and

Is uniformed by the Casino.

This Court is requested to declare and judge the Casino Massage Manipulation Attendant is well identified in the specification and well set apart from "any person". The Board properly interprets claim #2 and #3 as pertaining to the Gambling Casino Personnel.

#3. The Patent Application is for a PIONEER PATENT. There is NO evidence of ANY prior stress relieving Professional Massage Therapy Administered by a trained therapist (Hereafter = Massage) upon an Active Productive Subject, (i.e., Gambler.)

#4. There is no prior evidence of any stress relieving Professional Massage Therapy Administered by a trained therapist being performed in the Active Gambling stations of a Security Supervised Gambling Casino.

#5. There is no prior evidence of #3 and #4 being performed by uniformed or costumed Attendants.

#6. There is no prior evidence of #3 and #4 and #5 being advertised and promoted by a Casino.

#7. The issue was framed by Plaintiffs Appeal Brief page 17. Quoted now as "The issue: is there any prior art of massage being performed on Active Productive Subjects at any location?" If so, are there any likely reasons that Casino Personnel of Average skill in the Art would:      1. Have knowledge of same.

2. Discover and invent a process to combine it with Casino Active Gamblers?

The Examiner made no response in his Answer brief. The Board made no example known and no Answer of Evidence.

#8. Note the Board did stipulate and agree that its' only offered reference of "onsite" did evidence in-active chair massage only. Quoted as; "in this respect we agree with Appellant Presley that one of ordinary skill in this Art would not have inferred from onsite that the advertised massage services are provided to a recipient that is physically involved in a task."

#9. In as much as the Patent Specification does 10 times recite the Critical Limitation of a new type of Massage performed on an Active Gambler as he continues to gamble. The plaintive is strongly tempted to stop at this point and request a summary or directed verdict for plaintive based on the Boards stipulation and admittance that there is no prior Art for a new type of Massage performed on Active Persons i.e., Gamblers, as they continue to be active i.e., Gambling in a public area (i.e., Casino Gambling Hall) the plaintive does request the courts advise if a Favorable Directed Verdict might be available at this point.

#10. The Examiner did not claim or state a Prima Ficie or strong case had been made for a 103 Obviousness Rejection.

The Board does error in interpreting the evidence and claiming a Prima Picie case has been made. The INVENTION Process disclosed in the 6 step enablement and The

7

Resulting Birthed New Modified Type of Massage administered to Active Gamblers as they continue to gamble by qualified trained uniformed therapists in a Gambling Casino is a Critical Limitation recited 10 times in the Specification.

#11.  The Only reference provided as evidence is "ONSITE". "ONSITE" does not perform the function of Claim #1, Claim #2, or Claim #3. "ONSITE" is excluded by its Non-performance of Massage to Active Subjects (Admitted by the Board page 6 of the Boards Opinion) there is no interchangeability of "ONSITE" Massage Procedure, (i.e., inactive Subject Requiring Special Chair) and the New Process detailed in this Patent Process, (i.e., Massage) to Active Gamblers as they continue to Gamble.

#12.  "ONSITE" Procedures do directly teach away from this Patent Procedure in that they interrupt the Subjects Activities and render him docile and non-productive (i.e., Reducing Casino Yields.)

#13.  There would be no motivation for the Gambling Casino to combine or introduce "ONSITE" to the Gambling Arena to interrupt Gambling Activities.

#14.  The Special Chair required by "ONSITE" to perform its Massage could not be allowed in crowded active Gambling areas.

#15.  There can be no Expectation of Success for the Gambling Casino to introduce or permit "ONSITE" to render Active Gamblers, Non-Active and Non-Productive resulting in reduced Yields.

8

#16.   Any considered introduction of "ONSITE" to the Gambling Casino would not provide all of the Claim Limitations of the instant Patent Specification and claims #1, #2, and #3, and would reduce Casino Yields.

#17.   "ONSITE" and no other reference located by the Office's vast research flies provide any evidence of Massage being provided to Active Subjects by Trained Massage Therapists.

#18.   There is No Prior Art as stated in #17, there is therefore No Prima Ficie Case, there is No Strong Case, there is No Close Case, and there is No Case for a USC 103 Obviousness Rejection.

#19.   See Business Methods Patents Formulating and Communicating 103 Rejections Page 31, 4th paragraph d.  Analysis, in reviewing a 103 Rejection "The Motivation is not sound because there is nothing in either of the references that would suggest that the Motivation for Combining the references is known outside of applicant's disclosure." This Analysis would of course apply to the Casino Gambling Hall and "ONSITE".

