UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NED H. PRESLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Case No. 06cv0104 (RJL) |
| | ) |
| United States Patent and Trademark Office, et al) | |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ANSWER**

Defendants United States Patent and Trademark Office, U.S. Attorney General, and U.S.

Attorney for the District of Columbia ("Defendants") hereby answer the Complaint as follows:

The paragraphs preceding Paragraph 1 of the Complaint (*i.e.*, Complaint pages 1-4)

purport to recite Plaintiff's Patent Application No. 10/073586, filed February 12, 2002 ("the '586

application"). Defendants deny those allegations to the extent they constitute averments of fact

for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted.

In response to the numbered Paragraphs of the Complaint, Defendants respond as

follows:

1.      Paragraph 1 contains legal conclusions to which an answer is not required. To the

extent that an answer is deemed required, Defendants deny the allegations.

2.      The first sentence of Paragraph 2 is denied. The second, third, fourth, and fifth

sentences of Paragraph 2 contain legal conclusions to which an answer is not required. To the

extent an answer is deemed required, Defendants deny the allegations.  The sixth sentence contains Plaintiff's characterization of his requested relief to which no response is required; to the extent one is deemed required, Defendants deny the allegations.  The seventh sentence of Paragraph 2 is admitted.

3.      The first sentence of Paragraph 3 contains Plaintiff's characterization of the '586 application to which an answer is not required.  To the extent that an answer is deemed required, Defendants deny the allegations.  The second sentence of Paragraph 3 contains Plaintiff's characterization of the administrative record for Application No. 10/073586 ("record") and Defendants respectfully refer the Court to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in the second sentence of Paragraph 3 insofar as they are inconsistent therewith.

4.      Paragraph 4 contains legal conclusions to which an answer is not required.  To the extent that an answer is deemed required, Defendants deny the allegations.

5.      Paragraph 5 contains legal conclusions to which an answer is not required.  To the extent that an answer is deemed required, Defendants deny the allegations.

6.      Paragraph 6 contains legal conclusions to which an answer is not required.  To the extent that an answer is deemed required, Defendants deny the allegations.

7.      Defendants admit the first sentence of Paragraph 7.  With respect to the second and third sentences of Paragraph 7, Defendants admit that page 17 of Plaintiff's Appeal Brief to the Board of Patent Appeals and Interferences ("Board") contains a statement of issues similar to those recited in these sentences but deny that the sentences are direct quotations of the statements appearing on page 17 of Plaintiff's Appeal Brief.  The fourth and fifth sentences of Paragraph 7

contain Plaintiff's characterization of the record and Defendants respectfully refer the Court to a true and correct copy of the Decision for the most complete and accurate statement of their contents. Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph 7 insofar as they are inconsistent therewith.

8.    The first sentence of Paragraph 8 contains Plaintiff's characterization of the November 22, 2005 Board Decision ("Decision") and Defendants respectfully refer the Court to a true and correct copy of the Decision for the most complete and accurate statement of their contents. Defendants deny the allegations contained in the first sentence of Paragraph 8 insofar as they are inconsistent therewith. With respect to the second sentence of Paragraph 8, Defendants admit that page 6 of the Decision contains the language quoted in the second sentence of Paragraph 8, but deny that the quoted language is a direct quotation of the Board decision at page 6.

9.    The first sentence of Paragraph 9 contains Plaintiff's characterization of the patent specification for Application No. 10/073,586 and Defendants respectfully refer the Court to a true and correct copy of the specification for the most complete and accurate statement of their contents. Defendants deny the allegations contained in the first sentence of Paragraph 9 insofar as they are inconsistent therewith. The second sentence of Paragraph 9 contains both legal conclusions and statements of requested relief to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

10.    Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

11.    Defendants admit that the only reference relied upon by the Board in rejecting Plaintiff's patent claims 1-3 under 35 U.S.C. § 103 is the "On-Site Stress Relief" reference ("On-Site"). Defendants deny the first sentence of Paragraph 11 to the extent it purports to make different or additional factual representations, and to the extent it contains legal conclusions. The remainder of Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

