UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NED H. PRESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 06cv0104 (RJL) |
| v. ) | |
| ) | |
| UNITED STATES PATENT ) | |
| AND TRADEMARK OFFICE, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REQUEST FOR TIME TO FILE A MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, DISMISSAL AND REMAND**

Pursuant to the Court's Minute Entry dated June 26, 2006, Defendant hereby requests 60 days to file a motion seeking summary judgment or, in the alternative, remand to the United States Patent and Trademark Office ("USPTO") for consideration of newly discovered references.

**BRIEF STATEMENT OF FACTS**

Plaintiff filed the underlying action under 35 U.S.C. § 145 requesting review of the decision of the USPTO's Board of Patent Appeals and Interferences ("Board") affirming the rejection of claims 1-3 of United States Application Serial No. 10/073586 ("the '586 application"). Plaintiff's application was filed on February 12, 2002. *See* Administrative Record Certification page. Independent claim 1 broadly claims giving upper-body massage to individuals while they gamble in casinos in order to provide stress relief/relaxation. See Board Opinion at p. 2. Claims two and three add, respectively, utilizing uniforms designed by the casino and advertisement and promotion by the casino. *Id.*

In its decision, the Board held that claims 1-3 would have been obvious under 35 U.S.C. § 103(a) in view of the "On-Site Stress Relief" reference and Plaintiff's admission at the Board hearing. Board Opinion at p. 4-9.  The "On-Site" reference teaches giving different types of massage (chair and table) in different locations.  *Id.* at p. 6-7.  Additionally, Plaintiff admitted during the Board hearing that at the time he filed his application, it was well known to those of ordinary skill in the art that persons not associated with a casino gave individuals upper-body massages while they gambled.  *Id*. at p. 7.

The Board also noted that it reasonably appeared that the claimed process lacked novelty under 35 U.S.C. § 102(a), and left it to the examiner to consider lack of novelty "upon any further prosecution of the appealed claims subsequent to the disposition of this appeal."  Board Opinion at p. 10.

After the instant complaint was filed, the PTO discovered additional prior art references that were not before the Patent Examiner and the Board.  These newly found references support the Board's determination of unpatentability of claims 1-3 under 35 U.S.C. §103.  In addition the new references would support a new rejection for lack of novelty.  The new information identified to date is a follows:

> a December 26, 2001 UPI News article about the Harrah's casino in Atlantic City: "There's a private club for premium players . . . which is 177 slot machines set aside for true fanatics. (The chairs massage you as you drop up to $100 per spin. . . .)" UPI Article;.
>
> a May 27, 1989 Associated Press article about the "Monte Carlo Casino" at the Trump Castle Hotel and Casino:  "The 'Monte Carlo Ambassadors' - butlers in tuxedos - will provide every amenity:  light snacks, slippers for tired feet, a neck massage . . . ." AP Article;

an October 5, 1997 Press-Telegram Article about women poker players: "Traditionally, poker players of either sex get special treatment at card clubs and casinos, says Waggoner. "For example, a masseuse will come around and give you a shoulder massage at the table. We poker players like to be pampered." Press-Telegram Article;

Newman et al, U.S. Patent No. 6,049,748, dated April 11, 2000, which pertains to a system to massage an individual's back while driving a vehicle. Newman Patent.

## ARGUMENT

With respect to the newly discovered references, the USPTO, after receiving the underlying Complaint, discovered the new evidence that could impact the patentability of Plaintiff's claims. The USPTO has a continuing obligation to assure that any issued patents are valid. *See Blacklight v. Rogan*, 295 F.3d 1269, 1273 (Fed. Cir. 2002) (the "object and policy of the patent law require issuance of valid patents").

Defendant believes that this case can be resolved on summary judgment. Defendant's summary judgment motion would demonstrate that the Board properly concluded that claims 1-3 were obvious based on the prior art of record. Additionally, the newly discovered references buttress the Board's obviousness decision pursuant to §103.

If this Court were to carry out the arduous exercise of reviewing the existing rejections of Plaintiff's patent claims and were to reverse the existing rejections– without consideration of the new information, the USPTO would be obligated to reopen the prosecution upon remand to consider the new evidence . *See In re Gould*, 673 F.2d 1385, 1386 (CCPA 1982) (the USPTO can always reopen prosecution of an *ex parte* application after judicial review and cite new references); *McNeely v. Commission of Patents,* 334 F.Supp. 564 (D.C.C. 1971)(even though litigant has prevailed in a §145

hearing, Patent Office may reconsider application in light of new references not considered in original Patent Office rejection.)

Mindful of these principles, the USPTO in some cases has raised and the court has considered new references in § 145 actions. *See, e.g.*, *Standard Havens, Inc., v. Manbeck*, 1994 U.S. Dist. LEXIS 21051, *6 (D.D.C. Jun. 1, 1994) (citing to other § 145 cases examining newly discovered references).

However, remand repeatedly has been utilized in prior § 145 actions to permit the USPTO to examine new prior art in the first instance so that the Court may "benefit from the Patent Office's technical expertise in assessing the art." *ExxonMobil Chem. Patents Inc. v. Godici*, Civ. Action No. 01-377 (HHK), Mem. Op. at 5-6 (D.D.C. Feb. 12, 2002) (citing other D.D.C. cases that were remanded to the USPTO after discovery of additional prior art for further examination).

Additionally, not before the Court is any Board decision on novelty. Thus, even were the Court to decide §103 rejections were not sufficient, the PTO still would be able to examine the application on the ground of rejection not previously made by the examiner or decided by the Board, that is lack of novelty.

Remand prior to discovery or a decision on dispositive motions promotes judicial economy because remand may result in resolution of the patent application without the Court's intervention, and remand would allow the Court the benefit of the Patent Office's expertise concerning the new information.

The interests of the Plaintiff also would be served by entertaining Defendant's motion for summary judgement or remand before beginning discovery and trial in this matter. If the Court should grant either portion of Defendant's motion at the outset of this action plaintiff would be

spared expending the time and resources associated with unnecessary discovery and (potentially) trial. Pursuant to 35 U.S.C. § 145, all expenses incurred by Defendant relating to this action (including any discovery and experts) shall be paid by the Plaintiff, even if he prevails on the merits. A successful summary judgment/remand motion would moot any discovery and trial, thereby avoiding the related expenses to Plaintiff. Remand also would allow consolidation of all grounds of rejection based on the new evidence. If the examination on remand did not cause plaintiff to abandon the patent application, it could spare plaintiff the prospect of two rounds of litigation in this court.

## CONCLUSION

Accordingly, for the reasons set forth above, the USPTO requests 60 days in which to file a motion seeking summary judgment or, alternatively, dismissal and remand to the USPTO.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 30th day of June, 2006, a copy of the foregoing Defendant's Request for Time to File a Motion for Summary Judgment Or, in the Alternative, Dismissal and Remand was mailed, postage prepaid to plaintiff pro se

NED H. PRESLEY
217 Paragon Parkway
Apartment 112
Clyde, NC 28721

and by fax to 828-452-3982

              _____

              Rhonda C. Fields

              Assistant United States Attorney