The opinion in support of the decision being entered today was *not* written for publication and is *not* binding precedent of the Board.

Paper No. 26

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

MAILED
NOV 2 2 2005
U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

*Ex parte* NED HARRIS PRESLEY, *pro se*

Appeal No. 2005-2038
Application 10/073,586

HEARD: November 15, 2005

Before KIMLIN, PAK and WARREN, *Administrative Patent Judges*.

WARREN, *Administrative Patent Judge*.

*Decision on Appeal*

This is an appeal under 35 U.S.C. § 134 from the decision of the examiner finally rejecting claims 1 through 3,[1,2] all of the claims in the application.

---

[1] Pursuant to the Order Returning Undocketed Appeal To Examiner by the Board entered on October 28, 2004 (Paper No. 19), the examiner states in the supplemental examiner's answer mailed February 22, 2005 (Paper No. 20), that the claims of record, and thus on appeal, are the claims submitted by Appellant Presley in the amendment filed May 19, 2003 (Paper No. 6)

[2] The examiner states in the examiner's answer mailed May 5, 2004 (Paper No. 17; hereinafter answer), that "[t]he amendment after final rejection filed on 11/3/03 and entitled 'Required Reply to Substance of the interview of June 20 and Amendment and Response' by Appellant on pg. 3, ln. 8 of his Brief, has not been entered" (page 2). However, we find from page 4 of the answer and from the advisory action mailed May 4, 2004 (Paper No. 16, page 2-3), that while the examiner did not enter the proposed claims and the proposed changes to the drawings presented by Appellant Presley in said document filed with the brief on November 3, 2004 (Paper No. 13),

Appeal No. 2005-2038
Application 10/073,586

Claims 1 through 3 illustrate Appellant Presley's invention of a gambling casino process:

1. A new gambling casino process, which comprises stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino areas, including tables, machines, sports book and keno areas.

2. A new gambling casino process according to claim 1: utilizing uniforms or costumes as designated by the casino.

3. A new gambling casino process according to claim 1; advertised and promoted by the casino.

The reference relied on by the examiner is:

On-Site Stress Relief, Inc., "Chair Massage Directly to You" (August 9, 1997), http://www.ilv.com/ossr (hereinafter On-Site).

The examiner has advanced the following grounds of rejection on appeal:

claims 1 through 3 stand rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention (answer, pages 3, 4-5 and 8); and

claims 1 through 3 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over On-Site (answer, pages 3-4, 5-8, 8-9 and 9-10).[3]

Appellant Presley presents argument with respect to each of the appealed claims in the brief. Thus, we decide this appeal based on appealed claims 1 through 3. 37 CFR § 1.192(c)(7) (2003); *see also* 37 CFR § 41.37(c)(1)(vii) (September 2004).

We affirm the ground of rejection under 35 U.S.C. § 103(a), and we reverse the ground of rejection under 35 U.S.C. § 112, second paragraph. Accordingly, the decision of the examiner is affirmed.

Rather than reiterate the respective positions advanced by the examiner and Appellant Presley, we refer to the answer and to the brief for a complete exposition thereof.

---

the examiner did enter and consider the remainder of the document, including arguments and supporting authorities, affidavits and declarations. As the examiner points out in the answer (pages 4-5), the refusal to enter the proposed claims and the amendments to drawings are petitionable matters that are not reviewed on appeal. *See* Manual of Patent Examining Procedure (MPEP) §§ 1002.02(c) and 1201 (8th ed., Rev. 2, May 2004; 8th ed., Rev. 3, August 2005).

[3] The examiner states in the answer that the ground of rejection under 35 U.S.C. § 101 has been withdrawn (pages 3, 5 and 8) and thus, the examiner's statement with respect to such ground in the answer is moot (page 9).

- 2 -

Appeal No. 2005-2038
Application 10/073,586

*Opinion*

In order to review the grounds of rejection we must first interpret appealed claims 1 thorough 3 by giving the terms thereof the broadest reasonable interpretation in their ordinary usage as they would be understood by one of ordinary skill in the art in light of the written description in the specification, unless another meaning is intended by appellant as established in the written description of the specification, and without reading into the claims any limitation or particular embodiment disclosed in the specification. *See, e.g., In re Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364, 70 USPQ2d 1827, 1830 (Fed. Cir. 2004); *In re Morris*, 127 F.3d 1048, 1054-55, 44 USPQ2d 1023, 1027 (Fed. Cir. 1997); *In re Zletz*, 893 F.2d 319, 321-22, 13 USPQ2d 1320, 1322 (Fed. Cir. 1989).

