RECEIVED
JUL 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NED H. PRESLEY,                          )<br>                                          )<br>         Plaintiff,                      )<br>                                          )<br>    v.                                   )      Civil Case No. 06cv0104 (RJL)<br>                                          )<br>United States Patent and Trademark Office )<br>                                          )<br>         Defendant.                      )<br>_____) | |

### DEFENDANT'S INITIAL DISCLOSURES

Defendant, through undersigned counsel, provides the plaintiff with the defendant's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2.

The following Initial Disclosures are based on information that defendant has been reasonably able to gather to date. Defendant has attempted to provide a comprehensive listing of all individuals and documents defendant may use to support her claims or defenses. Because the "may use" standard of Rule 26(a)(1) necessarily involves an exercise of judgement based upon the information presently known to counsel, defendant reserves the right to rely upon additional individuals and documents subject to defendant's compliance with the Rules governing supplementation of initial disclosures.

It may emerge upon further investigation that some of the individuals or documents listed may not have or contain discoverable information. Defendant reserves the right to object to discovery relating to any such individuals or documents as unduly burdensome or for other reasons if it emerges as defendant's investigation continues that they do not have discoverable information, that the discoverable information they have is minor or cumulative to information

available from other sources, or there is some other appropriate reason why they should not be subject to discovery.

By listing the following individuals and documents, defendant makes no representation that it vouches for or otherwise agrees with any information which they may provide or contain, and defendant reserves the right to develop and rely upon other information which may conflict with information they provide or contain. Likewise, defendant does not waive the attorney-client privilege, the work product privilege, or any other applicable privilege or protection.

**1(A). The name and if known the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subject of the information.**

1. Not applicable – Defendant believes that this matter is properly resolved based on the administrative record.

**1(B) A copy of or a description by category and location of, all documents, data compilations, and tangible items that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

1. The Administrative file from the PTO. Defendant understands that plaintiff has a copy of the administrative file. However, a copy of the certified administrative record which will be filed with the Court will be submitted to plaintiff.

**1(C) and (D) – not applicable.**

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. Bar #451058
        United States Attorney

        _____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        _____
        RHONDA C. FIELDS
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 514-6970

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2006, a copy of the foregoing Initial disclosure was sent by mail to

NED H. PRESLEY
217 Paragon Parkway
Apartment 112
Clyde, NC 28721

_____
Rhonda C. Fields
Assistant United States Attorney