UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NED H. PRESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 06cv0104 (RJL) |
| v. ) | |
| ) | |
| UNITED STATES PATENT ) | |
| AND TRADEMARK OFFICE, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION TO SUPPRESS-QUASH-BAR

Defendant respectfully submits this opposition to Plaintiff's "Motion to Suppress-Quash-Bar," asking this Court to exclude verbal admissions he made to the USPTO Board of Patent Appeals and Interferences ("Board"). Plaintiff's motion – which does not include a statement of any points of law and authority in support – should be denied for the reasons below.

### FACTUAL BACKGROUND

Plaintiff filed the underlying action under 35 U.S.C. § 145 requesting review of the decision of the USPTO's Board of Patent Appeals and Interferences ("Board") affirming the rejection of claims 1-3 of United States Application Serial No. 10/073586 ("the '586 application"). *See* Administrative Record Certification page. Independent claim 1 broadly claims giving upper-body massage from any person (whether or not associated with the casino) to individuals while they gamble to provide stress relief/relaxation. *See* Board Op. at 2. Claims

2 and 3, respectively, add utilizing uniforms designated by the casino, and advertisement and promotion by the casino. *See id.*

In its decision, the Board held that claims 1-3 would have been obvious under 35 U.S.C. § 103(a) in view of the "On-Site Stress Relief" reference and Plaintiff's admission at the Board hearing. *See* Board Op. at 4-9. The "On-Site" reference teaches giving different types of massage in different locations. *See id.* at 6-7. Further, Plaintiff admitted during the Board hearing that

> it was known at the time the claimed invention was made that upper-body massage is used as an attraction by different businesses, including hair salons, and that persons *not* associated with the gambling casino, that is, another gambler or an associate of the gambler, have applied stress relief and/or relaxing types of upper-body massage manipulation to the gambler while he/she was in the act of gambling in the casino.

*Id.* at 7; *see also id.* at 8.

## ARGUMENT

A claimed invention is obvious under 35 U.S.C. § 103 and thus not patentable when the evidence demonstrates that the knowledge generally available to those of ordinary skill in the art at the time the claimed invention was made would have reasonably suggested applicant's claimed invention. *See generally* Board Op. at 4-5 (discussing legal requirements for obviousness). A key obviousness factor is the "scope and content of the prior art." *Graham v. Deere*, 383 U.S. 1, 17 (1966) ("Under §103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved."). Multiple prior art references can form an obviousness rejection. Here, a panel of three Board judges correctly concluded that plaintiff's

claimed invention of giving upper-body massage to individuals while they gamble would have been obvious to one of ordinary skill in the art based upon the disclosure in the "On-Site" reference and plaintiff's own admission to the Board that the application of upper-body massages to gamblers by other gamblers and associates was well known in the art in 2002 (the time he filed his patent application).

In his suppression motion, Plaintiff attempts to "retract and disavow" his admission and asks this Court to bar his statement from this proceeding. It is well-settled, however, that an admission of prior art is binding upon a patent applicant and cannot be retracted. *See In re LoPresti*, 333 F.2d 932, 934 (C.C.P.A. 1964) (admission of prior art in brief cannot be overcome by affidavits ). Such admissions "may be considered 'prior art' for any purpose, including as evidence of obviousness under § 103." *See In re Nomiya*, 509 F.2d 566, 570-71 and n.5 (C.C.P.A. 1975) ("[T]here was no disagreement among the members of the court with the basic proposition that a statement by an applicant, whether in the application or in other papers submitted during prosecution, that certain matter is 'prior art' to him, is an admission that that matter is prior art for all purposes." ).

Plaintiff's contention that his statements were not "intended as an admission of prior art" is irrelevant. *See Nomiya*, 509 F.2d at 570 ("We see no reason why appellants' representations in their application should not be taken at face value as admissions."). Plaintiff's statements were admissions of fact and properly were considered by the USPTO. As the Board explained in *In re McGaughey*, 6 USPQ2d 1334, 1338 (BPAI 1988):

> [A]n admission relating to prior art is a fact which is part of the scope and content of the prior art which every examiner is required to consider . . . . To ignore such

> admitted facts would constitute an unwarranted restriction on the scope and content of the prior art.

And although Plaintiff now claims that he intended for his statements to have "a different scope" than given by the Board, he does not indicate what other meaning could be attributed to his statements that others had seen gamblers getting shoulder massages while gambling. Regardless, Plaintiff cannot alter the substantive import of his statements after the fact. *See LoPresti*, 333 F.2d at 934.

In addition to the binding nature of Plaintiff's admissions under patent law, Plaintiff has failed to show why his statements are not admissible in these proceedings as a party admission under Federal Rule of Evidence 801(d)(2). Plaintiff boldly accuses the Board of "extract[ing]" the statements by "entrapment by use of leading and veiled questions posed under pretext basis," but does not state factually how the Board's questioning was improper. All Plaintiff indicates is that the "hearing was under obligation to be 'on the Administrative Record' only." But it should hardly be surprising that the Board, in a hearing concerning the patentability of plaintiff's claims to having invented giving massages to gamblers, would ask Plaintiff questions about whether that subject matter was known in the art. Indeed, the very purpose of oral argument is for a discussion on the patentability of applicant's invention. It also bears emphasizing that the only reason there was an oral hearing was because Plaintiff affirmatively requested one. *See* Sept. 3, 2003 Request for Oral Hearing; MPEP § 1209 (appeal will be decided on the briefs absent a proper request for oral hearing). Having requested a hearing and presented himself to the Board, Plaintiff cannot now retract his answers.

