UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ned H Presley<br>217 Paragon Pkwy, #112<br>Clyde, NC 27121<br>Phone: 407-331-9014<br><br>   Plaintiff,<br><br>   v.<br><br>United States Patent and Trademark Office<br>Office of Solicitor<br>P.O. Box 1450<br>Alexandria, VA 22313-1450, et al.<br><br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 06cv0104 (RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO COMPEL

1. The defendants initial disclosures of June 13, 2006 (4 pages copy attached) did in fact have no attachments and did in fact make no disclosures.

2. The plaintiff does now request, the court to require and (compel) the defendant to provide to the defendant and to the court.

 (a) A copy of the written transcript, (b) a copy of the audio tape, and (c) a copy of any video recording that may exist of the board of appeals hearing of Nov 15, 2005 re: U.S. paten application 10/073586

3. It is a matter of fact that the boards issued opinion nor the defendants "opposition to motion to suppress list or state no direct "Quotations" of the plaintiff.

4. It is a matter of fact that the board's issued opinion nor the defendants answer to plaintiffs compliant nor the defendants opposition to motion to suppress. Effectively deny or rebut the plaintiffs written statement included and attached to defendants compliant (20 pages) to the board, submitted in hand in 3 copies to the 3 board judges at the beginning of the hearing. It is likely that the court will find the contents (20 pages) of this written statement as conceded, (3 opportunities to rebut).

5. Additional errors in defendants opposition to motion to suppress.

6. Authorities are 35 USC 101, MPEP regulations, the content of the file wrapper and the knowledge and authority of the judge to rule in law equity and other concepts as necessary to achieve justice.

6A. Claim #1 interpretation may not exceed the teachings of the enablement, and specification as a whole.

7. Claim #2 does also define and give scope to claim #1.

8. "On-Site" offers chair massage only at different locations, and is bared from gambling casino.

9. Plaintiff witnessed only "Horse Play" and affection type (Honey Moon Center) body contact and rubs. Not stress relief and/or relaxing types of massage. At some Las Vegas Casinos beginning in 2003, (prior casino experiences in non Las Vegas areas)

10. Plaintiff did not mention "Hair Salons", massage as an attraction by different businesses".

11. Plaintiff did describe some "old Time Barbers" would do a brief scalp and shoulder massage (with an electric vibrator device that fit over the hand) at the end of a hair cut (which was not promoted or advertised as a attraction).

12. The plaintiff's complaint item #44 does well describe the "Horse Play" type activities as acknowledge by the plaintiff in answer to a "generalized" type question at the conclusion of the board hearing.

13. The plaintiff did not admit to the described actions, events locations and times as alleged in the boards opinion, page 2.

14. There were no "own admissions" as alleged on page 3.

15. There was no admission of "prior art" to him the plaintiff.

16. There is no admission in the application or in "other papers".

17. The "generalized" question or scope of one judge regarding massage during gambling did not qualify or describe "stress relief or relaxing type" as opposed to "horse Play" or stimulating affection type" of massage or body contacts and rubs. In retrospect I should have qualified by answer.

18. The "admissions" are not my own statements or "quotations" I do not believe the "admissions" are factual. I do not believe the admission are truth."

19. It was the board not the plaintiff who advised thru the chief clerk of the board, that the hearing was under obligation to be "on the administrative record only" and that no court reporter would be allowed by the plaintiff and that new evidence or new speaker phone expert witness testimony would be allowed.

20. The administrative record (approx 300 to 400 pages) already contained 4 years of facts, testimony and exhibits concerning all related matters and questions concerning this application.

21. The purpose of the oral hearing (paid for by the plaintiff) was to make clear facts and exhibits already in the file wrapper.

22. There was no other statement of purpose stated by the board, there was no "warning" provided regarding detailed or qualified answers to questions, there was no oath administered or offered.

23. The boards rendering of the "substance" of the plaintiffs statements will not be supported as accurate by the written transcript.

24. The plaintiff does indeed deny the interpretation and accuracy of the statements as alleged by the board, and thus the appeal to this court for a full and impartial hearing not based on any unintended misstatement or misspeak.

25. Accordingly the court is requested to require the defendant to provide proper discovery and the written transcript, audio tape and video tape of the hearing available.

                                        Respectfully Submitted

                                        _____
                                        Ned H. Presley
                                        217 Paragon Parkway #112
                                        Clyde, N.C. 28721
                                        Phone 407-331-9014

Attached
Defendants Initial Disclosures

**Certificate of Service**

I hear by certify that on _Aug-2-2006_ a copy of my Motion to Compel was mailed to

US Attorney of the District of Columbia
555 4th Street NW
Washing D.C. 20001

_____
Ned H. Presley
217 Paragon Parkway #112
Clyde, N.C. 28721