Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

June 14, 2006
_____
(Date)

**THIS IS TO CERTIFY** THAT THE ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

**APPLICANT(S): NED H. PRESLEY**

**APPLICATION NUMBER: 10/073,586**

**FILING DATE: February 12, 2002**

**TITLE OF INVENTION: GAMBLING CASINO NEW/IMPROVED PROCESS FOR GAMBLER ATTRACTION AND HIGHER YIELDS**



By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

*Maria L. Fletcher*
*Certifying Officer*

✓

**U.S. UTILITY Patent Application**

PATENT NUMBER and ISSUE DATE

| APPL. NUM | FILING DATE | CLASS 273 463 | SUBCLASS 274 | GAU 3711 |  |
|---|---|---|---|---|---|
| 10073586 | 02/12/2002 | | | | |

**APPLICANTS:** Presley Ned;

**CONTINUING DATA VERIFIED:**

**FOREIGN APPLICATIONS VERIFIED:**

| PG-PUB DO NOT PUBLISH ☐ | | RESCIND ☐ | ATTORNEY DOCKET NO |
|---|---|---|---|
| Foreign priority claimed | ☐ yes ☐ no | | |
| 35 USC 119 conditions met | ☐ yes ☐ no | | |
| Verified and Acknowledged Examiner's Initials | | | |

TITLE : Gambling casino new/improved process for gambler extraction and higher yields

U.S.DEPT. OF COMM./PAT. & TM-PTO-C3 (Rev. 12-94)

| NOTICE OF ALLOWANCE MAILED | | | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|---|
| | | Assistant Examiner | | | Total Claims | Print Claim for OLB |
| **ISSUE FEE** | | | | | **DRAWING** | |
| Amount Due | Date Paid | | | Sheets Drwg. | Figs.Drwg. | Print Fig. |
| | | Primary Examiner | | | | |
| ☐ TERMINAL DISCLAIMER | | PREPARED FOR ISSUE | Application Examiner | | | |
| | | WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368, Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only. | | | | |

10073586

10/073586    J10    U.S. PTO

INITIALS

MAR 0 5 4 5 0 2

02/12/02

## CONTENTS

| | | Date Received (incl. C. of M.) or Date Mailed | | | Date Received (incl. C. of M.) or Date Mailed |
|---|---|---|---|---|---|
| 1. | Application ☐ papers | | 31. | | |
| 2. | REJECTION 3 MOS | 12/16/02 | 32. | | |
| 3. | INTERVIEW SUMMARY | 2-12-03 | 33. | | |
| 4. | Response A | 2/14/03 | 34. | | |
| 5. | FINAL REJECTION | 5/7/13 | 35. | | |
| 6. | Response B | 5/19/03 | 36. | | |
| 7. | Final Rej ☐ | 06-10-03 | 37. | | |
| 8. | INTERVIEW SUMMARY | 6-20-03 | 38. | | |
| 9. | Response | 7/8/03 | 39. | | |
| 10. | ADVISORY ACTION | 07-24-03 | 40. | | |
| 11. | Notice of Appeal | 9-8-03 | 41. | | |
| 12. | Req for Oral Hearing 9/8/03 | | 42. | | |
| 13. | Appeal Brief | 11/3/03 | 43. | | |
| 14. | Notice Defective Brief | 11/21/14 | 44. | | |
| 15. | Letter holding Defective Brief | 2/24/04 | 45. | | |
| 16. | Advisory Action | 5-4-04 | 46. | | |
| 17. | EXAMINER'S ANSWER | 5/5/04 | 47. | | |
| 18. | Interview Summary | 04-14-04 | 48. | | |
| 19. | Appeal to Examiner | 10/28/04 | 49. | | |
| 20. | Miscellaneous | 2/22/05 | 50. | | |
| 21. | DOCKETING Notice | 7/26/05 | 51. | | |
| 22. | Petition to Make Special | 9-15-05 | 52. | | |
| 23. | Decision on Petition | 9-29-05 | 53. | | |
| 24. | Hearing (9/30/05) | 11/15/05 | 54. | | |
| 25. | Confirmation | 10/14/05 | 55. | | |
| 26. | Dec. Bd Bd Affirm | 11-22-05 | 56. | | |
| 27. | Complaint | | 57. | | |

ISSUE SLIP STAPLE AREA (for additional cross-references)

