05/19/03  MON 15:09 FAX 352 33F '855          Red Roof Inn Gainesv·'1e                    ☑004

## CLAIMS

WHAT I CLAIM AS MY INVENTION IS:

1.  A new gambling casino process, which comprises stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino gambling areas, including tables, machines, sports book and keno areas.

WHAT I CLAIM IS:

2.  A new gambling casino process according to claim 1: utilizing uniforms or costumes as designated by the casino.

WHAT I CLAIM IS:

3.  A new gambling casino process according to claim 1; advertised and promoted by the casino.

Revised 2-01-2003

## AFFIDAVIT

I Ned Harris Presley do now swear and affirm:

I have frequented gambling casinos in the USA and the Bahamas for more than 20 years. For the past 4 years I have been a Semi professional gambler, logging well over 1000 hours of "table time", in Mississippi and in Las Vegas casinos. I am a card carrying member of _____ *34* _____ Casino Player Clubs.

I have attended 2 major gambling casino trade shows in the last 2 years, ( with their included seminars, schools, and presentations).

As an ex State of Florida Private Investigator I have been successful in interviewing in "pretext style" many casino dealers, pit bosses, and high end players.

I am well aware of the present styles and types of players "Comp" awards and benefits provided and offered to casino gamblers.

This invention No. 10/073,586 was birthed out of my personal experience of long periods of uninterrupted gambling sessions up to 5 and 8 hours.

All statements made in this invention are true and from personal knowledge and experience.

Dated: 3/19/3

Ned H. Presley

Notary Public:

THERESA PETERS
My Comm Exp. 5/23/04
No. CC 921556
[ ] Personally Known  [ ] Other I.D.

Page 1

05/19/03  MON 15:10 FAX 352 336 7855        Red Roof Inn Gainesville                    ☑006

US Patent No: 10/073,586

Listing of exhibits for US Patent Office Interior set for 01-23-03

*   ___34___ Casino player membership cards.

*   ___7___ Casino trade publications

* Brochure of Ned H Presley with disclosure release. (*Expert Witness*)

* State of Mississippi Laws and gaming Commission Regulations. (*No Outside Vendors*)

* Personal letter from Horse Shoe Casino (*Practical Results*)

* Las Vegas trade show program and seminar listings (*Long Standing – Felt Need*) (*Known Problem*)

* 2 cassette teaching tapes "Protecting Items and Intellectual Property" In the Casino

Industry.

* 1 cassette teaching type "Evict, Trespass and 86, Dealing With the Unwanted." (*No Outside Vendors*)

* "*Gaming Business Director*," 1500 Casino, USA Has Not Been Obvious

* *State of Florida Private Investigator License*

_Ned H. Presley_

Page 1

0033

05/19/03  MON 15:10 FAX 352 336 7855        Red Roof Inn Gainesville                    @007

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Ned Harris Presley          Examiner: William M. Pierce
Serial No: 10/073,586                  Group Art Unit: 3711
Filed:    02/12/2002
Title:    Gambling Casino new/improved process for
          Gambler attraction and higher yields

## AMENDMENT AND RESPONSE

Honorable Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

This Amendment and Response is submitted in response to the Examiner's Office Action

Dated 12/26/2002. Please amend the above-identified application as follows:

## In the specifications and in the claims:

As I am an independent inventor and (high school graduate only), I do request and

authorize the examiner to correct and/or amend the claims and specification with such

appropriate wording and terms that are A) Normal and acceptable to the U.S. Patent office and

B) that will convey, explain and clarify the nature and intention of invention No. 10/073,586 as

stated in the 1) claims and specification submitted, 2) the remarks below listed, 3) the office

interview as set for 01/23/2002, 4) the references listed and attached or presented at said

interview and, 5) the attached affidavit.

## In The Claims:

Please delete claim #1 and #2.  Please replace with corrected claim #1 and #2.

Revised CLAIMS are submitted and enclosed; which now read:

## CLAIMS

### WHAT I CLAIM AS MY INVENTION IS:

1. A new gambling casino process, which comprises stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino gambling areas, including tables, machines, sports book and keno areas.

