i MFD
11-3-03

R. Kent
11/12/03
#13

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application: Ned Presley          Examiner: William M. Pierce
Serial No:   10/073.586          Group Art Unit: 3711
Filed:       02/12/2002

Title:       Gambling Casino new/improved process for
             Gambler attraction and higher yields

Honorable Commissioner of Patents and Trademarks

Washington, D.C. 20231

To:    THE BOARD OF PATENT APPEALS AND INTERFERENCES

## APPEAL BRIEF

Sirs:

This is a pro se appeal including only items

1. Real part in interest
2. Related appeals and interferences
3. Argument

As permitted by MPEP 1206 appeal brief 37 CFR 1.192 appellant's brief page 5 appeal

Brief content last paragraph (copy A-1)

11/05/2003 AADOF01  00000102 10073586

01 FC:2402                    165.00 DP

1

## (1)
### (Real part in interest)
The applicant Ned Presley is the <u>only</u> real part in interest

## (2)
### (Related appeals and interferences)
There are no other appeals or interferences

2

(8)
(ARGUMENT)

RE: 37 CFR 1.192 (c) "merely specifies the minimum requirements for a brief, and does not prohibit the inclusion of any other material which an appellant may consider necessary or desirable, for example, a list of references, table of contents, table of cases, etc." as listed on page 9 of MPEP 1206. (Copy A-2)

The appellant does consider necessary and desirable the material contained in his last document submitted "Required Reply to Substance of the Interview of June 20, and Amendment and Response.

This document does include claims corrected with a semicolon and correct 2 page flow chart (both as instructed by the examiner) 11 affidavits, 4 charts and listing of other references and arguments. This material is necessary to fully state the position of the appellant, and will provide an information bridge to overcome the appellant's lack of skill or knowledge in appeal brief construction and form.

This material will be, in part presented at the oral hearing. Therefore as "the appellant does consider necessary and desirable" This material is incorporated into and made part of this brief. (Copy P-3) (3 Copy's supplied)

3

**(8)**
**(ARGUMENT)**
continued

Note:  Responding in the same order as listed in examiners office action summary mailed

06/10/2003

## DRAWINGS

The detailed "Flow Chart" is now corrected as instructed by the examiner. (copy 2)

Note the "new information", inferred benefit #A1 has been removed, all other results and benefits are recited in the original application submitted 02-12-2002

The "Flow Chart" has been named Fig #1, note the 1st 6 steps of A.B.C.D.E.F. are the same as the steps A.B.C.D.E.F. recited in the application page 2 and page 3 "DETAILED DESCRIPTION OF THE INVENTION"

A new page "Brief description of the drawings" is attached! (Copy 3)

"Practical results" and "inferred benefits" corrected to "useful results."

Note applicant <u>does request</u> that the demand for a "Flow Chart" be withdrawn.

4

## ARGUMENTS

This patent application is written as 1st person knowledge and experience of the inventor. An affidavit of fact, evidence, and qualifications as expert witness is the next page.

See also Chart 1 (Copy #4) for inventor qualifications as expert witness. Also evidence of:

      **A** Casino industry evidence of recurring long felt needs for new promotions and "Comps".

      **B** Casino surveillance prohibition of outside vendors (ie massage) entrance to casino.

      **C** Casino "long felt need" image improvement (ie, responsible drinking)

4A

## AFFIDAVIT

I Ned Harris Presley do now swear and affirm:

I have frequented gambling casinos in the USA and the Bahamas for more than 20 years. For the past 4 years I have been a Semi professional gambler, logging well over 1000 hours of "table time", in Mississippi and in Las Vegas casinos. I am a card carrying member of _____ 34 _____ Casino Player Clubs.

I have attended 2 major gambling casino trade shows in the last 2 years, ( with their included seminars, schools, and presentations).

As an ex State of Florida Private Investigator I have been successful in interviewing in "pretext style" many casino dealers, pit bosses, and high end players.

I am well aware of the present styles and types of players "Comp" awards and benefits provided and offered to casino gamblers.

This invention No. 10/073,586 was birthed out of my personal experience of long periods of uninterrupted gambling sessions up to 5 and 8 hours.

All statements made in this invention are true and from personal knowledge and experience.

Dated: 3|19|3

Ned H. Presley

Notary Public:

THERESA PETERS
My Comm Exp. 3/23/04
No. CC 921558
[ ] Personally Known [ ] Other I.D.

