### As to the U.S.C. 103 Rejection

ilv.com: clearly "Teaches Away" from this invention, in that it requires produces, and renders the subject PASSIVE, DOCIL and NON ACTIVE, NON PRODUCTIVE (Copy A6, A7).

ilv.com: clearly "Teaches Away" from this invention in that the subject must leave his place of active gambling, (ie table, machine, etc) and RELOCATE to a special chair or table!

ilv.com: shows no access or ability or permission, (tight security), to enter a gambling casino/hall.

17a

ilv.com: shows "no motivation" to combine with a gambling casino/hall in that no opportunity for payment or compensation is likely or possible.

ilv.com: demonstrated no desirability and "no motivation" for casino management to allow or permit them to entice and attract gamblers "away" from their gambling activities and positions/locations.

Note: in over 100 years, no person skilled in the casino or massage arts has found motivation, profitability, advantages desirability, possibility or obviousness to combine the 2 art forms.

17b

ilv.com: is not an <u>equivalent</u> of the structure or <u>acts</u> disclosed in the specification (that of performing massage to an <u>active</u> <u>subject</u>, at his <u>productive</u> <u>location</u>).

Persons of <u>ordinary</u> <u>skill</u> in the arts of casino management and massage have shown <u>no</u> <u>attempt</u> or no success to combine.

ilv.com: does not <u>teach</u> <u>all</u> claims limitations, (performed on an active subject), (performed without special chairs or tables) both are missing.

The courts have overturned obviousness rejections for lack of <u>suggestion</u> in the prior art of <u>desirability</u> of combining references.

17c

Any considered combination of the references in question, ilv.com and this invention, would change the principle of operation of ilv.com, (that being to "take a subject away" from his activity for an interlude or a period of rest.)

No reasonable expectation of success of combining references, by overcoming their respective differences has been offered or explained by the examiner.

The examiner has stated that as the inventor was concerned with massage, it becomes analogous art, not so! The requirements are, "stepping back in time" the motivation to combine must have been obvious to one of ordinary skill in the art, not the inventor.

17d

## "Authorities"

Copy 35-35 U.S.C. 103 *Time Made, Person Ordinar Skill*

Copy 36-MPEP 2106 *Person Ordinar Skill*

Copy 37-MPEP 2141.01 *Cast Mind Back*

Copy 38-MPEP 2144.03 *NOT THE INVENTOR*

Copy 39-MPEP 2141 *Must Show Desirability to Combine*

Copy 40-MPEP 2143 *Can Not Change Prior Art Principle*

Copy 41-MPEP 2184 *NOT EQUIVALENT ACTS*

Copy 42-MPEP 706.02 *Must Teach All Limitations an expectation of Success*

Copy 43-MPEP 2143 *Not in Applicants disclosure*

Copy 44-MPEP 2145 *Court Over Turn for lack of Suggestion, Desirability to Combine*

Copy 45-MPEP 2143 *"Can Be", Also requires Desirability*

Copy 46-MPEP 2145 *May Not, Change principle of Prior Art.*

17e

If an applicant has demonstrated the criticality of a specific limitation, (ie:
massage as they continue to gamble) "it would not be appropriate to rely solely on
prior case law to support an obviousness rejection.

## AUTHORITY

(Copy #55 Bus. Meth. Pat. Formulating and Communicating 103 rejections)

17F

This invention possesses improved properties not expected by the prior art. (ie: Massage to continue production and activity not stop production and activity)

## "AUTHORITY"

(Copy #56 Bus. Meth. Pat. Form and Communicating 103 rejections) *Unexpected Results*

The ilv.com case of obviousness is defective as a matter or law.

Ilv.com is prohibited by "Trespass Law" from invading or entering the casino and thus is impossible to be analogous prior art.

## "AUTHORITY"

(Copy #57 Bus. Meth. Pat. Form and Communicating 103 rejections) *Error As A Matter of Law*

17G

"The presence of a property not possessed by the prior art is <u>evidence of</u>

<u>nonobviousness</u>" (ie: massage on active subjects)

## "AUTHORITY"

Copy #60=MPEP 716.02 (a) Evidence Shows Unexpected Results

"<u>Greater than expected results</u> are evidence of nonobviousness" .

