**Continuation Sheet (PTOL-303)**                                    **Application No. 110/073,586**

Continuation of 2. NOTE: Punctuation changes to the claims further compound the issues and must be further considered..

Continuation of 10. Other: Note that the drawings and "useful result" appear to introduce new matter..



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590        05/05/2004

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 05/05/2004

*17*

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Paper No. 16 17

Application Number: 10/073,586
Filing Date: February 12, 2002
Appellant(s): PRESLEY, NED  HARRIS

**MAILED**

**MAY 0 5 2004**

**GROUP 3700**

Ned H. Presley
Pro se

### EXAMINER'S ANSWER

This is in response to the appeal brief filed 11/3/03.

Note regarding content of the Brief: In accordance with 37 CFR 1.192(c), the "defective brief" not containing all of the items (1) to (9) has been accepted since it is the brief of a pro se applicant.  See paper No. 15 that further addresses this issue.

*(1)     Real Party in Interest*

A statement identifying the real party in interest is contained in the brief.

*(2)     Related Appeals and Interferences*

A statement identifying the related appeals and interferences which will directly affect or be directly affected by or have a bearing on the decision in the pending appeal is contained in the brief.

*(3)     Status of Claims*

The statement of the status of the claims contained in the brief is incorrect.  A correct statement of the status of the claims is as follows:

This appeal involves claims 1-3.

0182

Application/Control Number: 10/073,586                                                                Page 2

Art Unit: 3711

### (4)    *Status of Amendments After Final*

The appellant's statement of the status of amendments after final rejection contained in the brief is incorrect.

The amendment after final rejection filed on 11/3/03 and entitled "Required Reply to Substance of the interview of June 20 and Amendment and Response" by Appellant on pg. 3, ln. 8 of his Brief, has not been entered.

### (5)    *Summary of Invention*

The summary of invention is not contained in the Brief. Appellant's invention pertains to massages as well as the operation of Casinos. Casinos currently offer many known incentives to players to bring them to the Casino, spend more time gambling and/or place larger wagers (see specification pg. 1, lns. 4-8). The most notorious incentive is free alcoholic beverages. Appellant proposes offering a massage to players while they gamble as an incentive.

### (6)    *Issues*

    a.    Whether claims 1-3 are definite under 35 USC 112, second paragraph.

    b.    Whether the claims are rendered obvious under 35 USC 103 over ilv.com.

### (7)    *Grouping of Claims*

The rejection of claims 1-3 stand or fall together because appellant's brief does not include a statement that this grouping of claims does not stand or fall together and reasons in support thereof. See 37 CFR 1.192(c)(7).

Note that while appellant's brief was defective for not containing all the items (1) to (9) of 37 CFR 1.192(c), including a statement on the grouping of the claims, he remains pro se. As such, the notice of defective brief was vacated (paper No. 15) and the claims are considered to stand or fall together since the brief does not include an argument in the brief that presents reasons as to why the appellant considers one or more of the claims in the rejected group to be separately patentable (see paper No. 15, pg. 2, lns. 7-12).

### (8)    *Claims Appealed*

Claims 1-3 contain(s) an error as presented in the Appendix to the brief. Appellant has presented copy of the claims submitted to the office in with the Brief entitled "Required Reply to Substance of the Interview of June 20 and Amendment and Response". These claims have not been entered in the application as set forth in section (4{ above. Accordingly, claims 1-3 are correctly shown on pg. 3 of applicant's response dated 5/19/03, paper No. 3.

Application/Control Number: 10/073,586                                                                Page 3

Art Unit: 3711

(9)    *Prior Art of Record*

   http://businesstravel.about.com/gi/dynamic/offsite.htm?site=http://www.ilv.com/ossr/ , "ilv.com", web page

promoting massage, August, 1997.


(10)    *Grounds of Rejection*

   The following ground(s) of rejection are applicable to the appealed claims:


*The grounds for rejections - 35 USC § 101 have been withdrawn.*


### Claim Rejections - 35 USC § 112

   Claims 1-3 rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly

point out and distinctly claim the subject matter which applicant regards as the invention.

   The form of the claims is in apt in that there is no transitional phrase to clearly distinguish between the

preamble and the body of the claim.  Lacking proper claim form, one cannot readily determine the scope of the claim.


