UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Ned H Presley<br>217 Paragon Pkwy, #112<br>Clyde, NC 28721<br>Phone: 407-331-9014<br><br>      Plaintiff,<br><br>v.<br><br>United States Patent and Trademark Office<br>Office of Solicitor<br>P.O. Box 1450<br>Alexandria, VA 22313-1450, et al.<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 06cv0104 (RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONSE TO NEW EVIDENCE

All replies and responses to defense's claimed "New Evidence" will be provided and made known in this paper only.

It remains to be seen whether the court will consider these new references in the case at hand.

The following rebuttal and response is a limited and preliminary findings. A proper and complete response and rebuttal can only be made and preformed when the defense cooperates and provides "Discovery" in these and other areas and issues. (The defense has thus far declined to provide any discovery product, or information)

**Preliminary Rebuttals and Denials**

The references are not "new" all would have been available to the examiner the USPTO Research Dept, and the Board of Appeals.

The fact is the examiner chose to use only the "on-site" reference this decision was not augmented or enhanced by the board of appeals, but rather supported as proper and adequate.

The "new" references individually or in combination would not be sufficient factual evidence to preclude the "586" application as patentable, as all limitations are not shown or described or claimed

NR7

NR14

NR29

These 3 references all have to do with mechanical devices, and have no equivalency to the elements of the "586" "patent" application

NR3-4

This is an offered to the Associated Press "news release" it was not printed by Atlantic City's only news paper. The Atlantic Citys, one news paper printed no announcements of any Monte Carlo casino openings as news or as paid advertisement at that time or any other time

The news release was a forward looking prophetic estimate, it contained no date certain for the event.

There is now no factual evidence that anything occurred. This casino, <u>as policy</u>, destroys all records, job descriptions, and advertising and promotions after a maximum or eight years.

The only possible relevant projection, would have been that of a "uniformed" person as casino employee.

Accordingly the plaintiff does deny that the reference provides any factual equivalent evidence to the "586" paten, nor does the reference provide factual evidence that anything occurred.

NR 1-2 "at the table", The claimed report is concerning a California "Card Club", California and some other states ie: North Carolina prohibit by law conventional, Las Vegas style, house banked, large stake gambling casinos (excluding Native Casinos) These states thus authorize, low stakes "card clubs." These are low stakes, social type clubs were players gamble among themselves, paying and wining bets from each other, a small fee is collected by the club or the house for use of the facility and provision of a dealer.

The system is somewhat similar to "card tournaments" "Bingo Halls" "Charity Night Casino Games", etc.

Accordingly there exist considerable latitude that would never be permitted by House Banked High Staked, Las Vegas style gambling casinos.

The use of the word gambling casino or casino as used in the "586" patent is clearly defined in the specification as other than a "card club"

The use of the word casino does vary as to use and local tradition. At Pensacola Beach Florida, there is a 'Casino" which is the social and city pavilion and recreation hall for dances, restaurants, shows and the like. There has for the last 40 years been no gambling permitted.

Webster's Dictionary ISBN # O-9382139-8. Dictionary defines 'casino" as "a public dancing, singing or gambling saloon.

Thus it is clear that the establishment of concern in reference NR 1-2 is not equivalent and far from the house banked, large stakes gambling casinos of reasonable interpretation i.e., (Cesar's Palace, the MGM) of the "586" patent.

The "586" administrative file and the specification do well identify that the gambling casino or casino definition of the application is the conventional style, i.e., (Las Vegas Style), large stake betting limits and house "banked" wager paid or collected.

The "586" patent is not concerned with state authorized 'games' which are player "banked" low stake, clubs where bets (wagers) are made and paid or collected among the players themselves., i.e., California, North Carolina "Card Clubs"

Likewise other para-mutual and similar gambling venues are not covered; examples, bingo parlors and bingo rooms, horse track, lotteries, charity "Casino night" events, sports "pools."

Due to many movies and TV programs the term "casino" is well accepted and understood to designate the 'very large' "house banked" Las Vegas style, casinos, by the public and media.

Thus the "new" evidence references fail to make a 'prima fica' case covering all limitations of the "586" paten individually or in combination.

The NR1-2, NR 3-4

Both references fail to list or provide factual evidence such as would be admissible to this court or would meet or satisfy the federal rules of evidence. The plaintiff does specifically deny that these two references evidence or prove anything.

Respectfully Submitted

*[signature: Noel H. Presley]*

217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014

5