# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Ned H. Presley | ) | |
| 217 Paragon Pkwy, #112 | ) | |
| Clyde, NC 28721 | ) | |
| Phone: 407-331-9014 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Case No. 06cv0104 (RJL |
| | ) | |
| United States Patent and Trademark Office | ) | |
| Office of Solicitor | ) | |
| P.O. Box 1450 | ) | |
| Alexandria, VA 22313-1450, et al. | ) | |
| | ) | |
| **Defendants** | ) | |

## OPPSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT

The six papers filed this date, with attached authorities and evidence do list and detail several facts, issues and areas of genuine dispute.

The plaintiff is handicapped in competing with the defense team of six lawyers in "Case Law" access, and terminology, and legal procedures, operating only from a high school education.

Were the court to grant summary judgment biased only on paper pleadings and thus denying the plaintiff a unbiased and fair trial on the merits and issues, justice would not be served.

Any considered remand to the USPTO would be very similar to double jeopardy causing the plaintiff additional expenses and additional delays in see justice served, returning ultimately to this court for a fair venue.

/

The defense provides no reasonable cause for remand other than "consideration of the newly discovered evidence"

This court is well able and no doubt, superior, to the USPTO in considering any "New Evidence"

A "Round Trip" to the USPTO and back again exceeds reason!

It may later become known that a request for remand was an attempt to allow the USPTO to strengthen it's case.

The USPTO has already considered and processed this case for 4 years.

The "New Evidence" would have been available to the examiner and the board (excluding gross negligence) during that prior period.

Accordingly the plaintiff does pray the court

1. Deny the Summary Judgment

2. Deny any remand to the USPTO.

3. Retain jurisdiction of the "586" paten case in the interest of justice.

4. Authorize an early date for the pre trial conference.

Respectfully Submitted

Ned N. Presley
217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Ned H. Presley | ) |
| 217 Paragon Pkwy, #112 | ) |
| Clyde, NC 28721 | ) |
| Phone: 407-331-9014 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 06cv0104 (RJL |
| | ) |
| United States Patent and Trademark Office | ) |
| Office of Solicitor | ) |
| P.O. Box 1450 | ) |
| Alexandria, VA 22313-1450, et al. | ) |
| | ) |
| Defendants | ) |

## OPPSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT

The six papers filed this date, with attached authorities and evidence do list and detail several facts, issues and areas of genuine dispute.

The plaintiff is handicapped in competing with the defense team of six lawyers in "Case Law" access, and terminology, and legal procedures, operating only from a high school education.

Were the court to grant summary judgment biased only on paper pleadings and thus denying the plaintiff a unbiased and fair trial on the merits and issues, justice would not be served.

Any considered remand to the USPTO would be very similar to double jeopardy causing the plaintiff additional expenses and additional delays in see justice served, returning ultimately to this court for a fair venue.

/

The defense provides no reasonable cause for remand other than "consideration of the newly discovered evidence"

This court is well able and no doubt, superior, to the USPTO in considering any "New Evidence"

A "Round Trip" to the USPTO and back again exceeds reason!

It may later become known that a request for remand was an attempt to allow the USPTO to strengthen it's case.

The USPTO has already considered and processed this case for 4 years.

The "New Evidence" would have been available to the examiner and the board (excluding gross negligence) during that prior period.

Accordingly the plaintiff does pray the court

1. Deny the Summary Judgment

2. Deny any remand to the USPTO.

3. Retain jurisdiction of the "586" paten case in the interest of justice.

4. Authorize an early date for the pre trial conference.

Respectfully Submitted

Ned M. Pressley
217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ned H. Presley | ) |
| 217 Paragon Pkwy, #112 | ) |
| Clyde, NC 28721 | |
| Phone: 407-331-9014 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 06cv0104 (RJL |
| | ) |
| United States Patent and Trademark Office | ) |
| Office of Solicitor | ) |
| P.O. Box 1450 | ) |
| Alexandria, VA 22313-1450, et al. | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF STATEMENTS OF MATERIAL FACTS

Plaintiff submits this statement of facts which evidence genuine issues, which require a trial.

The plaintiff did file a  US paten application 10/073,586, February of 2002, paying all proper fees and completing all forms required to obtain a US paten under 35 USC 101. The 1st application contained a letter requesting assistance in claim construction.