#20.   The Plaintive Presley has sufficient evidence in the file wrapper to identify him as a seasoned Knowledgeable Gambler and as a student of and expert witness of Gambling Casino Practices, Policies, and Operations.  The Plaintive Presley does therefore specifically deny the Office and Boards claim and allegation of "Knowledge generally known in the Art".  The Office and Board offers no evidence or example of training- or recited Casino or Gambling experiences that would support or qualify them to speak as

an Authority in a showing, or explanation of any alleged "Knowledge generally known in the Art".

#21.   Note the Examiner was similarly rebuted, objected too and disavowed by the Plaintive for 10 times attempting to rely on the statements "It goes without saying", "It is old and well known", "It is well known", "It must be presumed", "A matter of common sense" "Would have been obvious", "One skilled in the Art would recognize".

(See Part "E" Applicants Statement to the Board)   Such statements are not evidence!

#22.   The General Knowledge of Massage by Casino Personnel of Average Skill in the Casino Art, is Awareness of the Casinos set apart, SPA Health Club, Gym and the like where Massage Therapy is performed to inactive, relaxed, docile subjects on tables or special Massage Chairs or delivered on call or appointment as special chair massage to inactive subjects, as "Room service" at a charge to any Casino Hotel Guest.

#23.   Note The Office and Boards one and only reference "ONSITE" advertises and offers NO "Legal" services exceeding or different than the Casino Hotels own in place operational and normally High Quality services, Personnel, Therapists, and Attendants, (i.e., a known in place quality.)

#24   As the Casino Hotels own. . SPA services are bonded licensed and insured (A known quality).  There would exist no logical reason for them to take note of other advertisements (i.e., "ONSITE") on the internet for the same or likely sub-standard services.

10

#25.   All Casino Personnel are aware that a Zero Tolerance Policy is enforced

immediately, as all vendors are ejected by Casino Security Personnel.  See the Training

Tape exhibited as "Dealing with the unwanted (i.e., trespass, eject and "86" means throw

them out!)

#26.   The Plaintiff will rely primarily on the totality of the record which cites many

manual of patent Examiner Procedures, including contents of the File wrapper and the

"APPLICANTS STATEMENT TO THE BOARD OF APPEALS", (attached statements)

which was delivered by hand to each of the three Board Judges.

#27.   Plaintive Presley does demand a jury trial as declared by the Seventh Amendment

to the United States Constitution and or as given by a Statute of the United States.

#28.   Papers and documents, including those in the File wrapper and exhibits, cassette

tapes, books, photographs, and charts that pertain to this matter will be presented and

explained to the Court and Jury.

#29.   With the Courts permission, a three minute demonstration of Special Chair

Massage, as shown and depicted in the Office only reference of "ONSITE", will be

performed by a local Washington area Licensed Massage Therapist.

#30.   Likewise with the Courts permission, a two minute demonstration will be

performed as described in the Patent Application and File, that is, a New Type of

Massage performed on an Active (simulated) Gambler.

#31.   Thus the Court and Jury will observe First hand, if this New Casino Procedure (Massage Therapist for the Active Gamblers) is SUFFICIENTLY DIFFERENT FROM WHAT HAS BEEN USED OR DESCRIBED BEFORE. (US PTO Book of Information, US Government Printing Office: 1998 – 433 – 236 / 93308) (i.e., New and Useful process or New and Useful Improvement (35USC101))

#32.   OR are they so similar in approach, Application and Results that a person of Average skill in Casino Art would find the two are NOT SUFFICIENTLY DIFFERENT, or obvious.

#33.   It will be seen that any suggestion or notion to introduce the present or presently known and practiced Chair or Table Massage into the Gambling Casino Area would be quickly discarded.  Security Personnel, Gambling Manager, Shift Managers, Pit Bosses, would eject any such efforts.