12.    Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

13.    Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

14.    Defendants deny the allegations contained in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15.    Defendants deny the allegations contained in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16.    Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

17.    Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

18.    Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

19.    Defendants are unclear what Plaintiff is referring to in the first sentence of Paragraph 19 and thus are unable to admit or deny the allegation. Furthermore, to the extent the

first sentence contains legal conclusions, no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.  The second and third sentences of Paragraph 19 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

20.     Defendants deny the allegations contained in the first sentence of Paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  The remainder of Paragraph 20 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

21.     The first sentence of Paragraph 21 contains Plaintiff's characterization of the record in this case and Defendants respectfully refer the Court to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in the first sentence of Paragraph 21 insofar as they are inconsistent therewith.  The second sentence of Paragraph 21 contains both legal conclusions and statements of requested relief to which no answer is required; to the extent an answer is deemed required, Defendants deny the allegations.

22.     Defendants deny the allegations contained in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23.     Paragraph 23 contains Plaintiff's characterization of the record in this case and Defendants respectfully refer the Court to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in the first sentence of Paragraph 23 insofar as they are inconsistent therewith.

24.    Defendants deny the allegations contained in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25.    Defendants deny the allegations contained in the first sentence of Paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  With respect to the second sentence of Paragraph 25, Defendants do not know what "Training Tape" Plaintiff is referring to and are not aware of any such tape in the record; therefore, Defendants cannot admit or deny the allegations contained in the second sentence of Paragraph 25.

26.    To the extent that Paragraph 26 is a statement of how Plaintiff intends to prosecute this action, no answer is required.  To the extent that Paragraph 26 is Plaintiff's characterization of the record, Defendants respectfully direct the Court to a true and accurate copy of the record for the most complete and accurate statement of its contents.  Defendant denies the allegations of Paragraph 26 insofar as they are inconsistent therewith.

27.    Paragraph 27 contains Plaintiff's requested relief to which no response is required, but to the extent a response is deemed required, Defendants deny the allegations.

28.    Paragraph 28 is a statement of how Plaintiff intends to prosecute this action, to which no answer is required.

29.    Paragraph 29 is a statement of how Plaintiff intends to prosecute this action, to which no answer is required.

30.    Paragraph 30 is a statement of how Plaintiff intends to prosecute this action, to which no answer is required..

31.     The allegations contained in Paragraph 31 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

32.     The allegations contained in Paragraph 32 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

33.     Defendants deny the allegations contained in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

34.     The first sentence of Paragraph 34 is a statement of how Plaintiff intends to prosecute this action, to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.  Defendants deny the sixth, seventh, and eighth sentences of Paragraph 34.  The second, third, fourth, fifth, eighth, and ninth sentence of Paragraph 34 constitute Plaintiff's characterization of the November 15, 2005 hearing before the Board.  Defendants deny the allegations contained therein insofar as they are inconsistent with the written record (particularly the Board Decision) or refer to materials not properly part of the administrative record.  Defendants further deny all allegations contained in Paragraph 34 to the extent they are not contained in writing in the administrative record.

35.     Paragraph 35 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

36.     Paragraph 36 contains Plaintiff's requested relief to which no response is required, but to the extent a response is deemed required, Defendants deny the allegations.

37.     Paragraph 37 contains statements regarding Plaintiff's anticipated future conduct in the course of this action, to which no answer is required.

38.     Paragraph 38 contains legal conclusions to which no answer is required.  To the extent and an answer is deemed required, Defendants deny the allegations.

39.     The first and fourth sentences of Paragraph 39 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.  Defendants deny the allegations contained in the second and third sentences of Paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40.     Paragraph 40 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

41.     Paragraph 41 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.  Furthermore, the first sentence of Paragraph 41 contains Plaintiff's characterization of the record and Defendant's respectfully direct the Court to a true and accurate copy of the record for the most true and accurate statement of its content.