We determine that the plain language of appealed claim 1 specifies a business method for a gambling casino which comprises at least the step of applying massage or manipulation by any person, whether or not associated with the casino, to the upper-body of gamblers to any extent while they are gambling in the casino, in a manner which provides stress relief and/or relaxation to the gambler. We determine that the plain language of appealed claim 2 specifies that the method step of claim 1 is performed utilizing uniforms or costumes as designated by the casino, which one of ordinary skill in this art would understand to encompass a person associated with the casino dressed in such uniform or costume specified by the casino while applying the massage or manipulation to the upper-body of gamblers while they are gambling in the casino. We determine that the plain language of appealed claim 3 specifies that the method step of claim 1 is advertised or promoted in any manner by the casino.

The ground of rejection of appealed claims 1 through 3 under 35 U.S.C. § 112, second paragraph, is based solely on the examiner's determination that "[t]he form of the claims is in apt [*sic*] in that there is no transitional phrase to clearly distinguish between the preamble and the body of the claim," and thus "[l]acking proper claim form, one cannot readily determine the scope of the claim [*sic*, claims]" (answer, page 3). We cannot agree.

The initial burden of establishing a *prima facie* case on any ground under the second paragraph of § 112 rests with the Examiner. *See In re Oetiker*, 977 F.2d 1443, 1445, 24 USPQ2d 1443, 1444 (Fed. Cir. 1992*), citing In re Piasecki*, 745 F.2d 1468, 1472, 223 USPQ 785, 788

Appeal No. 2005-2038
Application 10/073,586

(Fed. Cir. 1984) ("As discussed in *In re Piasecki*, the examiner bears the initial burden, on review of the prior art or on any other ground, of presenting a *prima facie* case of unpatentability."). In making out a *prima facie* case of non-compliance with under § 112, second paragraph, on the basis that a claim is indefinite for failing to particularly point out and distinctly claim the subject matter which appellant regards as the invention, the examiner must establish that when the language of the claim is considered as a whole as well as in view of the written description in the specification as it would be interpreted by one of ordinary skill in the art, the claim in fact fails to set out and circumscribe a particular area with a reasonable degree of precision and particularity. *In re Moore*, 439 F.2d 1232, 1235, 169 USPQ 236, 238 (CCPA 1971). We find that the examiner has failed to establish that, *prima facie*, appealed claims 1 through 3 fail to comply with § 112, second paragraph. Indeed, it is apparent from our interpretation of the language of the claims that one of ordinary skill in this art would have arrived at a reasonable interpretation thereof upon considering the claim language as a whole and in light of the written description in the specification as it would be interpreted by this person. Thus, we find that the claims in fact set out and circumscribe a particular area with a reasonable degree of precision and particularity such that one skilled in the art would understand the metes and bounds of what is claimed. *See The Beachcombers, Int'l. v. WildeWood Creative Prods.*, 31 F.3d 1154, 1158, 31 USPQ2d 1653, 1656 (Fed. Cir. 1994); *Moore, supra*.

While it may be, as the examiner points out, that the claims can be worded in a more customary, formal manner, the claims nonetheless comply with 35 U.S.C. § 112, second paragraph, and thus, the matter raised by the examiner should be addressed as one of objection rather than rejection. *See* MPEP §§ 608.01(m), 706.01, 706.03(c) and 1201 (8th ed., Rev. 2, May 2004) and 1201 (8th ed., Rev. 2, May 2004; 8th ed., Rev. 3, August 2005).

Accordingly, we reverse the ground of rejection of appealed claims 1 through 3 under 35 U.S.C. § 112, second paragraph.

We now consider the ground of rejection of appealed claims 1 through 3 under 35 U.S.C. § 103(a). We have carefully reviewed the record on this appeal and based thereon find ourselves in agreement with the decision of the examiner that, *prima facie*, the claimed business method for a gambling casino encompassed by appealed claims 1 through 3 would have been obvious

Appeal No. 2005-2038
Application 10/073,586

over Appellant Presley's admissions with respect to knowledge generally known in the art and the On-Site advertisement to one of ordinary skill in this art at the time the claimed invention was made. Accordingly, since a *prima facie* case of obviousness has been established, we have again evaluated all of the evidence of obviousness and nonobviousness based on the record as a whole, giving due consideration to the weight of Appellant Presley's arguments and the evidence in the submitted affidavit by Dr. C. Ed Warren as relied on in the brief.[4] *See generally, Oetiker*, 977 F.2d at 1445, 24 USPQ2d at 1444; *Piasecki*, 745 F.2d at 1472, 223 USPQ at 788.