To the extent that Plaintiff is alleging that his oral admissions should be excluded here because *this action* is limited to the written "administrative record," Plaintiff is incorrect. In referring to the "administrative record," Plaintiff may be referring to 37 C.F.R. § 1.2 ("Rule 2"):

> All business with the Patent and Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

Rule 2, however, does not control the admissibility of evidence before the District Court regarding proceedings before the USPTO. *See Promega Corp. v. Novagen, Inc.*, 6 F.Supp.2d 1004, 1026 (W.D. Wis. 1997) (Rule 2 does not bar admission of evidence regarding oral communications between applicant and the USPTO because it governs "proceedings in front of the patent office, not this court."). Indeed, judicial reliance on admissions and concessions of parties in oral argument is common. *See, e.g.*, *U.S. v. Lampkin*, 159 F.3d 607, 614 (D.C. Cir. 1998) ("Indeed, during oral argument before this court, Government counsel conceded that it was error for the District Court to allow the jury access to the entire videotaped police statement of Michael Thomas . . . ."); *Old Dominion Dairy Prods. v. Secretary of Defense*, 631 F.2d 953, 964 (D.C. Cir. 1980) ("This is particularly true in light of the Government's admission at oral argument that the case would be no different if eight contracts had been denied."); *Tavoulareas v. Piro*, 817 F.2d 762, 810 (D.C. Cir. 1987) ("The *en banc* majority opinion, presumably because of *Post* counsel's admissions at oral argument, refuses to address the important First Amendment issue ordered for briefing in this case . . . ."); *Otis Elevator Co. v. Washington Metro. Area Transit Auth.,* 432 F.Supp. 1089, 1092 n.11(D.D.C. 1976) ("At oral argument, counsel for

WMATA conceded the fact that the NEII/IUEC Plan does indeed supersede the Washington Plan with respect to this one trade category.").

Nor does Rule 2 preclude the Board from conducting oral hearings and relying upon statements given in response. 37 C.F.R. § 41.47 specifically allows an oral hearing at the request of the applicant/appellant. In *In re Sullivan*, 362 F.3d 1324, 1328 (Fed. Cir. 2004), the appellant argued that 37 C.F.R. § 1.610(d) – which permits conferences between the administrative patent judge and the parties in an interference and allows the judge to enter appropriate orders after such conferences – conflicted with 37 C.F.R. § 1.2. The Court found that Section 1.160(d) must be given "controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute" because it was the product of notice-and-comment rulemaking. *See Sullivan*, 362 F.3d at 1328 (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). The Court stated that "we have no hesitation in deferring to the Office's expertise in conducting its own proceedings in this case" because Section 1.610)(d) neither violated due process nor was it arbitrary, capricious, or manifestly contrary to the statute. *Id.* Such deference also should be accorded to the procedural rule captured at 37 C.F.R. § 41.47, which was the product of a notice-and-comment rulemaking. *See Rules of Practice Before the Board of Patent Appeals and Interferences*, 69 FR 49960, 50003 (Aug. 12, 2004). [1] There was no, and Plaintiff does not allege

---

[1] The predecessor rule for oral hearings -- 37 CFR § 1.194 -- was almost identical in pertinent parts to the current rule, and was also the product of notice-and-comment rulemaking. See Changes to Patent Practice and Procedure, 62 FR 53132, 53197 (Oct. 10, 1997).

any, due process violation in allowing him an oral hearing and relying upon answers given during that hearing.

Moreover, Plaintiff's answers clearly are reflected in the administrative record because they are recorded in the decision of the Board. The provisions of 37 C.F.R. § 1.2 do not prescribe the form of the "written record" required. It is clear, however, that verbatim transcription of oral matters is not required. For example, oral interviews may be conducted between applicants and examiners during prosecution. See 37 C.F.R. § 1.133. All Rule 2 requires is that a "complete written statement as to the substance of any . . . interview" be made of record and not the entire interview. MPEP § 713.04. Therefore, the Board's recordation of the substance of plaintiff's admission in its decision is sufficient.

It is notable that Plaintiff is not denying he made the statements, only that he did not intend for them to be admissions of prior art. For reasons discussed above, that contention is not availing.

## **CONCLUSION**

Accordingly, for the reasons set forth above, the USPTO requests that this Court deny Plaintiff's Motion to Suppress-Quash-Bar his oral admissions to the Board.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 26th day of July, 2006, a copy of the foregoing Opposition was mailed, postage prepaid to plaintiff pro se

NED H. PRESLEY
217 Paragon Parkway
Apartment 112
Clyde, NC 28721
and by fax to 828-452-3982

                        Rhonda C. Fields
                        Assistant United States Attorney