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| | | | |
| **INTERNATIONAL CLASSIFICATION** | | | |
| | | / | |
| | | / | |
| | | / | |
| | | / | |
| | | / | ∧ Continued on Issue Slip inside File Jacket |

### INDEX OF CLAIMS

✓ .............. Rejected  – (Through numeral) ... Canceled  N ............... Non-elected  A ............... Appeal
= .............. Allowed  + .................................. Restricted  I ................. Interference  O ............... Objected

| Claim | | Date | Claim | | Date | Claim | | Date |
|---|---|---|---|---|---|---|---|---|
| Final | Original | | Final | Original | | Final | Original | |
| 1 | | | 51 | | | 101 | | |
| 2 | | | 52 | | | 102 | | |
| 3 | | | 53 | | | 103 | | |
| 4 | | | 54 | | | 104 | | |
| 5 | | | 55 | | | 105 | | |
| 6 | | | 56 | | | 106 | | |
| 7 | | | 57 | | | 107 | | |
| 8 | | | 58 | | | 108 | | |
| 9 | | | 59 | | | 109 | | |
| 10 | | | 60 | | | 110 | | |
| 11 | | | 61 | | | 111 | | |
| 12 | | | 62 | | | 112 | | |
| 13 | | | 63 | | | 113 | | |
| 14 | | | 64 | | | 114 | | |
| 15 | | | 65 | | | 115 | | |
| 16 | | | 66 | | | 116 | | |
| 17 | | | 67 | | | 117 | | |
| 18 | | | 68 | | | 118 | | |
| 19 | | | 69 | | | 119 | | |
| 20 | | | 70 | | | 120 | | |
| 21 | | | 71 | | | 121 | | |
| 22 | | | 72 | | | 122 | | |
| 23 | | | 73 | | | 123 | | |
| 24 | | | 74 | | | 124 | | |
| 25 | | | 75 | | | 125 | | |
| 26 | | | 76 | | | 126 | | |
| 27 | | | 77 | | | 127 | | |
| 28 | | | 78 | | | 128 | | |
| 29 | | | 79 | | | 129 | | |
| 30 | | | 80 | | | 130 | | |
| 31 | | | 81 | | | 131 | | |
| 32 | | | 82 | | | 132 | | |
| 33 | | | 83 | | | 133 | | |
| 34 | | | 84 | | | 134 | | |
| 35 | | | 85 | | | 135 | | |
| 36 | | | 86 | | | 136 | | |
| 37 | | | 87 | | | 137 | | |
| 38 | | | 88 | | | 138 | | |
| 39 | | | 89 | | | 139 | | |
| 40 | | | 90 | | | 140 | | |
| 41 | | | 91 | | | 141 | | |
| 42 | | | 92 | | | 142 | | |
| 43 | | | 93 | | | 143 | | |
| 44 | | | 94 | | | 144 | | |
| 45 | | | 95 | | | 145 | | |



## SEARCH

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
| 273 | 274 | 11/1d02 | ∽ |

### INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
|  |  |  |  |

## SEARCH NOTES
(List databases searched. Attach search strategy inside.)

|  | Date | Exmr. |
|--|------|-------|
|  |  |  |



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590    12/16/2002

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL   32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 12/16/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit |
| | William M Pierce | 3711 |

— *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on _12 February 2002_ .

2a)☐ This action is **FINAL**.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
    closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) _1-3_ is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) _1-3_ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)–(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

    1.☐ Certified copies of the priority documents have been received.

    2.☐ Certified copies of the priority documents have been received in Application No. _____ .

    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
        application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

WILLIAM M. PIE(
PRIMARY EXAMINER

**Attachment(s)**                    0006
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
_) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s). _____ .

_) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

Application/Control Number: 10/073,586                                          Page 2

Art Unit: 3711

## DETAILED ACTION

### *Drawings*

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention

specified in the claims. Therefore, the steps of the claimed method must be shown or the feature(s) canceled from

the claim(s). No new matter should be entered. Such subject matter can readily be shown by way of a flowchart.

A proposed drawing correction or corrected drawings are required in reply to the Office action to avoid

abandonment of the application. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 101*

35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title.