[ WHAT I CLAIM IS: ]

2. A new gambling casino process according to claim 1: utilizing uniforms or costumes as designated by the casino.

[ WHAT I CLAIM IS: ]

3. A new gambling casino process according to claim 1; advertised and promoted by the casino.

Revised 2-01-2003

# REMARKS

## DRAWINGS

A detailed "flowchart" is now submitted and enclosed.

### -Claim Rejections -35 USC : 101-

#### -Statutory Subject Matter-

<u>Inventor states:</u> Claims 1-3 are statutory subject matter as "a new process" is expressly stated and included as statutory in 101.

<u>Inventor States:</u> That USC 101 and USC 100(b) also provide for a "<u>new/use</u>" of a known process or "<u>Improvement</u>" thereof to be statutory subject matter.

### (AS IN ANYTHING NEW UNDER THE SUN)

#### -Practical Application-
#### -Useful Concrete and Tangible Results-
#### -Real World Value-

<u>Inventor States:</u>  invention No. 10/073,586 and the submitted flowchart lists and details real world value and results:

1.) Casino Enticement and Attraction of more gamblers.

2.) higher yields-more gamblers <u>and longer uninterrupted gambling sessions</u>

3.) other practical results as listed and implied in the specification and flowchart.

## Abstract Ideas-

<u>Inventor States</u>:  the 6 steps, DETAILED DESCRIPTION OF THE INVENTION,
A,B,C,D,E,F, provide for and bring to fruition the detailed NEW process, with resulting
real world values.

### (ABSTRACT IS OVERCOME BY 6 DETAILED STEPS)

### -Human being, property right-

<u>Inventor States</u>:  No property rights in human beings is being sought or requested, the
subject matter is the process and services provided to gamblers to produce concrete,
useful and tangible results.

### (MOST OR ALL PATENTS REQUIRE HUMAN BEING TO OPERATE)

### -35 USC : 112-

### -Subject Matter-

### -Transitional Phrase-

<u>Inventor States</u>:  Correction of wording is requested of the examiner, as permitted by
law and patent office regulations.

### -35 USC : 103-

### -Obvious to a person skilled in the art-

### -Notice of reference cited on PTO-892-

<u>Inventor States</u>: 1.)  The reference cited does not deliver massage services or any

services inside the gambling casino areas to gamblers as they continue to gamble.

2.) The gambling areas inside a casino are closely secured, monitored, and patrolled as required by state Gaming laws and casino managers. No outside contractors or vendors are permitted at anytime.

3.) All casino employees require a license by the state and regulatory authorities via or through their particular casino. Reference cited employees cannot be so licensed.

4.) The reference cited requires a Special Chair, which takes a person away from his/her activity and causes his/her face to be pressed or rested into a cushion, rendering the person passive and non-functional. This Special Chair could not be accommodated at casino gambling tables, gambling areas and stations or casino aisles and walkways.

5.) The reference cited lacks the Authority, Ability or Power to implement the 6 steps as listed and necessary to birth this new casino process.

6.) The subject matter considered "as a whole" cannot be implemented by the reference cited and is therefore not obvious and not possible.

7.) The reference cited and gambling casinos are 2 very distant art forms/fields .

**(NONANALOGOUS)**

8.) The reference cited does not contain or describe any contact or information exchange or links between reference and gambling casinos. (* footnote *).

9.) The higher yields and increased gambler attraction, which is birthed by

the new and novel process of US Patent 10/073,586 is a synergistic surprise as a result of combining 2 art forms, 1.) the casino and, 2.) a brief upper body massage (while gambling).

  10.)  The casino industry, art form, does actively pursue and seek improved gambler attraction and longer gamble "play time". Programs and promotions are sought by attendance of many trade shows, seminars, schools and employing consultants, and marketing advisors. **(LONG STANDING, FELT NEED), (KNOWN PROBLEM)**

  11.)  Casino management personnel almost never have the background and knowledge from the experience of the <u>gamblers side of the table</u>. Therefore contributing to their under estimation of the gamblers stress and fatigue levels! They have therefore not seen the enthusiastic value of US Patent <u>No.10/073,586</u> to gamblers to continue and extend their gambling sessions uninterrupted.