Page 4 A 1

0126

## ARGUMENTS

### As to the U.S.C. 101 Rejection

### "THE ISSUE"

Does the scope of the 3 claims and the 6 step by step concrete actions and procedures of this patent application describe, implement, enable and birth a new invention which provides form and substance well exceeding an abstract idea.

The patent application copy #1 does contain the required elements of novelty, usefulness and as required by U.S.C. 101, 102 and 103.

4B

Note: The examiner has not objected to, nor disputed the 6 step by step concrete actions, elements and procedures in the application.

As noted in MPEP 2106 " a new combination of steps in a process may be patentable even though all the constituents of the combination were well known and in common use before the combination was made".

Note: The examiner concedes that this invention is "USEFUL", which necessarily must include that which is tangible!

There remains a continual recurring "long felt need" for new casino "comps and promotions" (Copy 34 MPEP 2141)

There remains outstanding and office non rebutted 10 statements of fact and arguments of applicant which traverse and rebuke the reference ilv.com (Copy P-3 pages 16, 17, 18, 19, 20) (This document pages 18, 19, 20, 21, 22, 23)

4C

## "AUTHORITIES"

Copy = 47 MPEP 707.07 *OFFICE FAILED TO REBUT*

Copy = 48 MPEP 716.01 *Traversing Facts Must be Considered, Examiner Must Explain Why*

Copy = 49 MPEP 707.07 *Examiner Must Address All Arguments*

Copy = 53 MPEP 2106 *New Combination of Steps*

4D

" An appellant's brief must be responsive to <u>every</u> ground of rejection stated by the examiner".  (Copy 58)

The appellant may be required to clarify, respond, address, any matter deemed appropriate for a reasoned decision on the appeal, this may include particular case law. (Copy 59)

Appellant does question and make record and note, that no "<u>Common Factual Basis</u>" has been established and set forth by the examiner for the 12 court references relied upon in the rejections, and this application with claims 1-3.

4E

The examiner rejections of claims 1-3 contains and relies on 12 court decisions, these references are not appropriate.

## Authorities

(Copy 58 MPEP 1206 Every Ground)

Copy 59 MPEP 1212 (Appeal any matter)

4F

During phone calls with the examiner it was established and admitted that the examiner was not in possession of these 12 court decisions, and relied only on the interpretations of unknown others, as briefly summarized in various paten office manuals and publications.

It is there for impossible that the required Common Factual Basis has been established with these 12 references and this invention at the time the rejections were made.

Note the inventor does not dispute that some "Common Factual Basis" may exists, only that it has not been so established at this point in time!

"Authority"

(Copy 54 Business Methods Patents formulating and communicating 103 Rejections)

4G

An example may be "prophetic," an applicant need not have actually reduced the invention to practice prior to filing.

The mere fact that something has not previously been done clearly is not in itself a sufficient basis for rejecting all applications purporting to disclose how to do it.

## "AUTHORITIES"

Copy 19-MPEP- 2164.02

Copy 22-MPEP- 2164.08 (a)

Copy 23-MPEP- 2164.02

4H

As <u>required</u> by (MPEP 2164.01(c) the examiner has not explained and provided <u>evidence</u> as to <u>why</u> the specification fails to enable each disclosed use. (15 useful benefits)

"Authority"

(Copy 24-MPEP 2164.01c)

The court requires the patent office to explain <u>why</u> it doubts the truth or accuracy of statements in disclosure/invention and support doubts with evidence.

"Authority"

(Copy 25 MPEP 2164.04)

4I

Federal courts have rarely sustained rejections under 35 U.S.C. 101.

Burden is on the office to set forth factual reasons, which would lead one, skilled in the art to question the objective truth of the statement of operability.

A small degree of utility is sufficient (some beneficial function) a commercially successful product is not required. Partial success is being sufficient to demonstrate patentablety.

### "AUTHORITIES"

(Copy 20 MPEP-2107.01) *Rare Court Support 101 Reject - Commercial Sucess, not Require*
*Small degree Sucess OK*

(Copy 21 MPEP-2107.02) *Rare Court Support - 101 Reject*

(Copy 26 MPEP-2107.02) *Presumed Utility - Sufficent*

(Copy 27 MPEP-2107.02) *Only One Use Required*

4J

## Claim 1-3 Claim Rejections-35 USC 101

The Issue: Does this patent invention absolutely, require and demand <u>advance documented</u> "<u>evidence</u> of <u>results</u>"

ie:     1. Records of commercial success

      2. Records of increased casino earning

      3. Records of on site or casino experiments, or trials

      4. The proof of a "working model" producing increased casino profits.

Shall this patent/invention be <u>required</u> to <u>exceed</u> the <u>standard</u> of "THE PREPONDERANCE OF THE EVIDENCE" AND IF SO THEN WHY?