( ie: <u>massage to active gamblers</u> yields 16 useful benefits!)

## "AUTHORITY"

Copy #61=MPEP 716.02 (a) Greater than Expected Results

17H

"Superiority of a property shared with the prior art is evidence of

nonobviousness", ie: Massage to an active gambler (maintains productivity) (prior

art massage causes productivity to stop).

## AUTHORITY

Copy #62= MPEP 716.02 (a) Superiority of a Shared Property

171

**Reference ilv.com**

A.    One <u>may</u> <u>not</u> order a massage at "any location" "by a matter of choice at any place a person may happen to be".  Casinos are private property and as such operate under "trespass" law. They employ elaborate surveillance and security systems to prevent and <u>promptly eject</u> any outside vendors of any type, "massage" included.

B.    Massage service performed on active productive persons is <u>not</u> available (see affidavit of Dr Ed Warren attachment #A-3)at any location by any therapists, <u>they are not so taught</u> or <u>so</u> <u>licensed</u>.

C.    In response to Examiners use of "moot" to excuse non-rebuttal of applicants <u>statements of fact</u> transverseing ilv.com as analogous prior art.

Applicant states the arguments and statements of fact pertaining to "vendors", "employee license", "special chairs" and "authority" <u>are</u> <u>not</u> <u>moot</u>.  These issues are raised by ilv.com being introduced by the examiner into this patent application and <u>alleged</u> as analogous prior art.

Applicant's arguments and <u>statements of fact</u> are necessary to <u>transverse</u> and <u>rebuke</u>, the alleged ability of ilv.com to enter a casino and provide any type of service or massage or conduct any type of business on private property.  The arguments and <u>statement of fact</u> as listed by numbers 1.2.3.4.5.6.14.15.16.17, in applicant's prior

18

amendment and response of Feb 14, 2003 remain as 10 statements of fact which traverse

the only alleged prior art. If these 10 statements can not be answered and dispelled, then

there remains NO effective Cited Prior Art to this Invention (see MPEP 707.07 copy

attached) (office failed to rebut applicant's argument) (Attachment # copy # 47)

( COPY 64 - Pages 4,5,6,7, of Applicants 1st Amendment & Response )

19

**-35 USC: 103**

**-Obvious to a person skilled in the art-**

**-Notice of reference cited on PTO-892-**

**(Prior Arguments Not Rebutted) ilv.com**

<u>Inventor States</u>:

1) The reference cited <u>does</u> <u>not</u> deliver massage services or any services inside the gambling casino areas to gamblers as they continue to gamble.

2) The gambling areas inside a casino are closely secured, monitored, and patrolled as required by state Gaming laws and casino managers. No outside contractors or vendors are permitted at anytime.

3) All casino employees require a license by the state and regulatory authorities via or through their particular casino. Reference cited employees couldn't be so licensed.

4) The reference cited requires a Special Chair, which takes a person away from his/her activity and causes his/her face to be pressed or rested into a cushion, rendering the person <u>passive and non-functional</u>. This Special Chair could not be accommodated at casino gambling tables, gambling areas and stations or casino aisles and walkways.

5) The reference cited lacks the Authority, Ability or Power to implement the 6 steps as listed and necessary to birth this new casino process.

6) The subject matter considered "as a whole" cannot be implemented by the reference cited and is therefore not obvious and not possible.

20

**(NON ANALOGOUS)**

**(Prior arguments not rebutted)**

**See MEPE 707.07(f) copy attached**

7. The references cited and gambling casinos are 2 very distant art forms/fields.

8. The reference cited does not contain or describe any contact or information exchange or links between reference and gambling casinos. The rejection is improper: (see *COPY 63* attached page 310 P 33. Business Methods Patents formulating and communicating 103 rejections.

9. The higher yields and increased gambler attraction, which is birthed by the new and novel process of US Patent 10/073,586 is a synergistic surprise as a result of combining 2 art forms, 1.) the casino and, 2.)a brief new type, upper body massage (while gambling).