### Claim Rejections - 35 USC § 103

   The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth

in this Office action:

   (a) A patent may not be obtained though the invention is not identically disclosed or described as set
   forth in section 102 of this title, if the differences between the subject matter sought to be patented and
   the prior art are such that the subject matter as a whole would have been obvious at the time the
   invention was made to a person having ordinary skill in the art to which said subject matter pertains.
   Patentability shall not be negatived by the manner in which the invention was made.

   Claims 1-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over ilv.com

   ilv.com shows massage during "any activity" to relieve stress and as being desirable.  While the reference

gives examples of where a massage may be desirably given, every location is not discussed.  More specifically it fails

to mention a casino environment.   In addition to what is shown by ilv.com,  it is submitted that it is old and well

known to promote products and services by offering free to clients products or services that are desirable (see

appellant's own admissions on pg. 1, lns. 1-4 of the specification).  Therefore it would have been obvious to have

offered massages shown by ilv.com, as being a desirable service, in a casino to players in order to provide relaxation.

It is clear from ilv.com that one may order a massage at his home, office and even in the airport.  Providing

0184

Application/Control Number: 10/073,586

Art Unit: 3711

opportunity to a person to receive a massage "just about anywhere" (ilv.com, pg. 1, ln. 3) is an obvious matter of choice in order to more conveniently provide the known its benefits at any place a person may happen to be. One must consider such is a matter common sense of the person of ordinary skill in the art to make desirable services more convenient to patrons. (See In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969)). Merely modifying ilv.com to select the place to deliver the massage as being a casino environment is considered an obvious matter of choice in changing from one known location to another. The effects, desirability and luxury of a massage remains the same regardless of the location given.

**(11)** *Response to Argument*

      Appellant's arguments begin on pg. 3 of his Brief. From the first paragraph it is apparent to the Board that Appellant has provided the Board with a host of material. Any such material will be address in this section of the Answer as it is encountered in the Brief.

      Appellant refers to a document submitted entitled "Required Reply to Substance of the interview of June 20 and Amendment and Response" in his second paragraph. His reference to this is unclear in that he feels that it will somehow "overcome the appellant's lack of skill or knowledge in appeal brief construction and form" (pg. 3, ln. 11). In this document he presents 11 affidavits, some apparent witness testimony, allegations of long-felt need, corrected "claims" and a flow chart. For the purposes of this appeal and in accordance with MPEP 1207, the examiner is treating this as an amendment filed with the Appeal and as part of the arguments of the Brief (Note at the bottom of pg. 3 of the Brief appellant states that "this material is incorporated into and made part of this brief". While inappropriate in since it is not totally clear what appellant wishes to present to the Board, a degree of latitude has been given to the appellant since they are pro se). An advisory action not entering the amendments made therein is being made contemporaneously with this Answer. Note on pg. 3, entitled (Amendment and Response), appellant requests examiners assistance. However, in view of the fact that the examiner feels that the application contains no patentable subject matter, no assistance has been offered other than procedural pertaining to patent prosecution. No claims have been suggested. In the claims on pg. 5, appellant has added a semi-colon to claim 1 which does not further limit the claim or overcome any grounds for rejection. Rather, the examiner must further consider how such a change compounds the already numerous problems in the form of the claim. As such these claims have <u>not been</u> entered as governed by the requirements of 37 CFR 1.116. The proposed changes to the drawings (pg. 6 of P-3) have not been entered as containing new matter. The portion of the proposed drawings entitled, "useful result", appear to introduce new matter. Applicant's request the the examiner's requirement for a flow chart to be withdrawn

is and petitionable issue and is not an appealable issue to be considered by the Board. As such no further comment by the examiner is deemed necessary.

Appellant offers affidavits and "survey evidence" (P-3, pg. 7-12) that is now considered moot since the rejection under 35 USC 101 has not been sustained.

On pg. 13, appellants arguments are not well defined. Initially, it appears that he believes that the mere addition of a semicolon renders that form of the claim clear under 35 USC 112. However, the claims require more restructuring in their form than the mere addition of a semicolon in order to render their scope clear.

Appellant shift his argument to serious gamblers and "affidavits and personal expert witness" as well as a "sales brochure" with unsure intent. Such submittions do nothing to render the form and scope of the claims clear under 35 USC 112, second paragraph. Further, it should be noted that expert opinion that an application meets the requirements of 35 U.S.C. 112 is not entitled to any weight. In re Chilowsky, 306 F.2d 908, 134 USPQ 515 (CCPA 1962). As such this argument should be found by the Board to be unpersuasive in overcoming the grounds for rejection under 112.