This request was later repeated in writing two more times for a total of three formal requests for assistance in claim construction.  Additionally the plaintiff traveled to the paten office for two meetings with paten examiner concerning the claims and other objections to the application.  Assistance was denied by the patent examiner.  Assistance and "help" is advertised by the USPTO in claim processing.  *Copy 0116, 0120*

/

This failure to provide advertised "help" will be one issue put forth for the courts consideration in the bufication phase #2 of this action *Copy 0116    Copy 0120*

This application was filed as a process patent, listing 6 steps which birthed a new house banked (Las Vegas Style) casino massage therapist, properly trained licensed and uniformed. This class of employee had not been previously known in house banked Las Vegas styled casinos.

The patent specification details in the 6 steps: How and from where this massage therapist is trained, costumed, and introduced to the gambling casino gambling stations. The reasonable interpretation of the application specification does well identify this person as a trained licensed, costumed and compensated member of the gambling casino staff or employee. Obviously "any other person" is not the subject of claims 1, 2, and 3.

During a 4 year period of review by the USPTO several objections were raised and overcome by plaintiff, including objections of :

1. Violation of US Constitution

2. 35 USC 101

3. 35 USC 112

At the present time only, a USC 35 103 denial is before this court.

Now incorporating the "586" patent specification by attached copy.    *Copy 1, 2, 3, 4, 5*
The new "586"      patent producing the new casino trained, licensed and costumed therapist performing upper body massage on active casino gamblers has not been previously known, and shares no limitations or features with the "on site" reference .

2

The "586" patent was birthed, conceived and invented by the plaintiff during extensive (up to 15 hours) casino playing sessions resulting in shoulder and tension pain.

Casino management i.e., (person skilled in the art) will not have known or experienced this pain and motivation to invent a remedy. Casino gambling dealers and supervisors are provided "breaks" of 20 to 30 minutes approximately every hour)

The limitations and features of the "586" patent combined as a whole have not been previously known or practiced by a conventional, Las Vegas style, house banked gambling casinos.

The opportunity for the Las Vegas style gambling casinos to establish such a system as the "586" Patent on their own motivation has been available for over 100 years, but the invention was not birthed until 2002 by the plaintiff.

Respectfully Submitted

Ned H. Presley
217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ned H. Presley<br>217 Paragon Pkwy, #112<br>Clyde, NC 28721<br>Phone: 407-331-9014 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Case No. 06cv0104 (RJL)<br>) |
| UNITED STATES PATENT<br>AND TRADEMARK OFFICE, et al. | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Upon consideration of defendant's motion for summary judgment, plaintiff's response thereto, it is hereby ORDERED that the defendants motion for summary judgment or remand to the USPTO is denied. Or alternately regarding any remand, this court will retain jurisdiction of the case.


A date is set for the pre-trial conference on _____.


       SO ORDERED, DATE _____



                    RICHARD J. LEON

                    UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ned H. Presley                )
217 Paragon Pkwy, #112     )
Clyde, NC 28721          )
Phone: 407-331-9014      )
                          )
        Plaintiff,        )
                          )
        v.             ) Civil Case No. 06cv0104  (RJL
                          )
United States Patent and Trademark Office )
Office of Solicitor        )
P.O. Box 1450           )
Alexandria, VA 22313-1450, et al.   )
                          )
        Defendants     )

## GENUINE ISSUES AND FACTS IN DISPUTE

Defense USC 103 case is missing the critical central limitation "as they continue to gamble" in its prior arT reference "onsite." *Listed 10 Times in Plaintiff (P) specification,*

(7) Other missing limitations *by "on-site"*

(1) New type massage on active subjects (2) by professional therapist (see two affidavits) by

Dr Warren Board stipulates "on site" does not show massage on active persons. (P)
*Therapist who is; (3) Licensed by casino (4) compensated (5) costumed (6) advertised (7) massage upon standing gamblers (8) provide free massage to gamblers (9) is 6 step birthed new employe* The board and defense wrongly allege "admissions" of the plaintive, as important to their

case of USC 103, they use no quotation of the plaintiff but cite the boards "summary" of

their interpretation of what I said in response to there intense, rapid fire third-degree type

questioning in an intimidating setting.

*1*

The defense does now recently admit there is <u>no transcript</u> to factually evidence these summaries. Is it believable that the plaintive suddenly decided on the day of the board hearing to destroy his own case with alleged damaging admissions?