#34.   The Plaintive will primarily rely on the totality of the record as contained in the File Jacket, including the Applicants Written Statement, (hereafter = Statement) to the Board of Appeals, hand delivered in three copies to the Judges at the Board Hearing of Nov. 15, 2005 (copy attached) by permission of the Judges and as allowed by their rules. This was my 1st move at the opening of The Board (15 minutes allowed) Hearing.  My Statement to the Board was that this Written Statement would be my "Oral Text" and that it would be read aloud (should my voice fail) by my assistant.  The Chief Judge nodded in Agreement. (Prior radiation treatments to my throat)  The Written Statement was provided to affirm and assure accuracy of plaintive evidence and Testimony at the Board

Hearing, and avoid any miss quotations or misspeak. Plaintive does <u>specifically deny</u> any "admissions" as alleged in the Opinion issued by the Board which are contrary to or not contained in the Written prior Record or Statement provided. Some of the paraphrases in the Boards Published Opinion attributed to the Plaintive are incorrect. Some are taken out of context, and some are incomplete, (Note the Plaintive was denied Permission to bring a court reporter and #2 Allow appearance by "Speaker Phone" of witness Dr. Ed Warren.) Permission was denied by Chief Clerk for the Board, in early November.

#35.  Let the <u>evidence</u> of the Written Record prevail.

#36.  Plaintive does respectfully request the Court to suppress and bar Oral Admissions alleged to be made by the Plaintive.

#37.  Plaintive will submit a "Motion to Suppress" any Oral Admissions of the Plaintive. With additional pertinent details of circumstances of Oral Hearing (15 minutes)

#38.  A <u>Pioneer</u> <u>Patent</u> <u>Application</u>, (i.e., A New Modified Type of Stress Relieving Massage Therapy) administered By Trained, Qualified Therapists to Active Subjects, (i.e., Gamblers) as they continue to be Active – Productive) is a rare occurrence. The instant Patent Application meets the "Pioneer" qualification, in that even with its vast, world wide search capabilities, the Office could not produce or locate any Prior Art, or NP examples of this Invention.

#39.  <u>A Patent Process Proceeding Contrary to Accepted Wisdom is EVIDENCE OF NONOBVIOUSNESS</u>.  Accepted wisdom for administering Massage Therapy is that 1st

*13*

the Subject is rendered inactive in a Special Chair or on a Table, and thus receives

Therapy while <u>inactive and non-productive</u>.  To render the Subject non-active and

relaxed is the only method taught by Massage Therapy Schools and Institutions.  The

New Type or Modified Massage Therapy as delivered by this Patent Process is upon an

Active Subject (i.e., Gambler) and thus EVIDENCE of NONOBVIOUSNESS.

*See*
In re Grasselli: 713 F.2d 731, 743, 218 USPQ 769 (Fed. Cir. 1983)

#40.   The Prior Testimony, Letter, and Affidavit of Dr. Ed Warren were erroneously

interpreted by the Board (page 6 and 7) as Limited to Gambling Casinos.  A plain reading

of the letter shows the terms "No Therapy" and "All Therapies" are not limited to

Gambling Casinos.

#41.   The repeated Announcement of "Immediate Benefit to the Public" (i.e., Stress and

Pain Reduction) was not responded to by The Examiner or The Board.  This Court will

be constrained to accept the Statement at Face Value.  In re: Herrmann, 261 F.2d 598,

120 USPQ 182 (CCPA 1958) See Also In re: Soni, 54 F.3d 746 751, 34 USPQ 2d 1684,

1688 (Fed. Cir. 1995)   (Office Failed to Rebut Applicants' argument)

#42.   Likewise, the two Court References of #41, (above) and the Departments,

(Examiner or Board) failure to answer or rebut the Plaintiffs' <u>Repeated</u> claims,

Statements and Arguments (as listed following), will propel this Court to be constrained

to accept the Statements at Face Value.  Applicants Statement to the Board of Appeals

Part D,  Page D-1, #1,2,3,4,5  Page D-2, #1,2,3,4,5,6,7,8,10  Page D-3, #4,8,9

The following non-rebuted statements, (as in above described) are also classified as providing EVIDENCE OF NONOBVIOUSNESS  Page D-2 #9,  Page D-3, #2,3,5,6,7 #43.   Thus these 25 Statements, 6 of which are EVIDENCE OF NONOBVIOUSNESS, (when accepted at Face Value) compile and list and overwhelming amount of substantial Evidence in Favor of Plaintive Presleys' Case that the Instant Patent Application should be awarded, approved, and issued promptly with NO Further issues or objections raised by the Department.

#44.   The Board in its opinion did make some reference to "Massage" by Gamblers to other Gamblers, or Friends to Gamblers.  It is of course known that the public does at times demonstrate and perform various informal spontaneous actions in public places, (i.e., Sports Events, Church, New Years Parties, Casinos, etc.) manifesting in displays of Hugs, Back Slaps, "High Fives", Embraces, and shaking or rubbing of the Shoulder areas, etc.  Such displays would more properly be labeled as "Horse Play" or Shows of Affection. (Hereafter = "Horse Play") Las Vegas is a Honeymoon Center.  Nothing in this Patent pretends to intervene or to be in any way restrictive of the Public.