42.     Paragraph 42 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.  Furthermore, the first sentence of Paragraph 42 contains Plaintiff's characterization of the record and Defendants respectfully direct the Court to a true and accurate copy of the record for the most true and accurate statement of its content.

43.     Paragraph 43 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

44.    Defendants admit the allegations contained in the first and second sentences of Paragraph 44.  Defendants deny the allegations contained in the third sentence of Paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, but admit that Las Vegas, Nevada is a "Honeymoon Center."  The fourth sentence of Paragraph 44 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

45.    Paragraph 45 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

46.    Paragraph 46 constitutes Plaintiff's characterization of conversations he allegedly had with an Examiner on an unidentified date.  To the extent that those conversations are not reflected in writing in the record, Defendants deny the allegations.  To the extent that Paragraph 46 constitutes Plaintiff's characterizations of a telephone conversation memorialized in the written record, Defendants respectfully direct the Court's attention to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in Paragraph 46 insofar as they are inconsistent therewith or refer to materials not properly part of the administrative record.

47.    Paragraph 47 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

48.    The first and second sentences of Paragraph 48 constitute Plaintiff's characterizations of the administrative record and Defendants respectfully direct the Court's attention to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in the first and second sentences of

- 9 -

Paragraph 48 insofar as they are inconsistent therewith.  The remainder of Paragraph 48 constitutes conclusions of law to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

49.    The first sentence of Paragraph 49 constitutes Plaintiff's representation as to the contents of the administrative record and Defendants respectfully direct the Court's attention to a true and correct copy of the record for the most complete and accurate statement of their contents.  Defendants deny the allegations contained in the first sentence of Paragraph 49 insofar as they are inconsistent therewith.  The second sentence of Paragraph 49 constitutes both Plaintiff's characterization of the Board Decision and a conclusion of law, neither of which requires an answer.  To the extent an answer is deemed required, Defendants deny the allegations.

50.    The first sentence of Paragraph 50 contains Plaintiff's characterizations of the Exhibit attached to the Complaint and conclusions of law, neither of which requires an answer.  To the extent  an answer is deemed required, Defendants deny the allegations.

51.    Paragraph 51 contains Plaintiff's characterization of the Examiner's Answer and Board Decision and Defendants respectfully direct the Court's attention to a true and correct copy of the record for the most complete and accurate statement of their contents.

52.    Paragraph 52 contains statements regarding Plaintiff's anticipated future conduct in the course of prosecuting this action, to which no answer is required.

53.    Paragraph 53 contains statements regarding Plaintiff's anticipated future conduct in the course of this action, to which no answer is required.

54.    Paragraph 54 contains statements regarding Plaintiff's anticipated future conduct in the course of this action, to which no answer is required.

55.    Paragraph 55 contains statements regarding Plaintiff's anticipated future conduct in the course of this action, to which no answer is required.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief from Defendant.

All allegations of the Complaint not expressly admitted in this Answer are denied.

Pursuant to 35 U.S.C. § 145, Plaintiff is obligated to reimburse the Defendants for all reasonable expenses incurred in defending this action, regardless of whether the final decision is in favor of Defendants.

AFFIRMATIVE DEFENSE

The Attorney General and the United States Attorney are not proper parties in this action.

**WHEREFORE**, having fully answered, Defendants aver that Plaintiff is not entitled to any of the relief requested, or to any relief whatsoever, and Defendants respectfully request that the Court affirm the decision of the Board, award Defendants their costs, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451048
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20001
(202) 514-6970

Of Counsel:

John M. Whealan
Solicitor

Robert J. McManus
Sydney Johnson
Associate Solicitors

U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of April, 2006, a copy of the foregoing Answer was mailed, postage prepaid to plaintiff, pro se
Ned H. Presley
217 Paragon Pkwy, #112
Clyde, NC 28712        .

_____
Rhonda C. Fields
Assistant United States Attorney

,