It is well settled that in order to establish a *prima facie* case of obviousness under § 103(a), the examiner must show that some objective teaching, suggestion or motivation in the applied prior art taken as a whole and/or knowledge generally available to one of ordinary skill in this art would have led that person to the claimed invention as a whole, including each and every limitation of the claims arranged as required by the claims, without recourse to the teachings in appellant's disclosure. *See generally, In re Rouffet*, 149 F.3d 1350, 1358, 47 USPQ2d 1453, 1458 (Fed. Cir. 1998); *Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1573, 37 USPQ2d 1626, 1629-30 (Fed. Cir. 1996); *In re Fine*, 837 F.2d 1071, 1074-76, 5 USPQ2d 1596, 1598-1600 (Fed. Cir. 1988); *In re Dow Chem. Co.*, 837 F.2d 469, 473, 5 USPQ2d 1529, 1531 (Fed. Cir. 1988) ("The consistent criterion for determination of obviousness is whether the prior art would have suggested to one of ordinary skill in the art that [the claimed process] should be carried out and would have a reasonable likelihood of success viewed in light of the prior art. [Citations omitted] Both the suggestion and the expectation of success must be founded in the prior art, not in the applicant's disclosure."); *see also In re O'Farrell*, 853 F.2d 894, 903-04, 7 USPQ2d 1673, 1680-81 (Fed. Cir. 1988) ("Obviousness does not require absolute predictability of success. . . . There is always at least a possibility of unexpected results, that would then provide an objective basis for showing the invention, although apparently obvious, was in law nonobvious. [Citations omitted.] For obviousness under § 103, all that is required is a reasonable expectation of success. [Citations omitted.]"); *In re Keller*, 642 F.2d 413, 425, 208 USPQ 871, 881 (CCPA 1981)("The test for obviousness is not whether the features of a

---

[4] Appellant Presley relied on the affidavit of Dr. Warren dated August 14, 2003, and notarized on August 15, 2003, filed November 3, 2003 (*see above* note 2), at page 18 of the brief.

Appeal No. 2005-2038
Application 10/073,586

secondary reference may be bodily incorporated into the structure of the primary reference; nor is it that the claimed invention must be expressly suggested in any one or all of the references. Rather, the test is what the combined teachings of the references would have suggested to those of ordinary skill in the art.").

Appellant Presley makes the following admissions in his specification with respect to knowledge generally known in the casino gambling arts at the time the claimed invention was made:[5] "[m]any enticements, promotions, attractions, incentives, awards and rewards are used by gambling casinos to attract gamblers to the casino and to keep them gambling . . . with out interruption as long as possible;" "the most prominent stress relief and relaxer, incentive . . . to gamblers to continue the gambling session has been the liberal serving of free or low cost alcoholic drinks;" and "[p]rior to this new invention all massage and relaxing types of services have been available only in certain hotel, spa and salon areas set apart from the gambling casino, . . . resulting in an interruption of the gambling session and reduced yields" (page 1).

We find that On-Site would have disclosed to one of ordinary skill in this art a business method wherein stress relief upper-body massage services are "delivered" to "just about anywhere," wherein the advertised massage services are "chair massage" and "table massage" and the recipient of a "chair massage" is shown in an "inactive" state.[6] In this respect, we agree with Appellant Presley that one of ordinary skill in this art would not have inferred from On-Site that the advertised massage services are provided to a recipient that is physically involved in a task. We find that Dr. Warren's testimony, that "in a casino environment, . . . [n]o therapy to my

---

[5] See In re Nomiya, 509 F.2d 566, 570-71, 571 n.5, 184 USPQ 607, 611, 611 n.4 (CCPA 1975) ("We see no reason why appellants' representations in their application should not be accepted at face value as admissions that Figs. 1 and 2 may be considered "prior art" for any purpose, including use as evidence of obviousness under § 103. [Citations omitted.] By filing an application containing Figs. 1 and 2, labeled prior art, *ipsissimis verbis*, and statements explanatory thereof, appellants have conceded what is to be considered as prior art in determining obviousness of their improvement.").