Claims 1-3 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory

subject matter. Patents are not granted for all new and useful inventions and discoveries. The subject matter of the

invention or discovery must come within the boundaries set forth by 35 U.S.C. 101, which permits patents to be

granted only for "any new and useful process, machine, manufacture, or composition of matter, or any new and

useful improvement thereof." The examiner's position is based on the fact that it has been held that the claimed

invention as a whole must accomplish a practical application. That is, it must produce a "useful, concrete and tangible

result." State Street, 149 F.3d at 1373, 47 USPQ2d at 1601-02. Therein defined limits patent protection to inventions

that possess a certain level of "real world" value, as opposed to subject matter that represents nothing more than an

idea or concept. (Brenner v. Manson, 383 U.S. 519, 528-36, 148 USPQ 689, 693-96); In re Ziegler, 992, F.2d 1197,

1200-03, 26 USPQ2d 1600, 1603-06 (Fed. Cir. 1993)).

One of the subject matters courts have found to be outside the four statutory categories of invention is

abstract ideas. See, e.g., Rubber-Tip Pencil Co. v. Howard, 87 U.S. (20 Wall.) 498, 507 (1874) ("idea of itself is not

patentable, but a new device by which it may be made practically useful is"); Mackay Radio  & Telegraph Co.v. Radio

Corp. of America, 306 U.S. 86, 94, 40 USPQ 199, 202 (1939)

The claims are further not within the scope of 35 USC 101 since the recite human beings such as

"gamblers" , "attendants", "vendors" and "practitioners". The grant of a limited, but exclusive property right in a

human being is prohibited by the Constitution. See In re Wakefield, 422 F.2d.897, 167 USPQ 536 (CCPA 1970).

## Claim Rejections - 35 USC § 112

Claims 1-3 rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly

point out and distinctly claim the subject matter which applicant regards as the invention.

The form of the claims is in apt in that there is no transitional phrase to clearly distinguish between the

preamble and the body of the claim. Indefinite language such as "providing or permitting", "and/or", "uniformed or

costumed" and etc. render the scope of the claim unclear.

## Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth

in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Claims 1-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over ilv.com

ilv.com shows massage during any activity to relieve stress and as being desirable. It is old and well known

to promote products and services by offering free to clients products that are desirable. Therefore it would have been

obvious to have offered massages in a casino to players such as those shown by ilv.com in order to entice players

and provide relaxation.

## Conclusion

Any inquiry concerning this communication and its merits should be directed to William Pierce at E-mail

address bill.pierce@USPTO.gov or at telephone number (703) 308-3551.

Any inquiry not concerning the merits of the case such as missing papers, copies, status or information

should be directed to Tech Center 3700 Customer Service Center at (703) 306-5648 where the fax number is (703)

308-7957 and the email is Customerservice3700@uspto.gov.

For official fax communications to be officially entered in the application the fax number is (703) 305-3579.

For informal fax communications the fax number is (703) 308-7769.

Any inquiry of a general nature or relating to the status of this application or proceeding can also be directed

to the receptionist whose telephone number is (703) 308-1148.

Application/Control Number: 10/073,586                                Page 4

Art Unit: 3711

Any inquiry concerning the drawings should be directed to the Drafting Division whose telephone

number is (703) 305-8335.

WILLIAM M. PIE -.
PRIMARY EXAMINE .

NK

| Notice of References Cited | Application/Control No. 10/073,586 | Applicant(s)/Patent Under Reexamination PRESLEY, NED HARRIS | |
|---|---|---|---|
| | Examiner William M Pierce | Art Unit 3711 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | http://businesstravel.about.com/gi/dynamic/offsite.htm?site=http://www.ilv.com/ossr/ , "ilv.com", web page promoting massage, August, 1997 |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

0010



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590          02/12/2003

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL   32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 02/12/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Application No. | Applicant(s) |
|---|---|---|
| **Interview Summary** | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit |
| | William M Pierce | 3711 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _William Pierce_.

(3)_____ .

(2) _Ned Pressley_.

(4)_____ .

Date of Interview: _23 January 2003_ .

Type:  a)☐ Telephonic  b)☐ Video Conference
       c)☒ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☒ Yes  e)☐ No.
   If Yes, brief description: _Proposed drawing corrections, amendment_ .

Claim(s) discussed: _1-3_ .

Identification of prior art discussed: _As applied_ .