  12.)  Prior to US patent No.10/073,586 the invention as a whole <u>would not</u> and <u>was not obvious</u> to the casino "person of ordinary skill in the art" at that time.

  13.)  RE: Business Methods Patents - Formulating and communicating 103 rejections, page 31 of 33, 4th paragraph: states that a 103 rejection is improper when "there is nothing in either of references that would suggest that the motivation of combining the references is known outside of the applicants disclosure."

  14.)  The critical, new, provision of Claim 1. "<u>as they are gambling</u>" expressly and positively establishes this New invention as significantly different from A.

Page 6

the reference cited and B. any "Old and Well-Known" methods of massage which rendered the subject or recipient of the massage non-functional and passive.

## CRITICAL NEW INVENTION

15.) The Examiner stated on page 3-claim rejections -35-USC.103 ilv. com. shows massage "during any activity". Inventor States, the opposite is described by the reference which requires the subject to be seated in a special chair with face pressed into a cushion, preventing any useful activity.

16.) The Examiner stated on page 3 claim rejections -35-USC 103 "it is old and well known to promote products and services by offering free to clients products that are desirable". Inventor objects as there is no reference cited to any old and well known massage being performed while the subject is active and productive.

17.) The examiner Stated on page 3 Claim Rejection -35-USC 103 "Therefore it would have been obvious to have offered massages in a casino to players such as those shown by ilv. com"-----Inventor objects as the reference shows nor describes any massage administered to an active or productive subject.

☒014

18.) A conclusion of obviousness is not reasonably established by combining the references cited.

The invention at hand details a new process with improved, novel properties, and benefits, which invent higher casino yields.

This process and result is not expected and not taught and not suggested by the references cited.

## (NEW UNDER THE SUN)

*Footnote:  In all cases in US. Patent 10/073,586 the term "Gambling Casino" denotes

the areas controlled, secured and patrolled for <u>active Gambling</u>, table games, slot

machines, sports books, keno, etc. and not the hotel and other areas of any complex or

site.

Reconsideration of the application is respectfully requested.

Respectfully Submitted,

Ned Harris Presley
King James Bible—Proverbs 8:12 "I wisdom dwell with Prudence, and find out knowledge
of witty Inventions."

Date: _1st  Feb 8- 2003_

Direct Communications To:

_Re Sent  5—19-2003_

Ned Presley
52 Carriage Hill
Casselberry, FL  32707
U.S.A.
Phone: (407) 331-9014

Page 9

## Trudy Mitchell

### United States Patent & Trademark Office

### Customer Service Center, Technology Center 3700

**703-306-5648**

Total # of pages **including** cover sheet 1

**Date:     5/19/03**

**To: Ned Presley**

Recipient Fax: (352-336-7855)

**From: Trudy Mitchell**

Customer Service Rep.

**Customer Service Center**

Sender Fax:     703 308-7957

**Memo:** Mr. Presley, here is something in writing that I have checked the case, SN 10/073,586, for the papers that you said was sent in, I did not see the Amendment of February 14, 2003, nor the other papers, i.e., the list of exhibits, etc. I have e-mailed Examiner Pierce and asked him to give you a call concerning this case. If there is anything else that is needed please feel free to call our Customer Service Center.

Thank you
**Trudy Mitchell**
**Customer Service Center**
**TC- 3700**

# Fax•Fax•Fax•Fax•Fax•Fax•Fax•Fax•Fax•Fax•Fax



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590          06/10/2003

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | 7 |

DATE MAILED: 06/10/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

Original file copy
wjd
2/10/05

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| **Office Action Summary** | 10/073,586 | PRESLEY, NED HARRIS |
| | **Examiner** | **Art Unit** | |
| | William M Pierce | 3711 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *14 February 2003* .

2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-3* is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-3* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

*Copy of Office action inserted by Examiner 2/10/05*

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

   If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All b)☐ Some * c)☐ None of:

   1. ☐ Certified copies of the priority documents have been received.