The <u>claims 1-3</u> (copy #5) do not claim increased "casino earnings nor longer playing times" The original application (copy 1)(excluding the claims 1-3) does list <u>8</u> useful results as projected and expected by evidence of expert witness, expert testimony of the <u>applicant</u> and the evidence of 9 <u>affidavits</u> of expert witness, expert testimony of <u>professional gamblers</u> and <u>casino employees.</u>

The Examiner does error in requiring "proof beyond the shadow of a doubt" for one of 15 useful benefits, and taking no note or support of the other 14. The Examiner does error in not accepting or rightly recognizing Expert witness and Experts Testimony of Facts established as evidence by "Sworn to" "Notarized" <u>affidavits</u>.

### "AUTHORITIES"

(copy 5=Blacks Law Dictionary pg. 80)

(copy 6=Affidavits)

(copy 7=Chart 2)

(copy 12=MPEP 2164.07) *Beyond Reason doubT NoT Reduired*

(copy 28=MPEP 705.01(f) ) *Preponderan oF Evidence - More likely*

(copy 29=MPEP 2107.02) *More Likely Than Not*

5

(copy 8=Chart 3)

(copy 9=MPEP 2164.05) *Affidavit=Evidence*

(copy 10=MPEP 716.01, 716.01 (d) ) *Affidavit of Applicant can't disregard*

(copy 11=MPEP 716.01 (a) )
*Must Be Considered*

(copy 30=MPEP 2164.08) *No Beyond Reasonable Doubt Required*

(copy 31=MPEP 716.01(d) )
*Preponderance of Evidence*

5a

The voluntary "survey evidence" on gambler/casino affidavits recites 7 additional projected useful results/benefits. There are therefore 15 expected useful benefits/results by expert testimony. Only one useful benefit is required by 35-USC 101.

Inventor States: Claims 1-3 are statutory subject matter as "a new process" is expressly stated and included as statutory by USC 101.

Inventor States: That USC 101 and USC 100 (b) also state "any new and useful improvement" of a known process or "Improvement" thereof to be statutory subject matter.

The examiner offers a speculation; or opinion regarding "serious gamblers" not wanting to be distracted by a massage while gambling. The examiner provides no reference, or personal training or experience or qualification that would qualify the statement to be valid (copy 13-MPEP 2164.05) (copy 17 MPEP 2107).

The applicant provides ample affidavits and personal expert witness, and expert testimony that the opposite is true (copy 14 MPEP 2107.01).

Note as recited in the applicants sales brochure submitted and reviewed during the 6-20-2003-visit interview. (copy attached "the applicant has interviewed many avid high end players dealers and PIT Bosses who are enthusiastic in support of (this new process-invention) this brochure is covered by applicants affidavit of fact of all information and materials submitted with in this application), and is therefore "Evidence" (copy 15 brochure) (copy 16 MPEP 716.02 (g)).

Note in 4 years of interviews with serious gamblers (in pretext style), only one stated he would decline the free massage offer while gambling. A conservative estimate of the number of serious gamblers so interviewed would be in the range of 200 to 400.

6

The application of massage on an active productive person is "new" (see affidavit of Dr. Ed Warren attached as A-3 and thus an "improvement" over prior teachings and practice of "massage". (copy A-4, A-5) (copy 32 MPEP 2112.02)

As this <u>New</u> or <u>Improved</u> massage, keeps the person active and productive, and produces new benefits, useful.

The 6 concrete steps listed in this application (see flow chart #<u>2</u>) are the "new" process" which open a previously prohibited location (casino) to this "new" type massage for active gamblers, producing and birthing a new "comp" system which produces useful novel, unexpected benefits to the gambler and the casino.

(Copy #2 = FlowCharT )

7

## -Practical Application-

### -Useful Concrete and Tangible Results-
### -Real World Value-

Applicant: invention No. 10/073,586 lists and details real world value and useful

concrete tangible results as follows; as a casino takes the concrete steps A.B.C.D.E.F. as

per "DETAILED DESCRIPTION OF THE INVENTION" there is birthed or invented on

a day certain at an hour certain a new process.