10. The casino industry, art form, does actively pursue and seek improved gambler attraction and longer gamble "play time". Programs and promotions are sought by attendance of many trade shows, seminars, schools and employing consultants, and marketing advisors which confirm **(LONG STANDING, FELT NEED), (KNOWN PROBLEM) FOR NEW COMPS AND PROMOTIONS.**

11. Casino management personnel almost never have the background and knowledge from the experience of the gamblers side of the table. Therefore contributing to their under estimation of the gamblers stress and fatigue

21

levels! They have therefore not seen the enthusiastic value of US Patent No.10/073.586 to gamblers to continue and extend their gambling sessions uninterrupted.

12. Prior to US Patent No. 10/073.586 the invention as a whole would not and was not obvious to the casino "person of ordinary skill in the art" at that time.

13. RE: Business Methods Patents-Formulating and communicating 103 rejections, page 31 of 33, 4ᵗʰ paragraph: states that a 103 rejection is improper when "there is nothing in either of references that would suggest that the motivation of combining the references is known outside of the applicants disclosure." (Copy Attached) (#63-Bus. Methods, Pat. Formulating and Communicating 103 Rejections Pg. 31).

14. The critical, new, provision on Claim 1. "**as they are gambling**" expressly and positively establishes this New invention as significantly different from A. The reference cited and B. any "Old and Well-Known" methods of massage which rendered the subject or recipient of the massage non-functional and passive.

## CRITICAL NEW INVENTION

15. The Examiner stated on page 3-claim rejections-35-USC. 103 ilv.com. Shows massage "during any activity". Inventor States, the opposite is described by the reference which requires the subject to be seated in a special chair with face pressed into a cushion, **preventing any useful activity**.

16. The Examiner stated on page 3 claim rejections-35-USC 103 "it is old and well know to promote products and services by offering free to clients

22

products that are desirable". Inventor objects as there is no reference cited to any old and well-known massage being performed while the subject is active and productive.

17. The Examiner Stated on page 3 Claim Rejection –35-USC 103 "Therefore it would have been obvious to have offered massages in a casino to players such as those shown by ilv.com"——Inventor objects as the reference shows nor describes any massage administered to an active or productive subject.

18. A conclusion of obviousness is not reasonably established to combine the reference cited and this invention.

The Examiner does error in classifying many facts as "not persuasive" and providing no rebuttal of same (a fact by its substance and definition cannot be "not persuasive") (a fact is)

i.e. examples of preceding facts dismissed as "not persuasive" and not rebutted.

#1    #2    #5    #7    #8    #10    #12    #13    #14    #15    #16    #17

(Also Re: Copy 64) —

The invention at hand details a new process with improved, novel properties, and benefits, which invent higher casino yields and many other useful benefits as listed here- in and in The Patent Application.

This process and results it is not expected and not taught and not suggested by the reference cited.

## (NEW UNDER THE SUN)

23

### (NON ANALOGOUS ART)

A. The ilv.com cited reference clearly "teaches away" from this invention, in that it is preformed only on inactive <u>passive</u> subjects. This invention is preformed on <u>active</u> gamblers as they <u>continue</u> to gamble, therefore, this is a <u>new type</u> of massage <u>not previously taught or preformed.</u>

Preformed in a <u>previously closed/excluded location</u> (gambling casino) <u>now rendered</u> possible by the six steps of this invention.

B. The prior, patent office <u>recognized</u> and <u>applied standard</u> of "analogous prior art", of "stepping back in time <u>by a person</u> of ordinary skill in the art", (in this case, a casino manager or a massage therapist and <u>NOT THE INVENTOR</u> to determine the obviousness of a link or combining the art forms. In this case would produce clearly <u>a lack</u> of possible logic or <u>motivation</u> to combine The Art Forms by persons of ordinary   Skill in the Art. (copy #57 The Final Legal Conclusion), ie: (No contacts, no links, <u>counter productive</u> to casino yields, (passive massage) casino closed (off-limits) protected location). (Very distant art forms).