On pg. 14, appellant alleges that the applied reference ilv.com is non-analogous art and that it teaches away. In response to appellant's argument that the references fails to show active subjects and massages being performed in "non closed/excluded locations", it is noted that the subject being "active or inactive" and "closed/excluded locations" are not recited in the rejected claim(s). Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims. See In re Van Geuns, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993). Even if such limitation were claimed, ilv.com shows on pg. 1, ln. 3 that massages can be delivered in "crowded gatherings or just about anywhere". Further it is well known that massages can be given even while performing tasks such as working at your desk, reading, watching TV and etc. Note that one must observe that an artisan must be presumed to know something about the art apart from what the references disclose (see In re Jacoby, 309 F.2d, 513, 516, 135 USPQ 317, 319 (CCPA 1962)).

Appellant's subsequent arguments on pg. 14 and pg. 15 are unintelligible and no further comment is deemed necessary.

On pg. 16 appellant argues the rejection under 35 USC 103 and his point cannot be determined. It appears that he opposes the examiner's position in that, since the ilv.com reference states that massages can be delivered "just about anywhere", this would not apply to a casino since they are private property and have rules against such types of activities. However, the "office", "hotel", "shows" and etc. also suggested by ilv.com as appropriate locations to deliver a massage would also be considered private property and have rules against such massages. The

examiner himself would have to consider security, permission and punishment if he were delivered a massage in accordance with the teachings of ilv.com in his office while having to work on this Answer. The workings of details such as security, regulations, licensing and the like is nothing more than the work of a skilled mechanic carrying out the details and is not one of invention. Davis v. Carrier, 81 F.2d 250, 252, 28 USPQ 227, 229 (CCPA 1936). As such this argument carries no merit in overcoming the rejection made under 35 USC 103 and the grounds for rejection should be sustained.

On pgs. 17-21, Appellant's argument amounts to a general allegation that the claims define a patentable invention without specifically pointing out how the language of the claims patentably distinguishes them from the references. As such, the grounds for rejection under 35 USC 103 should be sustained.

The affidavit of Ned Harris Presley merely states that he has gambled over 1000 hours and has 34 Casino Player Club cards. The purpose of this affidavit is unclear. While appellant appears to submit this affidavit to show a level of "expertise", it fails to serve that purpose since it fails to set forth facts.

The letter of Dr. C. Ed Warren states that "no therapy to my knowledge is executed while the subject is engaged in the "stressor" situation." Even if one could determine what the affiant was referring to by a "stressor" situation, his remarks do not refer to the claimed invention (i.e. increase yields and attract gamblers) and fail to overcome the rejection under 103 upon secondary consideration.

Affidavits of C. Ed. Warren, John k. Daughtrey, S. Nicholas Kapp, Ned H. Presley, Clark Altig, Joseph Mc Cray, Phillip Argol and William Williams appear to be submitted as "opinions of experts" to overcome the rejection under 35 USC 112. In assessing the probative value of an expert opinion, the examiner must consider the nature of the matter sought to be established, the strength of any opposing evidence, the interest of the expert in the outcome of the case, and the presence or absence of factual support for the expert's opinion. Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 227 USPQ 657 (Fed. Cir. 1985), cert. denied, 475 U.S. 1017 (1986). See also In re Oelrich, 579 F.2d 86, 198 USPQ 210 (CCPA 1978). In the instant case, the affidavits fail to fully identify the affiant, his relationship to the inventor and invention and his interest. Based on this the affidavits are of little value since the can be made out of self interest of friends, relative or investors. In re Beattie, 974 F.2d 1309, 24 USPQ2d 1040 (Fed. Cir. 1992) it held that the declarations of persons skilled in the art offering opinion evidence praising the merits of the claimed invention were found to have little value because of a lack of factual support. Since the instant affidavits lack facts and merely offer praise to appellants invention, they too are considered to have little value. Moreover, affidavits presented by appellant fail to show evidence of secondary considerations that is considered to be relevant to the subject matter as claimed (i.e. no nexus). Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 305