*COPY #1*

What did actually occur was text book entrapment with leading veiled questions such tactics were totally unexpected from a responsible office of the USPTO.

The plaintive may offer an affidavit of facts by Miss Anna Stoltzfus who was present for the entire hearing.

*Deleted by*

~~Attached is a copy of the board hearing report. I have highlight the alleged admission~~ *PLaintiff* ~~and 'new' reports that were unknown and not previously attributed to the plaintive~~ ~~anywhere in the "586" file jacket.~~

The plaintive therefore does deny all verbal testimony at the board hearing and relies instead to the written text supplied to each judge at the start of the hearing.

*Copy #2*

It does not seem possible that the APA would not require underling factual evidence such as transcripts to be a matter of record.

The "on site" reference is <u>identical</u> to in house services already available by major casinos. There is then <u>no prior art reference</u> in the administrative record.

*Copy #3 #4 #5 #6*

The board wrongly described the "586" paten application as a "Business Method Application" which is USPTO class 705, group art unit 3600. The "586" application is a

"New Process" (six step) application and was assigned and processed USPTO class 463

group art unit 3711.

The board wrongly interprets claim number one, grossly exceeding, the reasonable

interpretation of the "586" specifications as a whole.        *Copy # 0268*

The board's interpretation of claim #one would be UNCONSTITUAL as it would restrict

free expression and speech among gamblers and other gamblers and the public at large.

The professional massage therapist in claim #one is well identified in the "586"

specification (as a whole) as a six step developed and birthed new class of casino

employee (similar to cocktail waitress).        *Copy # 0104*

The defense has not made a good faith effort to  answer to several significant claims and

complaints as previous listed in the plaintiff complaint to the court dated *1-17-06* among

these significant claims/complaints/and issues are        *Copy #7*

*Complaints #1, 2, 3, 4, 5, 6, #7, 9, 10, 11, 12, 13, 14*   (N)
*15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 29, 30, 31*
*32, 33, 34, 38, 39, 40, 41 #42, 43, 44, 45, 46, 47*
*49, 50, 51, 55*

The plaintiff having met all requirements and submitted all necessary forms is entitle to a

US patent per 35USC 101 for the "586" application.

The USPTO has wrongly denied this patent application alleging that the patent would

have been obvious to those or ordinary skill in the field of gambling casino management

per 35 USC 103.

To support the 103 rejection, the USPTO does cite only one prior art reference, the "on site" reference.

The "on site" reference is not "prior" and is not a "prior art reference" to a house banked, Las Vegas style gambling casino complex, to the patent application "586" as major Las Vegas style casinos provide "Identical massage service", to your hotel room.

The "on site" website is evidence that the "mobile chair massage to you" services offered by "on site," are already provided by the casinos "In House" spas and health clubs. The in house services are mobile, to guest rooms upon request.

It is obvious that casino management could order or install such services from its own spa/health club trained licensed massage therapists. The "onsite" reference offers nothing, not already available and known at major Las Vegas style casinos

The evidence of the *Copy/s #3, #4, #5, #6* is a factual showing that the "on site" reference is not a prior art reference to the "586" patent application.

There then remains no prior art reference offered or listed or claimed by the USPTO to support a 35 USC 103 rejection.

The "in house" reference and the "on site" reference would be known to casino management but would not be considered as desirable, attractive, or profitable to be introduced or made available on the gambling casino floor or gambling stations.

4

The "onsite reference" and the "in house reference" TEACH AWAY" from the objective and enablement of the "586" patent. The "586" patent is a new style and type of upper body massage administered by casino trained, casino licensed professional massage therapist, in casino designed costumes to provide upper body massage on active gamblers without interruption, without special chairs, as the gamblers CONTINUE to gamble, AS THE GAMBLERS CONTINUE TO GAMBLE. Thus, increasing yields and profits to the casino and free stress and pain relief to the gambler.

To administer relaxing type of massage to active productive gamblers has not been taught or previously know as or recognized therapy administered by licensed professional trained therapist.

This fact is testified to and evidenced by the attached two affidavits of Dr Ed Warren.

*COPY #8, #9, #10*

The "as they continue to gamble" enablement is a CRITICAL LIMITATION of the 586 patent application and is stated *10 TIMES* in the specification *COPY #11* attached.

Thus the "586" paten application will continue and extend the gamblers session time, thereby increasing yields to the casino.