#45.   The New Type of Professional Massage as described in the Specification, and Claims 1,2,and 3, is performed by Trained, Licensed, Costumed, Massage Therapists who have been birthed and deployed by the New Casino Process enabled by the 6 steps listed in the Specification.  This organized regulated Therapy could not be logically confused with the Publics display of "Horse Play".

*The R*

#46.  Examiner admitted by phone He was not in possession of quoted Court Cases and did not establish a Common Factual Basis for same and this Patent Application.  It is therefore unknown if these Cases pertained to Massage, Bowling Balls, or Coffin Nails.

#47.   As this Patent Application demonstrates a Critical Specific Limitation, (i.e., New Type Modified Massage Applied to Active Gamblers) it would not be appropriate to rely solely on Prior Case Law to support an Obviousness Rejection.

#48.   The Examiner did cite 33 Court Cases in his opposition to this Patent.  The Board did cite 23 New and Different Cases.  The Plaintive will make a motion for some type of estoppels for the Judges' decision.  One should not be subjected to double jeopardy or endless opposing prosecution of a Patent Application.

#49.   The total number of Cases cited against this Patent Application is 56.  This high number does indicate a "shot gun" approach and a lack of Certainty or Confidence by the Department in supporting their "spirited" and zealous attack of the instant Patent Application and shows an effort to "Piece Together" a Case of 103 Obviousness where none exists.

#50.   The Attached Applicants Statement to the Board of Appeals (Section D) does list EVIDENCES OF NONOBVIOUSNESS in categories of "Greater than Expected Results", "Superiority of a Property Shared with the Prior Art", "Absence of an Expected Property", "Presence of an Unexpected Property" (Page D-2, #9) (Page D-3, #2,3,5,6,7)

#51.   The Examiners answer to Plaintive Appeal brief did not answer, and effectively ignored 14 pages containing 27 Arguments, 16 MPEP References and 5 other References,

Alleging that they were "as a group" merely a "General Allegation". This lack of answer

brought No Comment form the Board.

#52.   Other Evidences and Documents from the File wrapper and Applicants Statement

to the Board of Appeals may well be provided as exhibits to the Court and Jury.

#53.   The Plaintive will confine his presentation to the "Merits of the Case".

#54.   With the Courts Permission the Plaintive will invite "Friend of the Court Briefs"

from M.A.D., A.C.L.U., A.C.L.J. and the like.

#55.   Plaintive will submit a Motion for Subpoena of the Case File Wrapper to be

delivered to this Court for the Judges review and as a source and exhibit for the Jury.

(File now approaching 400+ pages)

<u>Relief Requested</u>

Plaintive does request;

#1.   That this Court approve the Patent Application as submitted, reversing the U.S.C.

103 Rejection by the Department and instruct the Department to issue the instant Patent

without delay and without raising other issues.

#2.   That this Court interpret Claim #1 to be Massage Attendants of the    Gambling

Casino and <u>not</u> any other persons or in the alternative, order that

Claim #1 and #2 ~~leaving~~ *be Combined* ~~#3 as is~~, but renumbered to be #2 (There would be only    Claim

#1, and Claim #2, no Claim#3), ....... thus eliminating any confusion

as to the identity of the Massage Attendant, Therapist.

*17*

#3.    That the Court award the Plaintive a Dollar amount of it's or the Jury's judgment

as an exemplentary or punitive award over the departments unorthodox prosecution of

this Case.                    Foot Note: Major Facts, There is No Prior Massage
                    on Active Subjects, There is No Prior Massage on
                    Casino Gambling Floor. 5 Face Value
Respectfully Submitted,  (constrained To Accept) Statments of Non Rebutted
                    evidence of Non Obviousness. 20 Face Value
                    (constrained To Accept) Statments of Non
Ned Harris Presley A.H.S.G. Rebutted evidence of Elements of this Action
                                                            NP
King James Bible---Proverbs 8:12 "I wisdom dwell with Prudence, and find out

knowledge of witty Inventions."


Date:  1-17-2006


Direct Communications to:              Ned Presley
                                       217 Paragon Pkwy #112
                                       Clyde N.C.  28721

                                       Phone: (407) 331-9014


Attached:
Applicants Statement
To The Board of Patent Appeals


18