[6] It is well settled that a reference stands for all of the specific teachings thereof as well as the inferences one of ordinary skill in this art would have reasonably been expected to draw therefrom, see In re Fritch, 972 F.2d 1260, 1264-65, 23 USPQ2d 1780, 1782-83 (Fed. Cir. 1992); In re Preda, 401 F.2d 825, 826, 159 USPQ 342, 344 (CCPA 1968), presuming skill on the part of this person. In re Sovish, 769 F.2d 738, 743, 226 USPQ 771, 774 (Fed. Cir. 1985).

Appeal No. 2005-2038
Application 10/073,586

knowledge is executed while the subject is engaged in the 'stressor' situation" of gambling, establishes that Dr. Warren does not personally know of an instance where massage therapy is applied to a gambler by a person associated with a gambling casino while the gambler is gambling.[7]

However, Appellant Presley admitted at oral hearing it was known at the time the claimed invention was made that upper-body massage is used as an attraction by different businesses, including hair salons, and that persons *not* associated with the gambling casino, that is, another gambler or an associate of the gambler, have applied stress relief and/or relaxing types of upper-body massage-manipulation to the gambler while he/she was in the act of gambling in the casino.

Appellant Presley contends that the claimed method of doing business in a gambling casino would have been unobvious to one of ordinary skill in this art at the time the claimed invention was made because On-Site teaches away from the claimed method involving upper-body massage while the recipient is actively involved in a task, and there was a long-felt need for the claimed business method in the casino gambling business. We cannot agree with Appellant Presley that the claimed method would have been unobvious to one of ordinary skill in the art at the time it was made as required by § 103(a).

On this record, known business methods for a gambling casino are offering desirable incentives to attract and retain gamblers, involving goods and services, including alcoholic beverages, desired by gamblers who otherwise would pay, at least to some extent, for such goods and service if not freely available, and selling or otherwise providing upper-body massage therapy services for stress relief. In the latter respect, known business methods for different businesses provided upper-body massage services for sale, as evinced by On-Site, and offer free upper-body massage as an attraction for customers, in which the recipient is *not* actively involved in a task.

We take notice of the well known strong competition among casinos for gamblers which is reflected in the goods and services provided by the casino, such as shows featuring popular entertainers and highly rated food services in addition to the food and beverage services provided on the floor, which competition is admitted by Appellant Presley in the brief (e.g., page 21).

---

[7] The Merriam-Webster Online Dictionary defines "stressor" as "a stimulus that causes stress."

Appeal No. 2005-2038
Application 10/073,586

Thus, one of ordinary skill in the casino gambling business methods arts would have been confronted with the problem of providing competitive incentives to attract and retain gamblers.[8] The business method for casino gambling of providing upper-body massage services in non-gambling areas of the casino was known. We find that, as admitted by Appellant Presley, one can readily observe persons not associated with the casino applying limited upper-body massage to gamblers as they are gambling, that is, in the act of gambling, and thus, this observation would have been readily made by one of ordinary skill in the casino gambling business methods arts. This person further was armed with the knowledge generally available in the art that upper-body massage services are provided in other areas of the casino, are used as an incentive in other business methods and are the principal business method for businesses such as On-Site.

Thus, on this record, we determine that one of ordinary skill in the casino gambling business methods arts would have been motivated to provide limited upper-body massage service to gamblers as they are gambling in the reasonable expectation of providing the gambler with an incentive to continue gambling at the casino, and would have supplied uniforms or costumes to identify the provider as associated with the casino and advertised the upper-body massage process to attract other gamblers. Therefore, one of ordinary skill in the casino business methods arts armed with the knowledge generally available in the art and knowledge of the use of upper-body massage incentives and the sale of such services in other businesses, would have reasonably arrived at the claimed business method for a gambling casino encompassed by the appealed claims, including all of the limitations thereof arranged as required therein, without recourse to Appellant Presley's disclosure in the application. *See, generally, Pro-Mold*, 75 F.3d at 1573, 37 USPQ at 1629-30 ("In this case, the reason to combine [the references] arose from the very nature of the subject matter involved, the size of the card intended to be enclosed.").

We are not persuaded otherwise by Appellant Presley's arguments. We find no evidence in On-Site which would have taught away from the claimed invention as argued (brief, e.g., pages 17, 17b, 17d, 20 and 24-25). In this respect, we found above that, as Appellant Presley

---

[8] *See In re Nomiya*, 509 F.2d 566, 574, 184 USPQ 607, 613 (CCPA 1975) ("The significance of evidence that a problem was known in the prior art is, of course, that knowledge of a problem provides a reason or motivation for workers in the art to apply their skill to its solution.").