Agreement with respect to the claims  f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Continuation Sheet_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

   i)☐ It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

0012

WILLIAM M. PIERCE
PRIMARY EXAMINER

Examiner's signature, if required

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

————

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**    0013

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the ⋯ the examiner should place the indication, "Interview Record OK" on the

- **Continuation Sheet (PTO-413)**

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: Examiner expressed that the issues with respect to 112 could be overcome. The issues with respect to 101 stand since a "attendant" is being claimed and humans cannot be claimed. Such can be overcome by removing the recitations to people from the claims. To the 103, Examiner expressed that methods of increasing business to offer services and amenities and advertising such to attract customers is known. Example of such business methods were offered. Applying this known business method to a casino by offering a massage service while at the table is not more than an application of well known business practices. Further known is that players may order drinks and food (in the high stakes areas of a casino). Changing the "promotional offer" from drinks or food to a massage would have been obvious as a matter of substituting on desirable service offered to a customer for that of another. Examiner further expressed that there was no evidence of record to show "increased revenue" by offering a massage service. Examiner stated that such a service may just infact decrease revenue since many seriour players would consider a massage on them or next to them to be a distracting nusance. .

To Fax  703-308-7769

#4) Response
3/19/03

Art. Unit # 3711

To Mr. William M. Pierce

FAX RECEIVED

FEB 1 4 2003

GROUP 3700

✓ Serial # 10/013,586

Amendment and Response returned
U.S. Mail 2-8-2003

As per attached, Pls add a claim,
or fix a claim, (if) you see fit.

— Ned H. Presley
2-17-2003

— Ned & Anna
on The Trail

407-331-9014
24/7



Go to MPEP - Table of Contents

browse before

# 707.07(j) State When Claims Are Allowable - 700 Examination of Applications

### 707.07(j) State When Claims Are Allowable

### INVENTOR FILED APPLICATIONS

When, during the examination of a *pro se* application it becomes apparent to the examiner that there is patentable subject matter disclosed in the application, the examiner should draft one or more claims for the applicant and indicate in his or her action that such claims would be allowed if incorporated in the application by amendment.

This practice will expedite prosecution and offer a service to individual inventors not represented by a registered patent attorney or agent. Although this practice may be desirable and is permissible in any case deemed appropriate by the examiner, it will be expected to be applied in all cases where it is apparent that the applicant is unfamiliar with the proper preparation and prosecution of patent applications.

### ALLOWABLE EXCEPT AS TO FORM

When an application discloses patentable subject matter and it is apparent from the claims and applicant's arguments that the claims are intended to be directed to such patentable subject matter, but the claims in their present form cannot be allowed because of defects in form or omission of a limitation, the examiner should not stop with a bare objection or rejection of the claims. The examiner's action should be constructive in nature and, when possible, should offer a definite suggestion for correction. Further, an examiner's suggestion of allowable subject matter may justify indicating the possible desirability of an interview to accelerate early agreement on allowable claims.

If the examiner is satisfied after the search has been completed that patentable subject matter has been disclosed and the record indicates that the applicant intends to claim such subject matter, the examiner may note in the Office action that certain aspects or features of the patentable invention have not been claimed and that if properly claimed such claims may be given favorable consideration.

If a claim is otherwise allowable but is dependent on a canceled claim or on a rejected claim, the Office action should state that the claim would be allowable if rewritten in independent form.

### EARLY ALLOWANCE OF CLAIMS

Where the examiner is satisfied that the prior art has been fully developed and some of the claims are clearly allowable, the allowance of such claims should not be delayed.

Form paragraphs 7.43, 7.43.01, and 7.43.02 may be used to indicate allowable subject matter.

¶

### 7.43 Objection to Claims, Allowable Subject Matter

Claim [1] objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

---

¶

### 7.43.01 Allowable Subject Matter, Claims Rejected Under 35 U.S.C. 112, Second Paragraph, Independent Claim

Claim [1] would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 112, 2nd paragraph, set forth in this Office action.

### Examiner Note

This form paragraph is to be used only when the noted independent claim(s) have been rejected solely on the basis of 35 U.S.C. 112, second paragraph, and would be allowable if amended to overcome the rejection.

---

¶

### 7.43.02 Allowable Subject Matter, Claims Rejected Under 35 U.S.C. 112, Second Paragraph, Dependent Claim

Claim [1] would be allowable if rewritten to overcome the rejection(s) under 35 U.S.C. 112, 2nd paragraph, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims.

### Examiner Note

This form paragraph is to be used only when the noted dependent claim(s) have been rejected solely on the basis of 35 U.S.C. 112, second paragraph, and would be allowable if amended as indicated.