   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
      application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

   a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

0045

Application/Control Number: 10/073,586

Art Unit: 3711

## DETAILED ACTION

Applicant's request for reconsideration of the finality of the rejection of the last Office action is persuasive and, therefore, the finality of that action is withdrawn. On 5/19/03 applicant submitted copies of his response that were not considered by the previous office action. The matter to further be considered by this action is a "flow chart", revised claims and remarks.

### Drawings

The corrected or substitute drawings were received on 5/19/03. These drawings are contain a flow chart provided and are not approved by the examiner. As such the drawings remain objected to. First the drawing should be labeled fig. 1 and the specification should be amended in a section entitled "Brief description of the drawings" to refer to this figure and make a brief statement. Applicant is encouraged to look at the cited patents for an example of this form requested. Further the drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they do not include reference sign(s) that are mentioned in the description. This requirement sets forth that the features illustrated in the drawings must be discussed in the specification and that reference signs should be used to facilitate the identification of each feature being discussed. Opinions and remarks by applicant set forth in the "practical results" and "inferred benefits" should be removed from the drawing. The proposed drawing must avoid the introduction of new matter. 37 CFR 1.121(f) states that no amendment may introduce new matter into the disclosure of an application.

### Claim Rejections - 35 USC § 101

Claims 1-3 remain rejected as set forth in the previous office action;

Claims 1-3 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. Patents are not granted for all new and useful inventions and discoveries. The subject matter of the invention or discovery must come within the boundaries set forth by 35 U.S.C. 101, which permits patents to be granted only for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." The examiner's position is based on the fact that it has been held that the claimed invention as a whole must accomplish a practical application. That is, it must produce a "useful, concrete and tangible result." State Street, 149 F.3d at 1373, 47 USPQ2d at 1601-02. Therein defined limits patent protection to inventions that possess a certain level of "real world" value, as opposed to subject matter that represents nothing more than an idea or concept. (Brenner v. Manson, 383 U.S. 519, 528-36, 148 USPQ 689, 693-96); In re Ziegler, 992, F.2d 1197, 1200-03, 26 USPQ2d 1600, 1603-06 (Fed. Cir. 1993)).

Application/Control Number: 1u073,586

Art Unit: 3711

One of the subject matters courts have found to be outside the four statutory categories of invention is abstract ideas. See, e.g., Rubber-Tip Pencil Co. v. Howard, 87 U.S. (20 Wall.) 498, 507 (1874) ("idea of itself is not patentable, but a new device by which it may be made practically useful is"); Mackay Radio & Telegraph Co. v. Radio Corp. of America, 306 U.S. 86, 94, 40 USPQ 199, 202 (1939)

## Claim Rejections - 35 USC § 112

Since no amendments to the claims were presented, claims 1-3 rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The form of the claims is in apt in that there is no transitional phrase to clearly distinguish between the preamble and the body of the claim. Applicant should review the form of the claims in the patents made of record. Indefinite language such as "providing or permitting", "and/or", "uniformed or costumed" and etc. render the scope of the claim unclear.

## Claim Rejections - 35 USC § 103

Claims 1-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over ilv.com as set forth in the previous office action

ilv.com shows massage during any activity to relieve stress and as being desirable. It is old and well known to promote products and services by offering free to client's products that are desirable. Therefore it would have been obvious to have offered massages in a casino to players such as those shown by ilv.com in order to entice players and provide relaxation.

## Response to Arguments

Applicant's arguments filed 2/14/03 have been fully considered but they are not persuasive.

Examiner, notes applicant's request for assistance in constructing a claim. However, in view of the outstanding rejections under 101 and 103, no patentable subject matter has been identified.