This new process and "Improvement" of massage art does manifest and deliver a

new type of comp or perk or benefit to the casino active gamblers.

The new comp or perk is a new type and "Improvement" of massage art of upper

body massage, (not requiring the gambler to cease his gambling actions and become

passive, docile, and non-productive).

Upon this hour certain attendants will be seen deploying and moving in the casino

administering, this new type of massage to gamblers as they remain active. (Note all

prior massage as taught or administered by practitioners, require the subject to cease

action, and move to a table or special chain to receive treatment.

See Evidence of:

1. Attached affidavit of Dr. Ed Warren B.S. M.A. D.C.) (copy A-3) (COPY A5)
   (COPY A.  )

2. "ilv.com (special chair photo)" (copy A-6)

3. "ilv.com (table massage to your hotel room)" (copy A-6)

8

The tangible results of this new type massage can be felt and experienced by the gamblers senses of touching, feeling, hearing, seeing and smelling. These tangible results would be in evidence when measured (ie: Gamblers change of blood pressure, stomach acidity, brain waves and EKG, etc). The gambler will experience "pain relief" (Immediate benefit to the public); tension relief, renewed energy and relaxation.

Thusly, 1) This invention births a new process or comp or perk or benefit to gamblers. 2) The deployment, use, exercise or administration of this new process or comp or perk upon and to the active gambler will then; from the 1ˢᵗ hour certain, build, accumulate and develop additional useful tangible benefits to the casino and the gambler.

## AUTHORITIES

Copy A-3 Affidavit Dr. Ed Warren

Copy A-6 Ref ilv.com

9

(Note see the attached (copy 6) of 9 affidavits of fact by serious gamblers and qualified casino personnel)

## USEFUL RESULTS

1. Gamblers staying active at the gambling stations/areas for longer uninterrupted sessions.

2. More gamblers attracted to a particular casino.

3. 1 and 2 producing higher yields for the casino.

4. Providing a new class of Casino employees largely cost free, being funded totally or largely by gamblers tips.

5. Reduce alcohol expense for the casino.

6. Reduce alcohol related liability exposure to lawsuits.

7. A new class of employment opportunities created in the local area.

8. The opportunity, occasion, and prestige to present and <u>advertise</u>, the first "basic nature" <u>new</u> benefit program for gamblers in many years by any casino!!

Additional "<u>Survey Evidence</u>" as stated voluntary on gambler/casino employ affidavits attached and recapped on charts <u>2</u> and <u>3</u>. (copy 7 + 8)

Additional Results
"Stated on attached affidavits"
as
"Survey Evidence"

A. "Long Overdue"

B. "Complementary Services, life blood of casino industry"

C. "Is certain other gamblers will "<u>take advantage</u>" of service"

10

D. "Increases comfort for the subject"

E. "Less drunks on floor"

F. "Less family fights because of alcohol"

G. "Safer driving"

H. "Casino longer play hours"

I. "Players love attention"

J. "Good casino draw"

11

Note: It is obvious that some benefits <u>will be immediate</u> from the 1st hour certain. ie: 1) Gambler stress relief. 2) Casino opportunity, occasion and prestige to present and <u>advertise</u> the first "Basic Nature" New Benefit Program for gamblers in many years by the casino. 3) Reduced alcohol expense for casino. 4) Reduced alcohol related liability exposure. 5) A new class of employment opportunities in the local area.

Other benefits, Altho <u>starting</u> to build from the <u>1st hour</u> certain will require some time period to accumulate sufficient data to render results as "evidence" or "proof".

A. Note USC 101 <u>does not require</u> advance evidence of commercial success

B. Note the <u>examiner</u> has judged and stated this invention is "<u>USEFUL</u>". (2nd office action 6-10-2003, page 3 last paragraph) that "the effects, <u>DESIRABILITY</u> and luxury of a massage remains the same regardless of the location give," (2nd office action 6-10-2003, page 4, 2nd paragraph) that "Massage during any activity to relieve stress and as being DESIRABLE" and "in order to <u>ENTICE PLAYERS</u> and <u>PROVIDE RELAXATION</u>" (1st office action 12-16-2002, page 3 last paragraph).