Note in Casino History of <u>over 100 years,</u> combining of art forms <u>did not occur</u>! With casino <u>floor active gambler</u> and massage of <u>any type.</u>

C. The examiner now offers a far more inclusive and liberal range of reference possibilities, and logic scenarios, than the above mentioned patent office <u>classic</u> and <u>recognized</u> standard. The examiner states on page 4 of the 2nd office action" what is analogous prior art?" This later offered test or standard would effectively obsolete the term and case of "non analogous art" However the new offered test

or standard does contain the statements and requirements and qualification of

    1.  "reasonably pertinent"

    2.  "logically"

These two qualifications and requirement would exclude and prevent this

invention and ilv.com as being considered and classified as analogous prior art.

25

## "SUMMARY"

This patent application is for a rather simple new process easily understood by almost any one. Gambling Casinos are well over 100 years old, and yet this process-invention has never been done or know before. This process invention was discovered and invented as a direct result of the applicants personnel experiences of hundreds of hours at Casino Gambling tables and the resulting painful stress and neck-shoulder muscle tensions. The Gambler will enjoy useful benefits of pain relief; (ie: Immediate Benefit to the Public) and the casino will have a new "comp" birthed!

The Inventor will also provide exhibits and photographs including those listed as "Listing of exhibits for USC Patent Office Interview set for 01-23-03 and the exhibits presented at interview of 06-20-03". (Copy #51 List of Exhibits 01-23-2003) (Copy #52-Page 1 of P-3)

26

Additional "Authorities" are "highlighted" in attached copy (p-2) "Department of Commerce" Patent and Trademark Office, Docket No. 950706172-5172-01 with legal analysis supporting utility examination guidelines.

26a

a.   *Footnote: In all cases in US. Patent 10/073,586 the term "Gambling Casino" denotes the areas controlled, secured and patrolled for <u>active Gambling</u>, table games, slot machines, sports books, keno, etc. and not the hotel and other areas of any complex or site.

b.   *Footnote: In all cases the term "affidavit" is to be defined as "a written or printed declaration of facts" as per Blacks Law Dictionary page 80, copy attached

c.   *Footnote: In all cases the term "Comp" is to be defined as goods or services provided to gamblers at no charge by gambling casinos.

Respectfully Submitted,

Ned Harris Presley A.H.S.G.
King James Bible—Proverbs 8:12 "I wisdom dwell with Prudence, and find out knowledge of witty Inventions."

Date: 10-31-2003

Direct Communications To:

Ned Presley
52 Carriage Hill Cir.
Casselberry, FL 32707
U.S.A.
Phone: (407) 331-9014

Appendix and
Attachments: (Listing attached)

27

$AF \#$



# IN THE UNITED STATE PATENT AND TRADEMARK OFFICE

Applicant: Ned Presley
Serial No: 10/073.586
Filed:      02/12/2002

Examiner: William M. Pierce
Group Art Unit: 3711

Title:     Gambling Casino new/improved process for
           Gambler attraction and higher yields

## APPEAL BRIEF

**RECEIVED**

**NOV 0 7 2003**

Honorable Commissioner of Patents and Trademarks
Box 1450
Alexandria, VA.

**TECHNOLOGY CENTER R9700**

Sir:

As required by prior notice of appeal mailed 09-03-03, Applicant does now submit and enclose the appeal brief. In accordance with 37 C.F.R. & 1.17 (e), enclosed is the fee for filling an appeal-brief in the amount of

$ _165, ⁰⁰_ . _(Small Entity)_

Respectfully submitted,

Date: _10-31-2003_

<u>Direct Communications to:</u>

Ned Presley
52 Carriage Hill Cir.
Casselberry FL, 321707
USA
Phone: (407) 331-9014

( 3 Copys - Aprox 250 page Each )

11/05/2003 AADOFD1  00000102 10073586
01 FC:2402                 =165.00 OP

PTO/SB/21 (05-03)
Approved for use through 04/30/2003, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| **TRANSMITTAL FORM** (to be used for all correspondence after initial filing) | Application Number: 10/1073,586 |
| | Filing Date: 02-12-2002 |
| | First Named Inventor: Ned Presley |
| | Art Unit: 3711 |
| | Examiner Name: William M. Pierce |
| Total Number of Pages in This Submission | Attorney Docket Number: |

## ENCLOSURES    (Check all that apply)

- [X] Fee Transmittal Form (1)
- [X] Fee Attached (1)
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Response to Missing Parts/Incomplete Application
  - [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____