n.42, 227 USPQ 657, 673-674 n. 42 (Fed. Cir. 1985), cert. denied, 475 U.S. 1017 (1986). The term "nexus" designates a factually and legally sufficient connection between the objective evidence of nonobviousness and the claimed invention so that the evidence is of probative value in the determination of nonobviousness. Demaco Corp. v. F. Von Langsdorff Licensing Ltd., 851 F.2d 1387, 7 USPQ2d 1222 (Fed. Cir.), cert. denied, 488 U.S. 956 (1988). In re De Blauwe, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed. Cir. 1984) it stated that it is well settled that unexpected results must be established by factual evidence. Appellants have not presented any experimental data or actual first hand experience with the claimed invention. Affiant's assertions are subjective opinions that constitute mere argument. See In re Lindner, 457 F.2d 506, 508, 173 USPQ 356, 358 (CCPA 1972); Ex parte George, 21 USPQ2d 1058 (Bd. Pat. App. & Inter. 1991).

Charts 1, 2 and 3 presented in P-3, for the reasons set forth above fail to establish a nexus to the claimed invention and show how the opinions of persons of unknown relationships to the inventor and invention "tally up". As to appellants apparent allegations of "long felt need" hinted to in chart 1, such has not been founded. Establishing long-felt need requires objective evidence that an art recognized problem existed in the art for a long period of time without solution. Affidavits fail to set forth such objective evidence was recognized and called for by others skilled in the art. Further, since the alleged problem in this case was first recognized by appellants, and others apparently have not yet become aware of its existence, it goes without saying that there could not possibly be any evidence of either a long felt need in the . . . art for a solution to a problem of dubious existence or failure of others skilled in the art who unsuccessfully attempted to solve a problem of which they were not aware. Orthopedic Equipment Co., Inc. v. All Orthopedic Appliances, Inc., 707 F.2d 1376, 217 USPQ 1281 (Fed. Cir. 1983) In the instant situation, the best evidence of satisfying a long felt need could be any degree of commercial success of the invention. While there is no requirement each must be present together, none has been presented by any of the evidence of record.

Returning to pg. 4 of appellant's Brief, he argues the requirements made by the examiner pertaining to his drawings. Since such is a petitionable matter and not appealable no further comment is deemed necessary.

On pg. 4A applicant appears to argue that his invention is non-obvious since he considers himself an "expert witness". While an affidavit of an applicant can be presented as to the advantages of his or her claimed invention and it is less persuasive than that of a disinterested person, it cannot be disregarded for this reason alone. Ex parte Keyes, 214 USPQ 579 (Bd. App. 1982); In re McKenna, 203 F.2d 717, 97 USPQ 348 (CCPA 1953). However, applicant's affidavit fails to set forth facts required to establish himself as an expert any more or less than he has establish himself as compulsive gambler. A person who sits timelessly at a slot machine, for example, would not be

Application/Control Number: 10/073,586                                          Page 8

Art Unit: 3711

considered and revered as an expert in gambling. As such appellants affidavit is of little value in overcoming the
rejections under 35 USC 103.

On pgs. 4B to 15 are considered moot since examiner has not sustained the grounds for rejection under
101.

As to pg. 16, appellant considers the addition of a semicolon to claim 1 to correct the claim deficiencies
under 35 USC 112. However, this does little to correct the inadequate form of the claim to render its scope clear as
provided under 35 USC 112, second paragraph. As such this ground for rejection should be sustained.

On pg. 17, appellant returns back to argue the rejection under 35 USC 103 with his points being uncertain.
He appears to form the conclusion that a person practicing his invention would "continue to gamble". This argument
is made only in hindsight to the points made by the examiner in the history of the prosecution. Nowhere in his claims
does he recite that the players continue to gamble (i.e. continue to place wagers). Since such feature are not part of
the claimed invention, this argument should not be found persuasive in overcoming the rejection under 103.