The "on site reference" "chair massage to you" and the "in house" reference both as presently performed, stop and interrupt the gamblers actions, rendering him nonproductive and regulated him to sitting face down in a special chair becoming docile as conventional style massage is preformed.

The "on site" reference teaches away, terminates a persons activity significantly and would reduce casino yields. "586" patent new style therapy, continues or increases yields, by continuing or prolonging the gambling session.

The "on site" reference" would not be obvious to casino management to increase yields.

The USPTO board's decision stipulated and acknowledged that the "onsite" reference shows no massage available upon an active subject.   *Copy # 12*

The UPSTO boards decision erroneously claims a "prima facia" case has been made by the examiner.

The following required elements for a "Prima Facia" case are not in evidence.
*No Prior Art Teaching identifing any Suggestion To Combine*
*on-site Can Not expct Success, No intrance To Casino*
*8 other missing Limitations as Listed on Page #1*
No qualified prior art presented.

   No reference or teaching of professionally administered massage administered to an active gambler, *at no charge.*

   No reference or teaching of the six step process of birthing the professional, costumed advertised, compensated casino massage therapist.

The plaintiff only recently learned, that as there is no factual "Prima Ficia" case established, the plaintiff was no under any obligation to say further and or present other Evidence to the USPTO to overcome a USC 35 103 rejection.

Additional factual evidence in genuine dispute supporting the "586" paten application.

Additional factual evidence disqualifying the "onsite reference" as a valid reference in support of a 103 rejection.

The USPTO board did wrongly "summarize" the plaintiff's statements before the board concerning *advertised Massage* and "*Horse-PLay*" *by Gamblers* Ⓝ

In response to a prior phone call, the chief clerk of the USPTO paten appeals board called and left a message on my phone answer machine that:

1. He had inquired of the assigned paten judges in this matter.

2. The hearing would be only on the administrative case file.

3. A speaker phone link with Dr Ed Warren would not be allowed.

4. The plaintiff would not be allowed to bring a court reporter.

The defendants on *8-24-06* stated that there is no transcript or audio recording available to factually evidence this summary as accurate.    *Copy # 1*

The "summary" contains no direct quotes of the plaintiff.

The disputed "summary" does not meet the requirements of evidence.

The UPSTO did approve all 3 claims of the "586" paten application overruling a 35 USC 112 rejection.

The board did wrongly interpret claim # one stating that it does include any person.

A plain reading of the specification shows that such interpretation well exceeds the 6 process steps that birth the professional massage therapist, and the reasonable interpretation of the specification as a whole.

The "586" specification as a whole teachs the professional massage therapist is a uniformed, costumed, compensated, recruited, trained, licensed employee of the casino.

If the "586" paten application would be interpreted to pertain in claim # one to "any person" it would violate the right of free expression provided for in the 1st amendment to the US CONSTITUTION.

The UPSTO board did wrongly state that the "586" patent application is a "Business Method" patent application, not so! The "business method" patent application is classified as group _2160_ class _705_ and a required letter of such designation by the _Director_ was never issued or received.

The "586" patent is a six step process patent that births the professional, costumed, compensated massage therapist. The "586" was classified properly and processed as group _3711_ class, _463_ "amusement games."

*COPY 0268*

The entirety of the record has yet to be presented to this court the defendants exhibit 0002 contents listing does have only 27 postings.

*COPY 0002*

The USPTO website transaction history does have 55 postings. *COPY # 12, 13*

Of the 55 complaints.

In the plaintiff complaint of _/-/7-06_ the defense repeated a stock answer _3/_ times. "Contains a legal conclusion to which no answer is required, to the extent an answer is required the complaint is denied."

The plaintiffs complaint filed in this case did list 55 complaints or issues. It does not appear that the defendant made a good faith effort to answer the numbered complaints and issues. The courts attention and resolution of these issues is thus required.

At the very start of the USPTO board hearing, 3 copies of the attached oral text of my presentation were presented to the 3 judges (one each). The judges made no reply to any of this material, instead launching out into new areas, with questions and discourses i.e., "On long motor trips my wife massaged my neck", "does Nevada still have legal prostitution?", "Do houses of prostitution have slot machines?", "Do Gambling casinos really give free drinks?", "Let's not get the cart before the horse, have you seen players rub other players at the tables?"

_copy # 2_

These actions and conduct were unexpected, and the result was planed or accidental entrapment of the plaintiff on the "have you seen players rub other players at the table." Question. The plaintiff answered "yes", "thinking" of the horse play witnessed in Las Vegas in _Aug of 2002_.