Appeal No. 2005-2038
Application 10/073,586

admits, it was known and readily observable that a gambler can gamble while an upper-body massage is applied, and On-Site contains no disclosure which criticizes, discredits or otherwise discourages this activity simple because in the upper-body massage services advertised the recipient is not actively engaged in a task. *See In re Fulton*, 391 F.3d 1195, 1201, 73 USPQ2d 1141, 1145-46 (Fed. Cir. 2004).[9] We further point out that the arguments based on the necessity to obtain licenses to provide upper-body massage services in gambling areas of a casino (brief, e.g., page 18), do not establish that one of ordinary skill in the in the casino gambling business methods arts would have been led away from the claimed business method by this common business hurdle.

The argument that the claimed business method satisfies a long felt need is not based on objective evidence establishing a long-felt need in the casino industry for a business method of applying upper-body massage to a gambler while gambling which others in the same business area had tried to solve without success, but on the well known, subjective business need of the casino industry to "actively purpose and seek improved gambler attraction and longer gamble 'play time'" (brief, page 21). In this respect, Appellant Presley contends that "[c]asino management personnel almost never have the background and knowledge from the experience of the <u>gamblers side of the table</u>[,] . . . contributing to their underestimation of the <u>gamblers stress and fatigue</u> levels" and thus, would not have appreciated the "enthusiastic value" of the claimed business method "to gamblers to continue and extend their gambling sessions uninterrupted" (brief, pages 21-22). Indeed, such subjective statements suggest that a need for a business method such as that claimed is not recognized by the casino industry. Thus, on this record, Appellant Presley has not established with objective evidence any nexus, that is, direct connection, between the claimed business method encompassed by appealed claims 1 through 3, and a specific long-felt need in the casino industry for that business method. *See, e.g., WMS*

---

[9] *See also In re Gurley*, 27 F.3d 551, 552-53, 31 USPQ2d 1130, 1131-32 (Fed. Cir. 1994) ("A reference may be said to teach away when a person of ordinary skill, upon reading the reference would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the path that was taken by the applicant. The degree of teaching away will of course depend on the particular facts; in general, a reference will teach away if it suggests that the line of development flowing from the reference's disclosure is unlikely to be productive of the result sought by the applicant. [Citations omitted.]").

Appeal No. 2005-2038
Application 10/073,586

*Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359-60, 51 USPQ2d 1385, 1400 (Fed. Cir. 1999); *Gambro Lundia AB v. Baxter healthcare Corp.*, 110 F.3d 1573, 1579, 42 USPQ2d 1378, 1384 (Fed. Cir. 1997).

Accordingly, based on our consideration of the totality of the record before us, we have weighed the evidence of obviousness found in the knowledge in the art and On-Site with Appellant Presley's countervailing evidence of and argument for nonobviousness and conclude that the claimed invention encompassed by appealed claims 1 through 3 would have been obvious as a matter of law under 35 U.S.C. § 103(a).

The examiner's decision is affirmed.

*Other Issues*

While we are in agreement with the examiner that one of ordinary skill in this art armed with the knowledge in the art as admitted by Appellant Presley and the teachings of On-Site would have arrived at the claimed invention without recourse to Appellant Presley's application, we must point out the following. We determined above that the step of applying upper-body massage to gambler as they are gambling specified in the claimed business method encompassed by appealed claim 1 can be performed by any person, whether or not associated with the casino. We further found above that Appellant Presley admitted at oral hearing that persons *not* associated with the gambling casino have applied stress relief and/or relaxing types of upper-body massage-manipulation to the gambler while he/she was in the act of gambling in the casino. Thus, it reasonably appears that such persons would have performed the claimed casino gambling process before the claimed invention was made, and therefore, the claimed invention was known or used by others in this country before the invention thereof by Appellant Presley which establishes a lack of novelty of the claimed process encompassed by appealed claim 1 under the provision of 35 U.S.C. § 102(a).

We leave it to the examiner to consider this matter upon any further prosecution of the appealed claims subsequent to the disposition of this appeal.

Appeal No. 2005-2038
Application 10/073,586

No time period for taking any subsequent action in connection with this appeal may be extended under 37 CFR § 1.136(a)(1)(iv) (September 2004).

*AFFIRMED*

EDWARD C. KIMLIN )
Administrative Patent Judge )
)
)
)
)
CHUNG K. PAK ) BOARD OF PATENT
Administrative Patent Judge ) APPEALS AND
) INTERFERENCES
)
)
CHARLES F. WARREN )
Administrative Patent Judge )

- 11 -

Appeal No. 2005-2038
Application 10/073,586


Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707