---

¶

### 7.43.04 Suggestion of Allowable Drafted Claim(s), *Pro Se*



# UNITED STATES PATENT AND TRADEMARK OFFICE



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590    05/07/2003

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 05/07/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

|  | **Application No.** | **Applicant(s)** |
|---|---|---|
| **Office Action Summary** | 10/073,586 | PRESLEY, NED HARRIS |
|  | **Examiner** | **Art Unit** |
|  | William M Pierce | 3711 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>14 February 2003</u> .

2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-3</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-3</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a) ☐ All b) ☐ Some * c) ☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

WILLIAM M. PIERCE
PRIMARY EXAMINER

**Attachment(s)**                                                    0019

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____ .

Application/Control Number: 10/073,586

Art Unit: 3711

Page 2

## DETAILED ACTION

### *Drawings*

As set forth in the previous office action;

*The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the steps of the claimed method must be shown or the feature(s) canceled from the claim(s). No new matter should be entered. Such subject matter can readily be shown by way of a flowchart.*

*A proposed drawing correction or corrected drawings are required in reply to the Office action to avoid abandonment of the application. The objection to the drawings will not be held in abeyance.*

No further drawings or corrections have been submitted by amendment. As such, this objection

remains.

### *Claim Rejections - 35 USC § 101*

Claims 1-3 remain rejected as set forth in the previous office action;

*Claims 1-3 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. Patents are not granted for all new and useful inventions and discoveries. The subject matter of the invention or discovery must come within the boundaries set forth by 35 U.S.C. 101, which permits patents to be granted only for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." The examiner's position is based on the fact that it has been held that the claimed invention as a whole must accomplish a practical application. That is, it must produce a "useful, concrete and tangible result." State Street, 149 F.3d at 1373, 47 USPQ2d at 1601-02. Therein defined limits patent protection to inventions that possess a certain level of "real world" value, as opposed to subject matter that represents nothing more than an idea or concept. (Brenner v. Manson, 383 U.S. 519, 528-36, 148 USPQ 689, 693-96); In re Ziegler, 992, F.2d 1197, 1200-03, 26 USPQ2d 1600, 1603-06 (Fed. Cir. 1993)).*

*One of the subject matters courts have found to be outside the four statutory categories of invention is abstract ideas. See, e.g., Rubber-Tip Pencil Co. v. Howard, 87 U.S. (20 Wall.) 498, 507 (1874) ("idea of itself is not patentable, but a new device by which it may be made practically useful is"); Mackay Radio & Telegraph Co.v. Radio Corp. of America, 306 U.S. 86, 94, 40 USPQ 199, 202 (1939)*

*The claims are further not within the scope of 35 USC 101 since the recite human beings such as "gamblers" , "attendants", "vendors" and "practitioners". The grant of a limited, but exclusive property right in a human being is prohibited by the Constitution. See In re Wakefield, 422 F.2d.897, 167 USPQ 636 (CCPA 1970).*

### *Claim Rejections - 35 USC § 112*

Since no amendments to the claims were presented, claims 1-3 rejected under 35 U.S.C. 112,

second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject

matter which applicant regards as the invention.

The form of the claims is in apt in that there is no transitional phrase to clearly distinguish between

the preamble and the body of the claim. Indefinite language such as "providing or permitting", "and/or",

"uniformed or costumed" and etc. render the scope of the claim unclear.

### *Claim Rejections - 35 USC § 103*

Claims 1-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over ilv.com as set forth in

the previous office action

0020

Application/Control Number: 10/073,586                                                    Page 3

Art Unit: 3711

ilv.com shows massage during any activity to relieve stress and as being desirable. It is old and well known to promote products and services by offering free to clients products that are desirable. Therefore it would have been obvious to have offered massages in a casino to players such as those shown by ilv.com in order to entice players and provide relaxation.

### Response to Arguments

Applicant's arguments filed 2/14/03 have been fully considered but they are not persuasive.

Examiner, notes applicant's request for assistance in constructing a claim. However, in view of the outstanding rejections under 101 and 103, no patentable subject matter has been identified.

With respect to the rejection under 101, applicant is remarkably well studied on the issue. However, the examiner stresses that in order for and "abstract idea" to be statutory subject matter analogous to a method of doing business it must produce a <u>useful, concrete and tangible result.</u> The examiner does not dispute the usefulness requirement. However, the result must also be "concrete" and "tangible". By definition something which is concrete is "having a material, perceptible existence; of, belonging to, or characterized by things or events that can be perceived by the senses; real; actual and something which is tangible is "that can be touched...having actual form and substance". In the instant invention the <u>results are intangible</u>. While applicant's specification points to results such as increased casino earnings due to more relaxed and longer playing times, there is no evidence of record that supports these results. As set forth by the examiner in the interview with the applicant, many gamblers are serious and would not want to be distracted by a massage while gaming. As such, absent of any evidence of any "tangible results", the claims remain rejected under 101.