With respect to the rejection under 101, applicant is remarkably well studied on the issue. However, the examiner stresses that in order for and "abstract idea" to be statutory subject matter analogous to a method of doing business it must produce a <u>useful, concrete and tangible result.</u> The examiner does not dispute the usefulness requirement. However, the result must also be "concrete" and "tangible". By definition something which is concrete is "having a material, perceptible existence; of, belonging to, or characterized by things or events that can be perceived by the senses; real; actual and something which is tangible is "that can be touched...having actual form and substance". In the instant

Application/Control Number: 10/073,586

Art Unit: 3711

invention the results are intangible. While applicant's remarks and specification points to results such as increased casino earnings due to more relaxed and longer playing times, there is no evidence of record that supports these results. These results are speculative and are not supported by fact. As set forth by the examiner in the interview with the applicant, many gamblers are serious and would not want to be distracted by a massage while gaming. As such, absent of any evidence of any "tangible results", the claims remain rejected under 101.

As to the rejection under 103, it is clear that one may order a massage at his home, office and even in the airport. Providing opportunity to a person to receive a massage at any location is an obvious matter of choice in order to more conveniently provide the known its benefits at any place a person may happen to be. One must consider such is a matter common sense of the person of ordinary skill in the art to make desirable services more convenient to patrons. (See In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969)). Merely selecting a casino environment to offer a massage is considered an obvious matter of choice in changing from one known location to another. The effects, desirability and luxury of a massage remains the same regardless of the location given.

The presence of outside contractors or vendors, employee license, special chairs and "Authority" are not recited in the rejected claim(s). As such these argument are moot.

What is "analogous prior art" for the purpose of analyzing the obviousness of the subject matter at issue. "In order to rely on a reference as a basis for rejection of an applicant's invention, the reference must either be in the field of applicant's endeavor or, if not, then be reasonably pertinent to the particular problem with which the inventor was concerned." In re Oetiker, 977 F.2d 1443, 1446, 24 USPQ2d 1443, 1445 (Fed. Cir. 1992). See also In re Deminski, 796 F.2d 436, 230 USPQ 313 (Fed. Cir. 1986); In re Clay, 966 F.2d 656, 659, 23 USPQ2d 1058, 1060-61 (Fed. Cir. 1992) ("A reference is reasonably pertinent if, even though it may be in a different field from that of the inventor's endeavor, it is one which, because of the matter with which it deals, logically would have commended itself to an inventor's attention in considering his problem."); and Wang Laboratories Inc. v. Toshiba Corp., 993 F.2d 858, 26 USPQ2d 1767 (Fed. Cir. 1993). In the instant case both the instant invention and the applied art deals with "massage" and as such is clearly analogous.

The Affidavit under 37 CFR 1.132 filed 5/19/03 is insufficient to overcome the rejection of claims 1-3 based upon 35 USC 103 as set forth in the last Office action because it fails to assert facts. Applicant's gambling history has little to do with the patentability of the claimed invention in view of the applied art. Note that in In re Beattie, 974 F.2d 1309, 24 USPQ2d 1040 (Fed. Cir. 1992) (declarations of seven persons

Application/Control Number: 10/073,586                                                    Page 5

Art Unit: 3711

skilled in the art offering opinion evidence praising the merits of the claimed invention were found to have

little value because of a lack of factual support) and further that an affidavit of an applicant as to the

advantages of his or her claimed invention is less persuasive than that of a disinterested person. Ex parte

Keyes, 214 USPQ 579 (Bd. App. 1982); In re McKenna, 203 F.2d 717, 97 USPQ 348 (CCPA 1953). An

affidavit is for presenting facts such as long felt need, commercial success, problems solved and/or

unexpected results. The instant affidavit contains no such facts as they pertain to the invention and thus

fails to overcome the grounds for rejection.


### Conclusion

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth

in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the

mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this

final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened

statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and

any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory

action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the

mailing date of this final action.


Any inquiry concerning this communication and its merits should be directed to William Pierce at

E-mail address bill.pierce@USPTO.gov or at telephone number (703) 308-3551.

Any inquiry not concerning the merits of the case such as **missing papers, copies, status or**

**information** should be directed to Tech Center 3700 Customer Service Center at (703) 306-5648 where the

fax number is (703) 308-7957 and the email is Customerservice3700@uspto.gov.

For **official fax** communications to be officially entered in the application the fax number is (703)

305-3579.

For **informal fax** communications the fax number is (703) 308-7769.