(THUSLY THE EXAMINER DOES <u>STIPULATE</u> <u>TO FOUR</u> USEFUL BENEFITS OF THIS INVENTION)

C. The <u>evidence</u> of all claimed and inferred benefits is

   1. Common knowledge, (to one skilled in the art) (casino industry)

   2. "Judicial note"—(Las Vegas spends one billion dollars per year for "comps".

12

3. A wide variety of gambling and casino industry books, publications and seminars.

4. "THE PREPONDERANCE OF THE EVIDENCE"

5. "More likely than not"

6. "Expert witness" and "Expert Survey Evidence" attached copy 6,8,9

D. USC 101 requires only one useful benefit to meet patent requirements.!

E. To take the position that none of the benefits recited in this application are likely to manifest would be non-supportable in view of the affidavits attached and the expert witness and expert testimony in this application by the applicant.

F. This patent application is submitted as a Process Patent Application for casinos, as allowed by USC 101.

It is not a "business methods" or a "computer related business method" application. AND NO SUCH REQUIRED NOTICE HAS BEEN ISSUED BY THE COMMISSIONER. (Sec.3 BUSINESS METHOD PATENT IMPROVEMENTS ACT OF 2000) Copy #50. Casinos/gambling halls and businesses are two very different

ArT forms:

1. Businesses offer goods and services for payment

2. Casinos/ gambling halls offer adventure, excitement, greed, lust, and deliver deception disappointment, and financial loss

G. Any patent office presently exercised elevated procedures, requirements, or levels of proof required for computer related business methods, should not be require of this

13

0145

application or the applicant.

H. The "Preponderance of the Evidence" Has not been retired or replaced as governing "Process" applications.

### "AUTHORITIES"

Copy #50= Summary B.M. Pat. Improvement Act of 2000
Copy #6= 9 affidavits
Copy #8= Chart #3
Copy #9= MPEP 2164.05, *Affidavit is Evidence*

I. To require advance documented "proof" of the useful benefits, or "commercial success" of this invention, would be "equilivant to requiring a "working model".

(See applicants prior issued Patent # 3,388,573 no "proof or evidence" or working model of the "5 method claims" or "15 machine-claims" was ever requested or *(Copy A-9)* required. Today's casinos are very "Gun Shy" in Patent related issues and will not permit any "Experiments" on "Trials" of such in the casino!

The request and requirement for advance proof and evidence of the USEFUL BENEFITS of this INVENTION are Impossible to supply and are not require by 101. "THE PREPONDERANCE OF THE EVIDENCE SHOULD BE "CASE LAW" IN THIS PROCESS APPLICATION.

### "AUTHORITY"

(Copy 33= MPEP 2107.02 *Per Court - More Data Request Improper*
*(Copy A-9 = US PAT. 3,388,573)*

14

## Abstract Ideas

<u>Inventor States</u>: the 6 steps, DETAILED DESCRIPTION OF THE INVENTION,

A, B, C, D, E, F, provide for and bring to fruition the detailed NEW process, with

resulting real world values.

### (<u>ABSTRACT IS OVERCOME</u> BY 6 DETAILED STEPS)

15

-35 USC: 112-

-Subject Matter-

-Transitional Phrase-

The required previously submitted amendments to the claims containing the requested transitional phrase were located within the file wrapper during the visit of 6-20-2003. As instructed by the examiner, A. Semicolon; is now added to transitional phrase "which comprises;" this action completes agreements with respect to the claims, per "interview summary of the examiner dated 20 June, 2003. Corrected claims attached.

( Copy A-O )

16

Claims 1-3-35 USC: 103-

Rejections ReFilv.com

The issue: Is there any prior art of massage being performed on active productive subjects at any location? Is so are there any likely reasons that casino personnel of average skill in the art" would

1. Have knowledge of same

2. Discover and invent a process to combine it with casino active gamblers?

The one ref ilv.com provided by the examiner very clearly "teaches away" from this invention. The ref ilv.com requires and takes the person away from his activities, production, action, relocates him in to a special designed chair or table and requires that he become passive-non productive and docile. This of course would cease his active gambling in the casino!

The examiner fails to note the "critical feature" and "requirement" of massage as

They "continue to gamble" (claim #1 attached).The only supplied reference

ilv.com does not and can not provide this service (Reference $CoPY A$ 6)

$(COPY\ A-0 = Claims\ 1-3\ )$

17