Remarks

*This is a 1st Time Appeal BRIEF*

- [ ] After Allowance communication to Group
- [X] Appeal Communication to Board of Appeals and Interferences
- [X] Appeal Communication to Group (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [ ] Other Enclosure(s) (please identify below):

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | |
|---|---|
| Signature | Ned Presley |
| Date | 10-31-2003 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as ~~first-class mail~~ in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below. *Priority Mail*

| Typed or printed name | |
|---|---|
| Signature | |
| Date | 10-31-2003 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/92 (05-03)
Approved for use through 04/30/2003. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.



**RECEIVED**

NOV 0 7 2003

TECHNOLOGY CENTER R3700

## Certificate of Mailing under 37 CFR 1.8

*Re: APPEAL BRIEF (3 copys)*

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as ~~first-class-mail~~ in an envelope addressed to:

*Priority Mail*

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

on *10-31-2003*.
    Date

_____
Signature

*Ned H. Presley*
Typed or printed name of person signing Certificate

Note: Each paper must have its own certificate of mailing, or this certificate must identify
each submitted paper.

0172

This collection of information is required by 37 CFR 1.8. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1.8 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590          01/21/2004

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/21/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

FTO-90C (Rev. 10/03)

| **Notification of Non-Compliance With 37 CFR 1.192(c)** | **Application No.** 10/073,565 | **Applicant(s)** PRESLEY, NED HARRIS |
|---|---|---|
| | **Examiner** William M Pierce | **Art Unit** 3711 |

*—The MAILING DATE of this communication appears on the cover sheet with the correspondence address—*

The Appeal Brief filed on <u>03 November 2003</u> is defective for failure to comply with one or more provisions of 37 CFR 1.192(c). See MPEP § 1206.

To avoid dismissal of the appeal, applicant must file IN TRIPLICATE a complete new brief in compliance with 37 CFR 1.192(c) within the longest of any of the following three TIME PERIODS: (1) ONE MONTH or THIRTY DAYS from the mailing date of this Notification, whichever is longer; (2) TWO MONTHS from the date of the notice of appeal; or (3) within the period for reply to the action from which this appeal was taken. EXTENSIONS OF THESE TIME PERIODS MAY BE GRANTED UNDER 37 CFR 1.136.

1. ☒ The brief does not contain the items required under 37 CFR 1.192(c), or the items are not under the proper heading or in the proper order.

2. ☒ The brief does not contain a statement of the status of all claims, pending or cancelled, or does not identify the appealed claims (37 CFR 1.192(c)(3)).

3. ☒ At least one amendment has been filed subsequent to the final rejection, and the brief does not contain a statement of the status of each such amendment (37 CFR 1.192(c)(4)).

4. ☒ The brief does not contain a concise explanation of the claimed invention, referring to the specification by page and line number and to the drawing, if any, by reference characters (37 CFR 1.192(c)(5)).

5. ☒ The brief does not contain a concise statement of the issues presented for review (37 CFR 1.192(c)(6)).

6. ☒ A single ground of rejection has been applied to two or more claims in this application, and

   (a) ☒ the brief omits the statement required by 37 CFR 1.192(c)(7) that one or more claims do not stand or fall together, yet presents arguments in support thereof in the argument section of the brief.

   (b) ☐ the brief includes the statement required by 37 CFR 1.192(c)(7) that one or more claims do not stand or fall together, yet does not present arguments in support thereof in the argument section of the brief.

7. ☒ The brief does not present an argument under a separate heading for each issue on appeal (37 CFR 1.192(c)(8)).

8. ☐ The brief does not contain a correct copy of the appealed claims as an appendix thereto (37 CFR 1.192(c)(9)).