The applied art renders that claimed invention obvious as set forth in the grounds for rejection above and
does not teach away as alleged on pg. 17a-17i, 18 and 19. In response to appellant's argument that the references
fails to show active subjects, it is noted that the subject being "active or inactive" are not recited in the rejected
claim(s). Although the claims are interpreted in light of the specification, limitations from the specification are not read
into the claims. See *In re Van Geuns*, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993). Even if such a limitation
were claimed, it is well known that massages can be given even while performing tasks such as working at your desk,
reading, watching TV and etc. Note that one must observe that an artisan must be presumed to know something
about the art apart from what the references disclose (see *In re Jacoby*, 309 F.2d, 513, 516, 135 USPQ 317, 319
(CCPA 1962)). ilv.com teaches that massages can be "delivered to you in the comfort of you home, office, hotel,
conventions, shows, expos, health fairs, crowd gatherings or just about anywhere." (pg. 1, ln. 2) To have changed
the location of ilv.com to that of a casino would have been obvious in order to "treat...stress and tension" (pg. 1, ln.
1). Further, ilv.com shows that offering massages to persons on site "leaves you feeling relaxed, refreshed and re-
energized" (pg. 1, last line). The fact that appellant may have recognized another advantage, such as "higher yields"
and comp incentive which would flow naturally from following the suggestion of the prior art cannot be the basis for
patentability when the differences would otherwise be obvious. See *Ex parte Obiaya*, 227 USPQ 58, 60 (Bd. Pat.
App. & Inter. 1985).

The point of the argument on pg. 20 is not clear. Items 1), 6)-8), 12 and 13 state that the applied art does
not delivery massage services inside the gambling casino and that such would not be obvious. This has been a

Application/Control Number: 10/073,586                                                              Page 9

Art Unit: 3711

recognized difference and has been addressed in the grounds for rejection under 103 as set forth above. To have

modified itv.com to have offered massages in a casino would have been obvious in order to provide relief from stress

and tension in a casino. Merely changing the location of the massage is considered obvious.

      Item 2) is an interesting admission made by applicant. While it is apparent that appellant admits that his

invention lacks utility as being against public policy. Basically it would not work and could not be practiced since the

casinos would never allow it.   A rejection on the ground of lack of utility includes the more specific grounds of

inoperativeness and against public policy. The statutory basis for this rejection is 35 U.S.C. 101. This further

supports examiner's rejection set forth above under 35 USC 101.

      Item 3) is speculative without fact. Outside vendors can get "license" or permission to operate in casino

environments. Many food service companies, cleaning companies, companies that fix and repair are granted

"license" and permission to operate in a casino. This argument is without merit.

      Item 4) forms conclusions without foundation. Note that in evaluating a reference, it is proper to take into

account not only the specific teaching of the reference(s) but also the inferences which one skilled in the art would

reasonably be expected to draw therefrom. In re Preda, 401 F.2d 825, 826, 159 USPQ 342, 344 (CCPA 1968).

Clearly one skilled in the art have experienced or witnessed massages given without the requirement of a "special

chair" and/or while a person is doing a task such as working or reading. In line with this, one must observe that an

artisan must be presumed to know something about the art apart from what the references disclose (see In re

Jacoby, 309 F.2d, 513, 516, 135 USPQ 317, 319 (CCPA 1962).

      Items 5) is unintelligible and no further comment is deemed necessary.

      As to item 9) it is set forth above that the fact that appellant may have recognized another advantage, such

as "higher yields" and comp incentive which would flow naturally from following the suggestion of the prior art cannot

be the basis for patentability when the differences would otherwise be obvious. See Ex parte Obiaya, 227 USPQ 58,

60 (Bd. Pat. App. & Inter. 1985).

      As to item 10) there is no evidence of long felt need. See the above treatment of the affidavits submitted in

P-3.

      Item 11) is a ridiculous statement. Many casino personnel and managers are also players. Even if such an

argument were to be entertained as having any merit, it would have little value to overcome the obviousness

rejection.

Application/Control Number: 10/073,586                                                          Page 10

Art Unit: 3711

As to items 14-18, one skilled in the art would recognize the massages can be given while a person performs tasks such as works in an office, reads a newspaper, prepares to run a race or the like. The scope of the limitation of "as they are gambling" is broadly interpreted to mean "while sitting at a table or slot machine". It may or may require wagers to be placed.

As to pg. 24, the ground of rejection set forth above clearly shows that the applied art teaches the claimed invention. As to appellant's allegation of non-analogous prior art, it has been held that "in order to rely on a reference as a basis for rejection of an applicant's invention, the reference must either be in the field of applicant's endeavor or, if not, then be reasonably pertinent to the particular problem with which the inventor was concerned." In re Oetiker, 977 F.2d 1443, 1446, 24 USPQ2d 1443, 1445 (Fed. Cir. 1992). In the instant case the applied reference and appellant's endeavor is in the field of massage. Thus the ilv.com is considered clearly analogous. Lastly, there is no basis to appellant's remarks that merely because applicant's invention did not occur "in casino history or over 100 years", his invention is thus non-obviousness. With that as a standard, 35 USC 103 would become obsolete. For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted,

WILLIAM M. PIERCE
PRIMARY EXAMINER

May 3, 2004

Conferees

3 May 2004

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590    07/14/2004

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 07/14/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

| ***Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 10/073,586 | PRESLEY, NED HARRIS |
| | Examiner | Art Unit |
| | Gregory M. Vidovich | 3727 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Gregory M. Vidovich.*                    (3)_____ .