It has now been revealed that there is no transcript available

to evidence or support the boards "summary" of the plaintiffs statements before the board. Note the board did previously deny my request to bring with me a court reporter.

9

Thus there is a very real and genuine dispute of the facts of the boards "summary" of the

plaintiffs statements for the board and note the plaintiff may present an affidavit of facts

from an eye witness who was present for the entire hearing, Miss Anna Stoltzfus.

*Copy # 1*

Respectfully Submitted

Ned H. Presley
217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014

Foot Note:

— Chart of REVERSE Equivalency —

"586" PATEN                          "ON-SITE"

↓                                              ↓

Same Work
- NOT -

New Type Massage on active          Massage only on
Gamblers                            Non-Active Persons

↓              The Same Way          ↓
                 - NOT -

While Standing or                   Face down special chair
Siting, Continueing activity        or on a table, docil

              The Same Results
                - NOT -

↓                                              ↓

Extends Gambling                    Terminates any
Session                             Activity of Subject

The rule of Law for determing equivalency as laid
down by the Supreme Court is quite simple: "If two
devices do the same work in substantially the
same way, and accomplish substanially The same results,
They are The Same"

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ned H. Presley<br>217 Paragon Pkwy, #112<br>Clyde, NC 28721<br>Phone: 407-331-9014<br><br>Plaintiff,<br><br>v.<br><br>United States Patent and Trademark Office<br>Office of Solicitor<br>P.O. Box 1450<br>Alexandria, VA 22313-1450, et al.<br><br>Defendants | )<br>)<br><br>)<br>)<br>)<br>)<br>) Civil Case No. 06cv0104 (RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF STATEMENTS OF MATERIAL FACTS

Plaintiff submits this statement of facts which evidence genuine issues, which require a trial.

The plaintiff did file a US paten application 10/073,586, February of 2002, paying all proper fees and completing all forms required to obtain a US paten under 35 USC 101. The 1st application contained a letter requesting assistance in claim construction.

This request was later repeated in writing two more times for a total of three formal requests for assistance in claim construction. Additionally the plaintiff traveled to the paten office for two meetings with paten examiner concerning the claims and other objections to the application. Assistance was denied by the patent examiner. Assistance and "help" is advertised by the USPTO in claim processing. *Copy O116, O120*

/

This failure to provide advertised "help" will be one issue put forth for the courts consideration in the bufication phase #2 of this action  *Copy 0116  Copy 0120*

This application was filed as a process patent, listing 6 steps which birthed a new house banked, (Las Vegas Style) casino massage therapist, properly trained licensed and uniformed. This class of employee had not been previously known in house banked Las Vegas styled casinos.

The patent specification details in the 6 steps:  How and from where this massage therapist is trained, costumed, and introduced to the gambling casino gambling stations. The reasonable interpretation of the application specification does well identify this person as a trained licensed, costumed and compensated member of the gambling casino staff or employee. Obviously "any other person" is not the subject of claims 1, 2, and 3.

During a 4 year period of review by the USPTO several objections were raised and overcome by plaintiff, including objections of :

1. Violation of US Constitution

2. 35 USC 101

3. 35 USC 112

At the present time only, a USC 35 103 denial is before this court.

Now incorporating the "586" patent specification by attached copy. *Copy 1, 2, 3, 4, 5*
The new "586"       patent producing the new casino trained, licensed and costumed therapist performing upper body massage on active casino gamblers has not been previously known, and shares no limitations or features with the "on site" reference .

2

The "586" patent was birthed, conceived and invented by the plaintiff during extensive (up to 15 hours) casino playing sessions resulting in shoulder and tension pain.

Casino management i.e., (person skilled in the art) will not have known or experienced this pain and motivation to invent a remedy. Casino gambling dealers and supervisors are provided "breaks" of 20 to 30 minutes approximately every hour)

The limitations and features of the "586" patent combined as a whole have not been previously known or practiced by a conventional, Las Vegas style, house banked gambling casinos.

The opportunity for the Las Vegas style gambling casinos to establish such a system as the "586" Patent  on their own motivation has been available for over 100 years, but the invention was not birthed until 2002 by the plaintiff.

Respectfully Submitted

Ned H. Presley
217 Paragon Parkway #112
Clyde, N.C. 28721
Phone 407-331-9014