The claims are further not within the scope of 35 USC 101 since the recite human beings such as "gamblers" , "attendants", "vendors" and "practitioners". The grant of a limited, but exclusive property right in a human being is prohibited by the Constitution. See In re Wakefield, 422 F.2d.897, 167 USPQ 636 (CCPA 1970). Such recitations to persons must be removed from the claims in order to overcome a rejection made on such grounds.

As to the rejection under 103, it is clear that one may order a massage at his home, office and even in the airport. Providing opportunity to a person to receive a massage at any location is an obvious matter of choice in order to more conveniently provide the known its benefits at any place a person may happen to be. One must consider such is a matter common sense of the person of ordinary skill in the art to make desirable services more convenient to patrons. (See In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969)).

Application/Control Number: 10/073,586                                        Page 4

Art Unit: 3711

### *Conclusion*

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication and its merits should be directed to William Pierce at E-mail address bill.pierce@USPTO.gov or at telephone number (703) 308-3551.

Any inquiry not concerning the merits of the case such as **missing papers, copies, status or information** should be directed to Tech Center 3700 Customer Service Center at (703) 306-5648 where the fax number is (703) 308-7957 and the email is Customerservice3700@uspto.gov.

For **official fax** communications to be officially entered in the application the fax number is (703) 305-3579.

For **informal fax** communications the fax number is (703) 308-7769.

Any inquiry of a general nature or relating to the **status** of this application or proceeding can also be directed to the receptionist whose telephone number is (703) 308-1148.

Any inquiry concerning the **drawings** should be directed to the Drafting Division whose telephone number is (703) 305-8335.

WILLIAM L
PRIMARY

| | **Application No.** | | **Applicant(s)** | |
|---|---|---|---|---|
| **Office Action Summary** | 10/073,586 | | PRESLEY, NED HARRIS | |
| | **Examiner** | | **Art Unit** | |
| | William M Pierce | | 3711 | |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>14 February 2003</u>.

2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1-3</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-3</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. §§ 119 and 120

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121. WILLIAM M. PIERCE
PRIMARY EXAMINER

**Attachment(s)**     0023

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____ .

Application/Control Number: 10/073,586

Art Unit: 3711

## DETAILED ACTION

Applicant's request for reconsideration of the finality of the rejection of the last Office action is persuasive and, therefore, the finality of that action is withdrawn. On 5/19/03 applicant submitted copies of his response that were not considered by the previous office action. The matter to further be considered by this action is a "flow chart", revised claims and remarks.

### Drawings

The corrected or substitute drawings were received on5/19/03. These drawings are contain a flow chart provided and are not approved by the examiner. As such the drawings remain objected to. First the drawing should be labeled fig. 1 and the specification should be amended in a section entitled "Brief description of the drawings" to refer to this figure and make a brief statement. Applicant is encouraged to look at the cited patents for an example of this form requested. Further the drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they do not include reference sign(s) that are mentioned in the description. This requirement sets forth that the features illustrated in the drawings must be discussed in the specification and that reference signs should be used to facilitate the identification of each feature being discussed. Opinions and remarks by applicant set forth in the "practical results" and "inferred benefits" should be removed from the drawing. The proposed drawing must avoid the introduction of new matter. 37 CFR 1.121(f) states that no amendment may introduce new matter into the disclosure of an application.

### Claim Rejections - 35 USC § 101

Claims 1-3 remain rejected as set forth in the previous office action;

Claims 1-3 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. Patents are not granted for all new and useful inventions and discoveries. The subject matter of the invention or discovery must come within the boundaries set forth by 35 U.S.C. 101, which permits patents to be granted only for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." The examiner's position is based on the fact that it has been held that the claimed invention as a whole must accomplish a practical application. That is, it must produce a "useful, concrete and tangible result." State Street, 149 F.3d at 1373, 47 USPQ2d at 1601-02. Therein defined limits patent protection to inventions that possess a certain level of "real world" value, as opposed to subject matter that represents nothing more than an idea or concept. (Brenner v. Manson, 383 U.S. 519, 528-36, 148 USPQ 689, 693-96); In re Ziegler, 992, F.2d 1197, 1200-03, 26 USPQ2d 1600, 1603-06 (Fed. Cir. 1993)).