Any inquiry of a general nature or relating to the status of this application or proceeding can also

be directed to the receptionist whose telephone number is (703) 308-1148.

Any inquiry concerning the drawings should be directed to the Drafting Division whose

telephone number is (703) 305-8335.

Application/Control Number: 10/073,586

Art Unit: 3711

| | Application No. | Applicant(s) |
|---|---|---|
| **_Interview Summary_** | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit |
| | William M Pierce | 3711 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _William M Pierce_.                    (3)_____.

(2) _Ned Presley_.                         (4)_____.

Date of Interview: _20 June 2003_.

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal [copy given to: 1)☒ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☒ Yes   e)☐ No.
    If Yes, brief description: _affidavits, conference literature, letters, 50 players cards (see attached yellow folder)._.

Claim(s) discussed: _1-3_.

Identification of prior art discussed: _none_.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussed standards of evidence and 35 USC 101 and 103. Stated that expert testimoney must set forth facts to establish them first as an expert and then facts to the merits of the claimed invention (as opposed to unsubstantiated opinions)._.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

0051

Examiner Note: You must sign this form unless it is an
Attachment to a signed Office action.                        Examiner's signature, if required

## Summary of Record of Interview Requirement.

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
**Paragraph (b)**
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**
All business with the Patent and Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.
Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.
The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
 – Application Number (Series Code and Serial Number)
 – Name of applicant
 – Name of examiner
 – Date of interview
 – Type of interview (telephonic, video-conference, or personal)
 – Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
 – An indication whether or not an exhibit was shown or a demonstration conducted
 – An identification of the specific prior art discussed
 – An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
 – The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
 (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

JUL-09-03 07:10 PM   R   , LIMITED MAGGIE V   826  :6 7800   P.01

To Fax 703-872-9301
and 703 872-9302
To: Customer Service 3700

RECEIVED
JUL 8, 2003
Group 3700

Re: Application No. 10/073,586
Art Unit 3711

Sir, the FINAL office Action mailed To me
06/10/2003 does cite 12 Court decisions.
Please mail To me a full copy of Thee decisions.
That I make a proper reply.

Thank you
Ned H Presley
52 Carriage Hill Cir
Casselberry Fla
32707.

FAX RECEIVED
JUL 0 9 2003
GROUP 3700

0053

Received from < 828 026 7800 > at 7/8/03 7:08:11 PM [Eastern Daylight Time]



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590     07/24/2003

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 07/24/2003

10

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Application No. | Applicant(s) |
|---|---|---|
| **_Advisory Action_** | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit |
| | William M Pierce | 3711 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 08 July 2003 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a
final rejection under 37 CFR 1.113 may <u>only</u> be either: (1) a timely filed amendment which places the application in
condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued
Examination (RCE) in compliance with 37 CFR 1.114.

### PERIOD FOR REPLY [check either a) or b)]

a) ☒  The period for reply expires <u>3</u> months from the mailing date of the final rejection.

b) ☐  The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In
no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP
706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension
fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension
fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or
(2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely
filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

1. ☐  A Notice of Appeal was filed on _____. Appellant's Brief must be filed within the period set forth in
37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2. ☐  The proposed amendment(s) will not be entered because:

    (a) ☐  they raise new issues that would require further consideration and/or search (see NOTE below);

    (b) ☐  they raise the issue of new matter (see Note below);

    (c) ☐  they are not deemed to place the application in better form for appeal by materially reducing or simplifying the
issues for appeal; and/or

    (d) ☐  they present additional claims without canceling a corresponding number of finally rejected claims.

    NOTE: _____.

3. ☐  Applicant's reply has overcome the following rejection(s): _____.

4. ☐  Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment
canceling the non-allowable claim(s).

5. ☐  The a)☐ affidavit, b)☐ exhibit, or c)☐ request for reconsideration has been considered but does NOT place the
application in condition for allowance because: _____.

6. ☐  The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly
raised by the Examiner in the final rejection.

7. ☒  For purposes of Appeal, the proposed amendment(s) a)☒ will not be entered or b)☐ will be entered and an
explanation of how the new or amended claims would be rejected is provided below or appended.