9. ☒ Other (including any explanation in support of the above items):

   *The form of the Brief required is detailed in MPEP 1206. While the examiner notes applicant's expectations for Office assistance, the Office does not grant reduced standards or lesser form for a pro se. Pro se applicant's are expected to comply with all statutes and practices expected from a patent professional. Where this Brief is recognized as a bona fide attempt by applicant, it must be revised in the time granted before an Answer is written and the appeal can go forward.*



**WILLIAM M. PIERCE**
**PRIMARY EXAMINER**



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | 1 | 4298 |

7590    02/24/2004

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 02/24/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

Application/Control Number: 10/073,586                                    Page 2
Art Unit: 3727

Regarding the Notification of Non-Compliance with 37 CFR 1.192(c) mailed to appellant on 21 January 2004 (Paper No. 14), this notification was mailed in error. MPEP 1206 includes the following:

An exception to the requirement that all the items specified in 37 CFR 1.192(c) be included in the brief is made if the application or reexamination proceeding is being prosecuted by the appellant pro se, i.e., there is no attorney or agent of record, and the brief was neither prepared nor signed by a registered attorney or agent. The brief of a pro se appellant which does not contain all of the items, (1) to (9), specified in 37 CFR 1.192(c) will be accepted as long as it substantially complies with the requirements of items (1), (2), and (8). If the brief of a pro se appellant is accepted, it will be presumed that all the claims of a rejected group of claims stand or fall together unless an argument is included in the brief that presents reasons as to why the appellant considers one or more of the claims in the rejected group to be separately patentable from the other claims in the group.

Since Appellant is pro se, the Appeal Brief filed 3 November 2003 complies with the requirements of items (1), (2), and (8) specified in 37 CFR 1.192. Accordingly, the action mailed to Appellant on 21 January 2004 is hereby **VACATED**. The application will be forwarded to the examiner of record for consideration of the Appeal Brief filed 3 November 2003.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Gregory M. Vidovich whose telephone number is 703/308-1513. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Application/Control Number: 10/073,586                                    Page 3
Art Unit: 3727

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Gregory M. Vidovich
Supervisory Patent Examiner
Art Unit 3711

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

| | 7590 | 05/04/2004 |
|---|---|---|

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | 16 |

DATE MAILED: 05/04/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTOL-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action*** | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit | |
| | William M Pierce | 3711 | |

**–The MAILING DATE of this communication appears on the cover sheet with the correspondence address –**

THE REPLY FILED 11/3/03, Titled P-3  FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a
final rejection under 37 CFR 1.113 may <u>only</u> be either: (1) a timely filed amendment which places the application in
condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued
Examination (RCE) in compliance with 37 CFR 1.114.

PERIOD FOR REPLY [check either a) or b)]

a) ☒  The  period for reply expires <u>3</u> months from the mailing date of the final rejection.

b) ☐  The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In
no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP
706.07(f).

  Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension
fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension
fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or
(2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if
timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

1.☒   A Notice of Appeal was filed on _____.  Appellant's Brief must be filed within the period set forth in
37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2.☒   The proposed amendment(s) will not be entered because:

  (a) ☒  they raise new issues that would require further consideration and/or search (see NOTE below);

  (b) ☐  they raise the issue of new matter (see Note below);

  (c) ☒  they are not deemed to place the application in better form for appeal by materially reducing or simplifying the
issues for appeal; and/or

  (d) ☐  they present additional claims without canceling a corresponding number of finally rejected claims.

    NOTE: *See Continuation Sheet.*

3.☐   Applicant's reply has overcome the following rejection(s): _____.

4.☐   Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment
canceling the non-allowable claim(s).

5.☒   The a)☒ affidavit, b)☐ exhibit, or c)☐ request for reconsideration has been considered but does NOT place the
application in condition for allowance because: _____.

6.☐   The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly
raised by the Examiner in the final rejection.

7.☒   For purposes of Appeal, the proposed amendment(s) a)☒ will not be entered or b)☐ will be entered and an
explanation of how the new or amended claims would be rejected is provided below or appended.

  The status of the claim(s) is (or will be) as follows:

  Claim(s) allowed: _____.

  Claim(s) objected to: _____.

  Claim(s) rejected: *1-3*.

  Claim(s) withdrawn from consideration: _____.

8.☒   The drawing correction filed on *03 November 2003* is a)☐  approved or b)☒  disapproved by the Examiner.

9.☐   Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

10.☒  Other: *See Continuation Sheet*

WILLIAM M. PIERCE
PRIMARY EXAMINER