(2) *Mr. Ned Presley.*                    (4)_____ .

Date of Interview: *12 July 2004.*

Type:  a)☒ Telephonic   b)☐  Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
   If Yes, brief description: _____ .

Claim(s) discussed: *none.*

Identification of prior art discussed: *none.*

Agreement with respect to the claims f)☐ was reached.  g)☐ was not reached.  h)☒ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Mr. Presley telephoned as to the status of the application. It was stated to Mr. Presley that an examiner's answer had been written and mailed. The application is to be forwarded to the Board of Patent Appeals and Interferences for decision after mailing of this summary. No further response is needed by appellant at this time. A courtesy copy of this summary is being faxed to appellant.*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MEPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

GREGORY VIDOVICH
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

0193

Examiner Note: You must sign this form unless it is an
Attachment to a signed Office action.                    Examiner's signature, if required

## Summary of Record of Interview Requirements

nual of Patent Examining Procedure (MPEP), Section 712.04, Substance of Interview Must be Made of Record

complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
#### Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

---

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials

The opinion in support of the decision being entered today was not written
for publication and is not binding precedent of the Board.

Paper No. 19

# UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Ex parte NED H. PRESLEY

Application No. 10/073,586

> MAILED
>
> OCT 2 8 2004
>
> U.S. PATENT AND TRADEMARK OFFICE
> BOARD OF PATENT APPEALS
> AND INTERFERENCES

## ORDER RETURNING UNDOCKETED APPEAL TO EXAMINER

This application was received at the Board of Patent Appeals and Interferences on August 23, 2004. A review of the application has revealed that the application is not ready for docketing as an appeal. Accordingly, the application is herewith being returned to the examiner. The matter requiring attention prior to docketing is identified below.

On May 19, 2003, the applicant submitted an Amendment by fasimile transmission (Paper No. 6). It does not appear that this Amendment has been physically entered with regard to claims 1 through 3. Also, although this Amendment was received on May 19, 2003, the applicant had indicated on the last page thereof that it was "Revised 2-01-2003."

Application No. 10/073,586

It is further noted that in the Examiner's Answer of May 5, 2003 (Paper No. 17), the claims as presented on May 19, 2003 are the ones which are on appeal.

Accordingly, it is

ORDERED that the application is returned to the examiner to physically enter claims 1-3 of the Amendment filed on May 19, 2003, to submit or to obtain from applicants a corrected Appendix of the claims, and for such further action as may be appropriate.

BOARD OF PATENT APPEALS
AND INTERFERENCES

By: _____

Craig R. Feinberg
Program and Resource Administrator
(571) 272-9797

Ned H. Presley
52 Carriage Hill Circle
Casselberry, FL  32707

crf/llf/pb
RA050036

2

0196



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/073,586 | 02/12/2002 | Ned Harris Presley | | 4298 |

7590    02/22/2005

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL  32707

| EXAMINER |
|---|
| PIERCE, WILLIAM M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 02/22/2005

Please find below and/or attached an Office communication concerning this application or proceeding.



**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./<br>CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR /<br>PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER |
|---|---|
| | |

20050210

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner for Patents

EXAMINER'S ANSWER TO REMAND
    In response to The Boards remand on 10/28/04, the claims submitted by applicant on 2/14/03 and the copy of those claims resubmitted on 5/19/03 have been entered in the application. Examiner has directed the LIE to physically enter the Amendment of Paper No. 6 into the case. A correct Appendix of the claims is attached hereto.

WILLIAM R. BYERS
PRIMARY EX

05/19/C3  MON 15:09 FAX 352 2   2855     Red Roof Inn Gaines     e        ⊠004

## CLAIMS

WHAT I CLAIM AS MY INVENTION IS:

1.  A new gambling casino process, which comprises stress relief and/or relaxing

    types of upper-body massage-manipulation to casino gamblers, as they are gambling

    in all casino gambling areas, including tables, machines, sports book and keno area;.