One of the subject matters courts have found to be outside the four statutory categories of invention is abstract ideas. See, e.g., *Rubber-Tip Pencil Co. v. Howard, 87 U.S. (20 Wall.) 498, 507 (1874)* ("idea of itself is not patentable, but a new device by which it may be made practically useful is"); *Mackay Radio & Telegraph Co.v. Radio Corp. of America, 306 U.S. 86, 94, 40 USPQ 199, 202 (1939)*

### Claim Rejections - 35 USC § 112

Since no amendments to the claims were presented, claims 1-3 rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The form of the claims is in apt in that there is no transitional phrase to clearly distinguish between the preamble and the body of the claim. Applicant should review the form of the claims in the patents made of record. Indefinite language such as "providing or permitting", "and/or", "uniformed or costumed" and etc. render the scope of the claim unclear.

### Claim Rejections - 35 USC § 103

Claims 1-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over ilv.com as set forth in the previous office action

ilv.com shows massage during any activity to relieve stress and as being desirable. It is old and well known to promote products and services by offering free to client's products that are desirable. Therefore it would have been obvious to have offered massages in a casino to players such as those shown by ilv.com in order to entice players and provide relaxation.

### Response to Arguments

Applicant's arguments filed 2/14/03 have been fully considered but they are not persuasive.

Examiner, notes applicant's request for assistance in constructing a claim. However, in view of the outstanding rejections under 101 and 103, no patentable subject matter has been identified.

With respect to the rejection under 101, applicant is remarkably well studied on the issue. However, the examiner stresses that in order for and "abstract idea" to be statutory subject matter analogous to a method of doing business it must produce a useful, concrete and tangible result. The examiner does not dispute the usefulness requirement. However, the result must also be "concrete" and "tangible". By definition something which is concrete is "having a material, perceptible existence; of, belonging to, or characterized by things or events that can be perceived by the senses; real; actual and something which is tangible is "that can be touched...having actual form and substance". In the instant

invention the <u>results are intangible</u>. While applicant's remarks and specification points to results such as increased casino earnings due to more relaxed and longer playing times, there is no evidence of record that supports these results. These results are speculative and are not supported by fact. As set forth by the examiner in the interview with the applicant, many gamblers are serious and would not want to be distracted by a massage while gaming. As such, absent of any evidence of any "tangible results", the claims remain rejected under 101.

As to the rejection under 103, it is clear that one may order a massage at his home, office and even in the airport. Providing opportunity to a person to receive a massage at any location is an obvious matter of choice in order to more conveniently provide the known its benefits at any place a person may happen to be. One must consider such is a matter common sense of the person of ordinary skill in the art to make desirable services more convenient to patrons. (See In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969)). Merely selecting a casino environment to offer a massage is considered an obvious matter of choice in changing from one known location to another. The effects, desirability and luxury of a massage remains the same regardless of the location given.

The presence of outside contractors or vendors, employee license, special chairs and "Authority" are not recited in the rejected claim(s). As such these argument are moot.

What is "analogous prior art" for the purpose of analyzing the obviousness of the subject matter at issue. "In order to rely on a reference as a basis for rejection of an applicant's invention, the reference must either be in the field of applicant's endeavor or, if not, then be reasonably pertinent to the particular problem with which the inventor was concerned." In re Oetiker, 977 F.2d 1443, 1446, 24 USPQ2d 1443, 1445 (Fed. Cir. 1992). See also In re Deminski, 796 F.2d 436, 230 USPQ 313 (Fed. Cir. 1986); In re Clay, 966 F.2d 656, 659, 23 USPQ2d 1058, 1060-61 (Fed. Cir. 1992) ("A reference is reasonably pertinent if, even though it may be in a different field from that of the inventor's endeavor, it is one which, because of the matter with which it deals, logically would have commended itself to an inventor's attention in considering his problem."); and Wang Laboratories Inc. v. Toshiba Corp., 993 F.2d 858, 26 USPQ2d 1767 (Fed. Cir. 1993). In the instant case both the instant invention and the applied art deals with "massage" and as such is clearly analogous.