    The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: _____.

    Claim(s) objected to: _____.

    Claim(s) rejected: <u>_1-3_</u>.

    Claim(s) withdrawn from consideration: _____.

8. ☐  The proposed drawing correction filed on _____ is a)☐ approved or b)☐ disapproved by the Examiner.

9. ☐  Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

                                      WILLIAM M. PIERCE

10. ☒  Other: <u>_See Continuation Sheet_</u>                     PRIMARY EXAMINER

**Continuation Sheet (PTO-303)**                                     **Application No. 10/073,586**

Continuation of 10. Other:   The citations  in the office action are of decisions which are available to the public.  The Office does not take
on the burden of providing copies of citations mentioned in the office action.  As well as libraries, copies of patents & related documents
can be obtained on the PTO website, USPTO.gov at https://www3.uspto.gov/oems25p/index.htm as well as free legal information
websites such as www.findlaw.com..

*Notice of Appeal* *f*
*SiiMmmr*

PTO/SB/31 (05-03)
Approved for use through 07/31/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | Docket Number (Optional) |
|---|---|

# NOTICE OF APPEAL FROM THE EXAMINER TO
# THE BOARD OF PATENT APPEALS AND INTEFERENCES

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450"

on _____

Signature _____

Typed or printed name _____Ned Presley_____

In re Application of _____Ned Presley_____

Application Number _____10/073,586_____   Filed _____02-12-2002_____

For _____Gambling Casino etc_____

Art Unit _____3711_____   Examiner _____W.M. Pierce_____

Applicant hereby appeals to the Board of Patent Appeals and Interferences from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 1.17(b))    $ _320.00_

[X] Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by half, and the resulting fee is:    $ _160.00_

[ ] A check in the amount of the fee is enclosed.

[ ] Payment by credit card. Form PTO-2038 is attached.

[ ] The Director has already been authorized to charge fees in this application to a Deposit Account. I have enclosed a duplicate copy of this sheet.

[ ] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. _____ . I have enclosed a duplicate copy of this sheet.

[ ] A petition for an extension of time under 37 CFR 1.136(a) (PTO/SB/22) is enclosed.

**RECEIVED**
SEP 11 2003
TECHNOLOGY CENTER R3700

**WARNING:** Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

I am the

[X] applicant/inventor.

[ ] assignee of record of the entire interest. See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96)

[ ] attorney or agent of record. Registration number _____

[ ] attorney or agent acting under 37 CFR 1.34(a). Registration number if acting under 37 CFR 1.34(a). _____

Signature

Typed or printed name _____Ned Presley_____

Telephone number _____409-331-9014_____

Date _____9-3-03_____

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.191. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

09/10/2003 RNEBRAHT 00000067 10073586
01 FC:2401          160.00 0P

0057



# NOTICE OF APPEAL

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Ned Presley  
Serial No: 10/073.586  
Filed:      02/12/2002

Examiner: William M. Pierce  
Group Art Unit: 3711

Title      Gambling Casino new/improved process for  
Gambler attraction and higher yields

**RECEIVED**  
SEP 1 1 2003  
TECHNOLOGY CENTER R3700

### NOTICE OF APPEAL

Honorable Commissioner of Patents and Trademarks  
Box AF  
Washington, D.C. 20231

Sir:

In reply to the Office Action, mailed ___6-10-2003___, Applicant (s) hereby appeal (s) to the Board of Appeals and interferences from the decision of the Primary Examiner finally rejecting claims ___1, 2, 3___ in the above identified application. In accordance with 37 C.F.R. & 1.17 (e), enclosed is the fee for filling a Notice of Appeal in the amount of $ ___160.00___ Small entity

Check # 2121
Attached To Form PTO/SB/31 (06-03)

Respectfully submitted,

Ned H Presley

Date: 9-3-03

Direct Communications To:

Ned H Presley  
52 Carriage Hill Cir.  
Casselberry FL; 32 .707  
USA  
Phone: (407) 331-9014

[stamp: 08 2003 IPE JCR PATENT & TRADEMARK]