WHAT I CLAIM IS:

2.  A new gambling casino process according to claim 1: utilizing uniforms or

    costumes as designated by the casino.

WHAT I CLAIM IS:

3.  A new gambling casino process according to claim 1; advertised and promoted by the

    casino.

Revised 2-01-2003

# Paper #21 is missing

To. Fax  571 273 0299

U.S. Patent Office

Attion  Mr. Craig Feinburg

Submited by Fax"

Petition To Make Special

This page and 2 more   3 Total

RECEIVED
SEP 15 2005
U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Ned Presley
407-331-9014

09/15/05  THU 16:46 FAX 7045291054          RED ROOF INN                    ☒002

#22

# BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Paper No. ____

Applicantion Number: 10/073,586
Filling Date: February 12, 2002
Appellant: PRESLEY, NED HARRIS

RECEIVED
SEP 1 5 2005
U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Ned H. Presley
Pro se

## PETITION TO MAKE SPECIAL IN DOCKETING

As the appellant has now exceeded 65 years of age, it is requested
that Advancement of Docketing be allowed if possible.
A certified true copy of appellant birth certificate is enclosed.

Respectfully Submited

Ned H. Presley,  Pro se

Sept 15, 2005
Date

52 Carriage Hill Cir.
Casselberry,  Florida
32707

407-331-9014

MISSISSIPPI STATE BOARD
OF HEALTH
OFFICE OF PUBLIC HEALTH STATISTICS
VITAL RECORDS

STATE COPY ISSUED

CERTIFICATION OF BIRTH

**NAME** Ned Harris Presley, Jr.

**DATE OF BIRTH** January 3, 1938

**COUNTY OR BIRTH** Humphreys

**FILING DATE** February 4, 1938

**FILE NO. 114-** 1518

**DATE ISSUED** September 4, 1979

This is a true copy of facts on the birth certificate filed in this office and
is issued under the authority of Mississippi Code of 1972 Section #41-57-9.

Alton B. Cobb, M.D.
ALTON B. COBB, M.D.
STATE HEALTH OFFICER

David Lohrisch
DAVID LOHRISCH
STATE REGISTRAR

7/7/04

I Jessica Donaldson state that this is a certified
true copy of

Jessica Donaldson

JESSICA B. DONALDSON
Notary Public - State of Nevada
Appointment Recorded in Clark County
My Appointment Expires Oct. 8, 2006
01-71120-1

**RECEIVED**

SEP 1 5 2005

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS

The opinion in support of the decision being entered today was *not*
written for publication is *not* binding precedent of the Board.

Paper No. 23

## UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Ex parte NED H. PRESLEY

MAILED

SEP 2 9 2005

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Appeal No. 2005-2308
Application 10/073,586

## DECISION ON PETITION

This is in response to the petition filed September 15, 2005 (Paper No. 22) requesting that

the above identified application be granted Special Status under M.P.E.P. Section 708.02 IV.

The petition has been considered and found to comply with all the requirements set forth

under M.P.E.P. Section 708.02 IV. Accordingly, the petition is granted.

The above identified application is expected to be set for hearing in on the next available

date in November.

Appeal No. 2005-2308
Application 10/073,586

PETITION GRANTED

By: *Michael R. Fleming*
Michael R. Fleming
Chief Administrative Patent Judge
BOARD OF PATENT APPEALS
AND INTERFERENCES
571-272-9797

Mr. Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707

MRF:crf



**United States Patent and Trademark Office**

MAILED

SEP 3 0 2005

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707

| | |
|---|---|
| Appeal No: | 2005-2308 |
| Appellant: | Ned Harris Presley |
| Application No: | 10/073,586 |
| Hearing Room: | A |
| Hearing Docket: | A |
| Hearing Date: | Tuesday, November 15, 2005 |
| Hearing Time: | 01:00 PM |
| Location: | Madison Building - East Wing |
| | 600 Dulany Street, 9th Floor |
| | Alexandria, Virginia 22313-1450 |

## NOTICE OF HEARING
### CONFIRMATION REQUIRED WITHIN TWENTY-ONE DAYS

Your attention is directed to 37 CFR § 41.47. The above identified appeal will be heard by the Board of Patent Appeals and Interferences on the date indicated. Hearings will commence at the time set and as soon as the argument in one appeal is concluded, the succeeding appeal will be taken up. The time allowed for argument is twenty minutes unless additional time is requested and permitted before the argument is commenced. If there are any inquires, please contact the Clerk of the Board at 571-272-9797.