The Affidavit under 37 CFR 1.132 filed 5/19/03 is insufficient to overcome the rejection of claims 1-3 based upon 35 USC 103 as set forth in the last Office action because it fails to assert facts. Applicant's gambling history has little to do with the patentability of the claimed invention in view of the applied art. Note that in In re Beattie, 974 F.2d 1309, 24 USPQ2d 1040 (Fed. Cir. 1992) (declarations of seven persons

Application/Control Number: 10/073,586

Page 5

Art Unit: 3711

skilled in the art offering opinion evidence praising the merits of the claimed invention were found to have little value because of a lack of factual support) and further that an affidavit of an applicant as to the advantages of his or her claimed invention is less persuasive than that of a disinterested person. Ex parte Keyes, 214 USPQ 579 (Bd. App. 1982); In re McKenna, 203 F.2d 717, 97 USPQ 348 (CCPA 1953). An affidavit is for presenting facts such as long felt need, commercial success, problems solved and/or unexpected results. The instant affidavit contains no such facts as they pertain to the invention and thus fails to overcome the grounds for rejection.

## **Conclusion**

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication and its merits should be directed to William Pierce at E-mail address bill.pierce@USPTO.gov or at telephone number (703) 308-3551.

Any inquiry not concerning the merits of the case such as **missing papers, copies, status or information** should be directed to Tech Center 3700 Customer Service Center at (703) 306-5648 where the fax number is (703) 308-7957 and the email is Customerservice3700@uspto.gov.

For **official fax communications** to be officially entered in the application the fax number is (703) 305-3579.

For **informal fax communications** the fax number is (703) 308-7769.

Any inquiry of a general nature or relating to the status of this application or proceeding can also be directed to the receptionist whose telephone number is (703) 308-1148.

Any inquiry concerning the **drawings** should be directed to the Drafting Division whose telephone number is (703) 305-8335.

0027

WILLIAM M. PIERCE

05/19/03  MON 15:08 FAX 352 336 -855    Red Roof Inn Gainesv _ e    ☒001

5-19-03  #6

FAX RECEIVED
MAY 19 2003
GROUP 3700

To Fax   703-305-3579
APPLICATION NO  10/073,586
and Fax   703-308-7769
To Bill Pierce
Art UNIT 3711

Per Phone Interview with you and Trudy
Mitchel of Tech Center Customer Service Center
(703) 306-5648, your Files are missing all
of my Amendment and Response of Feb 14, 2003
From your Final Action Response it is clear
That you did not recive The Flowchart with 9
Practical and infered Benefits, Nor The Revised
Claims. These Items resolved and overcome all
Pending issues of The 112 and 101 as stated
by your "description of The general nature of
What was Agreed To", CDate mailed 02-12-2003
As to the 103 There are 18 Responses
most of wich are Fact That Should prevail.
A Complient Transmital of all Items of
my Amendent and Response is now resent
Fax and U.S. Mail.

Attached
Amendment & Responce  9 Pages | Respectfully Submited
Flow Chart with Results  2 Pages |
Claims Revised           1 Page  | Red H Presley
Affidavit,               1 Page  | 407-331-9011

0028

05/19/03  MON 15:09 FAX 352 336 7855      Red Roof Inn Gainesville                          002

## GAMBLING CASINO NEW/IMPROVED PROCESS FOR GAMBLER ATTRACTION AND HIGHER YIELDS

### FLOWCHART

**A.**

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

**B.**

Casino provide, select attendants or practitioners and provide training. Casino secure attendants any necessary licenses for attendants or vendors to perform upper body manipulation or massage to gamblers while gambling.

**C.**

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

**D.**

Casino design compensation program for massage manipulation attendants, emphasizing gambler tips.

**E.**

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

**F.**

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

Page 1

## PRACTICAL RESULTS

**1.**

Gamblers staying active at the gambling stations/areas for longer uninterrupted sessions.

**2.**

More gamblers attracted to a particular casino.

**3.**

1 and 2 producing higher yields for the casino.

**4.**

Providing a new class of Casino employees largely cost free, being funded totally or largely by gamblers tips.

**5.**

Reduce alcohol expense for the casino.

**6.**

Reduce alcohol related liability exposure to lawsuits.

## INFERED BENEFITS

**A1.**

Increase tax revenues to City, County, State and Federal Governments. Thereby promoting the public welfare.

**A2.**

A new class of employment opportunities created in the local area.

**A3.**

**THE OPPORTUNITY, OCCASION, AND PRESTIGE TO PRESENT THE FIRST "BASIC NATURE" NEW BENEFIT PROGRAM FOR GAMBLERS IN MANY YEARS BY ANY CASINO!!**

Page 2