PTO/SB/21 (05-03)
Approved for use through 04/30/2003, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

Total Number of Pages In This Submission

| | |
|---|---|
| Application Number | *10/073,586* |
| Filing Date | *02-12-2002* |
| First Named Inventor | *Ned Presley* |
| Art Unit | *3711* |
| Examiner Name | *William M. Pierce* |
| Attorney Docket Number | |

## ENCLOSURES   (Check all that apply)

[X] Fee Transmittal Form  *2*
[X] Fee Attached  *2*
[X] Amendment/Reply
    [X] After Final
    [X] Affidavits/declaration(s)  *11*
[ ] Extension of Time Request
[ ] Express Abandonment Request
[ ] Information Disclosure Statement
[X] Certified Copy of Priority Document(s)  *Affidavits 11*
[ ] Response to Missing Parts/Incomplete Application
[ ] Response to Missing Parts under 37 CFR 1.52 or 1.53

[X] Drawing(s)  *2 page*
[ ] Licensing-related Papers
[ ] Petition
[ ] Petition to Convert to a Provisional Application
[ ] Power of Attorney, Revocation Change of Correspondence Address
[ ] Terminal Disclaimer
[ ] Request for Refund
[ ] CD, Number of CD(s)

[ ] After Allowance communication to Group
[X] Appeal Communication to Board of Appeals and Interferences
[ ] Appeal Communication to Group (Appeal Notice, Brief, Reply Brief)
[ ] Proprietary Information
[ ] Status Letter
[X] Other Enclosure(s) (please identify below):
*Power To INSPECT-Copy*

RECEIVED SEP 1 1 2003 TECHNOLOGY CENTER R3700

Remarks
*✱ Required Reply To Substance of The Interview of June 20-2003*
*✱ Request for Oral Hearing Before The Board of Patent APPEALs & Interferences*

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | *Ned Presley* |
|---|---|
| Signature | |
| Date | *9-3-03* |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below.

| Typed or printed name | *Ned Presley* | | |
|---|---|---|---|
| Signature | | Date | *9-3-03* |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

*Req for Oral Hearing*
*3. Zimmerman*

PTO/SB/32 (05-03)
Approved for use through 4/30/2003, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

O I P E

SEP 9 8 2003

PATENT & TRADE

| | Docket Number (Optional) |
|---|---|

# REQUEST FOR ORAL HEARING BEFORE
## THE BOARD OF PATENT APPEALS AND INTEFERENCES

| I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" on _____ | In re Application of *Ned Presley* |
|---|---|
| | Application Number *10/073,586* | Filed *02-12-2002* |
| Signature _____ | For *Gambling Casino etc* |
| Typed or printed name *Ned H Presley* | Art Unit *3711* | Examiner *W. M. Pierce* |

Applicant hereby requests an oral hearing before the Board of Patent Appeals and Interferences from in the appeal of the above-identified application.

The fee for this Request for Oral Hearing is (37 CFR 1.17(d))                                        $ *280.00*

☐ Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced       $ *140.00*
   by half, and the resulting fee is:

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.
   I have enclosed a duplicate copy of this sheet.

☐ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment
   to Deposit Account No. _____ . I have enclosed a duplicate copy of this sheet.

☐ A petition for an extension of time under 37 CFR 1.36(b) (PTO/SB/23) is enclosed.
   For extensions of time in reexamination proceedings, see 37 CFR 1.550.

RECEIVE─

SEP 11 2003

TECHNOLOGY CENTER R3700

**WARNING: Information on this form may become public. Credit card information should not
be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☒ applicant/inventor.

☐ assignee of record of the entire interest.
   See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed.
   (Form PTO/SB/96)

☐ attorney or agent of record.

☐ attorney or agent acting under 37 CFR 1.34(a).
   Registration number if acting under 37 CFR 1.34(a). _____

Signature

Typed or printed name *Ned Presley*

Telephone number *407-331-9014*

Date *9-3-03*

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required.
Submit multiple forms if more than one signature is required, see below*.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.194(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

09/10/2003 RMEBRAHT 00000067 10073586

02 FC:2403                                        140.00 OP