CONFIRMATION OR WAIVER OF THE HEARING IS REQUIRED. This form must be completed below and facsimile transmitted to both: (1) the USPTO Central fax number (official copy), and (2) the Board of Patent Appeals and Interferences fax number (courtesy copy) within TWENTY-ONE (21) DAYS from the mailing date of this notice indicating confirmation or waiver of the hearing. A copy of this notice may be alternately filed by mail if facsimile is not available.

BPAI HEARINGS FAX No: (571) 273-0299          USPTO Central Fax No: (571) 273-8300

BPAI Mailing Address:    BOARD OF PATENT APPEALS AND INTERFERENCES
                         UNITED STATES PATENT AND TRADEMARK OFFICE
                         P.O. BOX 1450
                         ALEXANDRIA, VIRGINIA 22313-1450

In all communications relating to this appeal, please identify the appeal by its number.

CHECK ONE:   ( ) HEARING ATTENDANCE CONFIRMED          ( ) HEARING ATTENDANCE WAIVED

_____          _____          _____
Signature of Attorney/Agent/Appellant          Date          Registration No.

Names of other visitors expected to accompany counsel: _____
For information on visitor access to hearing rooms and security procedures at the USPTO Alexandria Campus, see
http://www.uspto.gov/web/offices/dcom/bpai/docs/contacts/contact_info.htm



**MAILED**

**SEP 3 0 2005**

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

**United States Patent and Trademark Office**

Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

Ned H. Presley
52 Carriage Hill Cir.
Casselberry, FL 32707

| | |
|---|---|
| Appeal No: | 2005-2308 |
| Appellant: | Ned Harris Presley |
| Application No: | 10/073,586 |
| Hearing Room: | A |
| Hearing Docket: | A |
| Hearing Date: | Tuesday, November 15, 2005 |
| Hearing Time: | 01:00 PM |
| Location: | Madison Building – East Wing |
| | 600 Dulany Street, 9th Floor |
| | Alexandria, Virginia 22313-1450 |

**RECEIVED** 2005 OCT 19 1:59

**NOTICE OF HEARING**
**CONFIRMATION REQUIRED WITHIN TWENTY-ONE DAYS**

Your attention is directed to 37 CFR § 41.47. The above identified appeal will be heard by the Board of Patent Appeals and Interferences on the date indicated. Hearings will commence at the time set as soon as the argument in one appeal is concluded, the succeeding appeal will be taken up. The time allowed for argument is twenty minutes unless additional time is requested and permitted before the argument is commenced. If there are any inquires, please contact the Clerk of the Board at 571-272-9797.

CONFIRMATION OR WAIVER OF THE HEARING IS REQUIRED. This form must be completed below and facsimile transmitted to both: (1) the USPTO Central fax number (official copy), and (2) the Board of Patent Appeals and Interferences fax number (courtesy copy) within TWENTY-ONE (21) DAYS from the mailing date of this notice indicating confirmation or waiver of the hearing. A copy of this notice may be alternately filed by mail if facsimile is not available.

BPAI HEARINGS FAX No: (571) 273-0299          USPTO Central Fax No: (571) 273-8300

BPAI Mailing Address:    BOARD OF PATENT APPEALS AND INTERFERENCES
                         UNITED STATES PATENT AND TRADEMARK OFFICE
                         P.O. BOX 1450
                         ALEXANDRIA, VIRGINIA 22313-1450

In all communications relating to this appeal, please identify the appeal by its number.

CHECK ONE:  (✓) HEARING ATTENDANCE CONFIRMED          ( ) HEARING ATTENDANCE WAIVED

Phone 407-331-9014

_Ned H Presley_                    _10-14-05_              _NA_
Signature of Attorney/Agent/Appellant          Date          Registration No.

Names of other visitors expected to accompany counsel: _Anna Stoltzfus – Denise Presley_ _Dr. Ed Warren_
For information on visitor access to hearing rooms and security procedures at the USPTO Alexandria Campus, see
http://www.uspto.gov/web/offices/dcom/bpai/docs/contacts/contact_info.htm

0207