Independent Inventors Resources Website



### Independent Inventors RESOURCES

Welcome to the USPTO web page designed specifically for independent inventors. Throughout America's history, the innovation and dedication of independent inventors have played a critical role in our Nation's evolution into the most technologically advanced, economically vibrant power on earth. The pioneering discoveries of independent inventors have cured diseases, built communities and industries, and greatly enhanced our quality of life.

As it has since its founding in 1802, the USPTO is dedicated to assisting independent inventors in utilizing America's intellectual property system. To that end, following a top-to-bottom review of operations at the USPTO, the former Office of Independent Inventor Programs has recently become part of the new, comprehensive Inventor Assistance Program. The Inventor Assistance Program will have more consolidated resources available, allowing us to expand the scope of services provided to independent inventors in order to assure that you receive the special attention you deserve. Nothing could be more important, because America's inventors are our Nation's future.

The patent and trademark application process can be complicated for the novice inventor, so we hope the information contained in the following pages will be informative and useful. I encourage you to visit this site often for new updates, web links, and general information that will provide you with a greater understanding of the patent and trademark processes, as well as procedures for patent application filing and trademark registration.

**James E. Rogan**
Under Secretary of Commerce for Intellectual Property &
Director of the United States Patent & Trademark Office

Independent Inventor Homepage                                    Top

HOME | INDEX | SEARCH | SYSTEM STATUS | BUSINESS CENTER | NEWS & NOTICES
CONTACT US | PRIVACY STATEMENT

Last Modified: 03/21/2003 15:52:55

# Reducing Cycle Time!!!

By Robert Garrett

Helping our customers get patents. That's our mission. To help us focus on our mission and to measure how well we were doing, we established five performance goals for our Patent business area. The first of those goals is to reduce the PTO processing time for all inventions to 12 months or less by the year 2003. This goal is generally referred to as "cycle time."

In 1995, Congress changed the length of a patent's term from 17 years from the date the patent was issued to 20 years after the earliest effective filing date claimed by the applicant. As a result, the time we spend processing an application now directly affects the effective length of the patent term. In response, we have changed our measure from traditional pendency to processing time, or cycle time. This allows us to measure the time we spend on processing an invention, while excluding the time attributable to applicants, such as the time spent waiting for an applicant's reply. Also, pendency tracked individual patent applications and separately tracked *continuations* or second applications filed to continue the prosecution of a *parent* application; cycle time tracks inventions regardless of the number of applications filed on that invention.

By 2003, we will reduce cycle time for all original patent ~~applications~~ the time we receive an application to when we issue the patent, or the inventor abandons the application. By the end of FY99 we will do this for 75 percent of inventions. Currently, cycle time is approximately 13 months from filing to abandonment ~~approximately 17 months from filing to issue of a patent,~~ for a combined cycle time of approximately 16 months. Our goal is to reduce total cycle time to under 11 months to issue/abandonment by the end of FY99.

In a major step toward achieving our goal, we reduced the backlog of patent applications in our pre-examination area. We mailed out filing receipts to customers and delivered cases to the examining corps in an average of 30 days in the second half of FY98, down from 120 days at the beginning of the year.

To meet the long-term challenge of the recent years' growth, and to help us reduce patent processing time, we hired 728 examiners in FY98, a majority of them in high-technology areas. We plan to hire at least 700 new patent examiners during FY 1999 to continue our progress. To focus on more short-term bottlenecks, we're targeting specific technology units by increasing overtime in those units.

But we're not just adding staff to solve the problem; we're looking for improvements in our system. For example, the fewer office actions we have to take to process an application, the faster we can process that application. In an effort to do just that, we are trying to inform each customer early what subject matter in their applications is allowable, and increasing our direct contact with the customer. We are additionally reengineering the patent publication process, which will reduce PTO processing time for allowed applications from its current level of over four months to one month at the end of FY99.

Your efforts in reducing PTO cycle time have been tremendous, and management thanks you for your continued support of this key Patents goal.

# PTO Pulse Info Line!!

. . . During the Maryland gubernatorial campaign, Governor Parris Glendening stopped by the home of Leon Merritt to admire a 1961 Thunderbird Coupe parked in the driveway. Glendening posed for pictures with Leon . . .The PTO has announced the results from the 1998 Trademark Customer Satisfaction Survey. Of the 1004 surveys mailed to frequent customers, 496 surveys were returned. for an overall response rate of 52%. The survey revealed that Trademark customers are highly satisfied with the application submission process. Customers are particularly satisfied with the clarity of trademark application instructions (79%) and with the amount of time and effort needed to complete the required information (80%) . . . The Patent and Trademark Office (PTO) Chapter of Blacks In Government would like to invite all PTO employees to the Swearing-In Ceremony of newly elected officers on Tuesday, January 19, 1998, 12 noon in the Patents Theater, Crystal Park II, Suite 200. . . An article written by Alan Atchison (Attorney, Law Office 104, was recently published in the Trademark Reporter (Vol. 88, No. 3, p. 289). The article features a detailed discussion of trademarks and trademark drawings.

## GAMBLING CASINO NEW/IMPROVED PROCESS FOR GAMBLER ATTRACTION AND HIGHER YIELDS

## BACKGROUND OF THE INVENTION

Many enticements, promotions, attractions, incentives, awards and rewards are used by gambling casinos to attract gamblers to the casino and to keep them gambling in the casino at the tables, machines, and all gambling stations and areas with out interruption as long as possible. These are known and described in a large number of publications and newspaper advertisements.

While gamblers are gambling in the casino area at the gambling stations, tables, machines, sports booking and keno betting areas the most prominent stress relief and relaxer, incentive and inticement to gamblers to continue the gambling session has been the liberal serving of free or low cost alcoholic drinks. This practice requires a cost to the casino for the liquor and may expose the casino to liability lawsuits.

This invention relates to a new and novel and improved process for casinos to attract gamblers and increase yields by providing or permitting stress relief, relaxing types of shoulder, neck and/or upper body massage and manipulation, as the gambler continues his gambling without leaving the casino gambling area, station, table, machine, sports booking or keno areas. This process will increase yields by increasing longer uninterrupted gambling sessions by gamblers.

This new process may reduce alcohol related liability lawsuits. This new process may be largely cost free to the casino, being funded totally or largely by gambler tips to the attendants, providers and/or practitioners.

Prior to this new invention process all massage and relaxing types of services have been available only in certain hotel, spa and salon areas set apart from the gambling casino, gambling areas, tables, machines, etc. resulting in an interruption of the gambling session and reduced yields.

1

## SUMMARY OF THE INVENTION

The invention is a new and improved process for gambling casinos to attract more gamblers and keep them gambling and in the casino gambling stations and areas for longer uninterrupted sessions. To do so by providing or permitting stress relief, relaxing types of gamblers upper body massage, at the gambling station, areas, tables, machines, sports book and keno areas. More gamblers, gambling for longer sessions resulting in higher yields for the casino.

## DETAILED DESCRIPTION OF THE INVENTION

A new/improved gambling casino process to attract more gamblers and keep them gambling longer, thus improving yields.

The new/improved process is the providing or permitting of upper body massages to gamblers while they continue to gamble.

The following is an example of specific, preferred steps of the new process by a gambling casino.

### EXAMPLE
### A.

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

### B.

Casinos provide, select attendants or practitioners and provide training. Casinos secure attendants any necessary licenses or provide or permit vendors to perform upper body manipulation or massage to gamblers while gambling.

2

C.

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

D.

Casino design compensation program for massage manipulation attendants, emphasizing gambler tips.

E.

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

F.

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

It will be appreciated that various arrangements of the above-disclosed steps are possible without departing from the spirit of the present invention.

3

## CLAIMS

WHAT I CLAIM AS MY INVENTION IS:

1.  A new gambling casino process providing or permitting stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino gambling areas, including tables, machines, sports book and keno areas.

WHAT I CLAIM IS:

2.  A new gambling casino process according to claim 1: performed by and utilizing uniformed or costumed identified attendants, vendors and/or practitioners.

WHAT I CLAIM IS:

3.  A new gambling casino process according to claim 1; advertised and promoted by the casino.

4

'

## ABSTRACT OF THE DISCLOSURE

A new Gambling casino process for increased yields by providing or permitting upper body massage by attendants to gamblers while still gambling.

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NED H. PRESLEY,           )
                             )
       **Plaintiff,**        )
                             )     **Civil Case No. 06cv0104 (RJL)**
     **v.**                )
                             )
**UNITED STATES PATENT**     )
**AND TRADEMARK OFFICE, et al.**  )
                             )
           **Defendants.**         )

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant respectfully submits this opposition to plaintiff's motion to compel production of a transcript, audio and/or video recording of the Board of Appeals hearing of November 15, 2005, concerning his patent application.

Initially, plaintiff has filed with defendant no requests for documents and has failed to consult with counsel pursuant to L.Cv. R. 7 (m).

Substantively, had plaintiff filed a request or consulted, he would have been advised that no verbatim transcription or recording of the hearing was made.

#1

# APPLICANTS STATEMENT TO THE BOARD OF APPEALS

# US PATENT APPLICATION #10/073,586

- **What It Is -- Photo**

- **What It Is <u>Not</u> -- Photo**

- **Avoids The Prior Art -- Letter of Dr. Warren**

The Examiner offers <u>NO</u> Prior Patens and only one References of Massage Therapy.

The only reference cited "Teaches AWay" from US Patent Application 10/073,586

Page 1

Copy #2

# APPLICANTS STATEMENT TO THE
# BOARD OF APPEALS

## Sections -- Contents

\*What it is

\*Affidavit and Notarized Letter – Dr. Edward Warren

**A.**   35-U.S.C. – 112            Claims

**B.**   35-U.S.C. – 103            Non-Obvious

**C.**   Examines Answer      -      Errors Noted

**D.**   Applicants Arguments        Not Rebutted

**E.**   Examiner Relies on          "Common Knowledge"?

**F.**   18 of 22 Court References Cited are New,  Also Listing
        of New Arguments (Not) Previously found in The File
        Jacket

**G.**   Drawings  "page 2" offer To Withdraw



# CHIROPRACTOR



Dr. C. Ed Warren, B.S., M.A., D.C.
489 Walnut Street
Waynesville, NC 28786
828 / 452-5667

AUGUST 14 2003

To: Honorable Commissioner of Patents and Trademarks

I have reviewed Mr. Presley's innovation for stress
reduction performed in a casino environment, I believe he has
developed a unique approach. His proposal to introduce
these techniques certainly is distinctive to other
approaches. No therapy to my knowledge is executed while
the subject is engaged in the " stressor" situation.
That is all therapies for stress reduction are conducted
after the fact.

Thank you,

Dr. C Ed Warren B.S.,M.A.,D.C.

B.S. Psychology
M.A. Clinical Counseling
D.C. Doctor of Chiropractic

North Carolina

    Haywood       County

I,   Carla Lovelace      , a Notary Public for said County and State, do hereby
certify that    Dr. C Ed Warren        personally appeared before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal this the    15th    day of   August   , 2003.

_Carla Lovelace_
Notary Public

My commission expires: November 27, 2008

STATE OF FLORIDA
COUNTY OF Alachua

The foregoing instrument was acknowledged before me this
28 day of August, 2003 by Ned Presley

Brief A-3

Personally Known____ or produced
Identification type FL DL

P 2 COPY 6

Signature of Notary

PETER MILLER
MY COMMISSION # DD 2163
EXPIRES: May 28, 2007
Bonded Thru Pichard Insurance Agent



**AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF _Alachua_

The foregoing instrument was acknowledged before me this
_22_ day of _August_, 200_3_ by _Ned Predley_.

Personally Known _____ or produced
Identification type __FL DL__

_Signature of Notary_

PETER MILLER
MY COMMISSION # DD 216341
EXPIRES: May 28, 2007
Bonded Thru Pickard Insurance Agency

To: The Honorable Commissioner of Patents
        Washington D.C.

RE: Patent Application #10/073,586

I _C. Ed Warren_ do now swear and affirm: I possess "expert witness"

knowledge and ability in casino gambling areas of: environment, mystique, perks,

comps, promotions, advertising, public relations, player development, player attraction,

player retention, casino security operation, state gaming board, casino internal accounting

procedures, casino practice and procedures in the operation and procedures in the

operation and conduct of: table games, slot machines, keno, sports book and

_Chiropractic / Psychology / Bio Mechanics_

I acquired this knowledge and experience as a result of formal schooling, on the job

training, apprentice training, jobs, positions, and or _B.S. Psychology / M.S. Clinical Counseling / D.C. Chiropractic_
_14 years Psychology_
_14 years + Chiropractic_ for _____ years. I have received an explanation and

demonstration of the Invention of U.S. Patent Application #10/075,586. I testify that the

use and deployment and implementation of this invention for active gamblers in the

secured area of the gambling casino will result in tangible, positive benefits to the casino

and gambler of: _____

_____

Date: _07/29/03_                    Signature: _D. C. Ed Warren DC_

Notary Public                       Name: _489 Walnut St._

                                    Address: _Waynesville N.C. 28786_
_EXP 27 July 2005_                            _828-452-5667_

The application of massage on an active productive person is "new" (see affidavit of Dr. Ed Warren attached as A-3 and thus an "improvement" over prior teachings and practice of "massage". (copy A-4, A-5) (copy 32 MPEP 2112.02)

As this <u>New</u> or <u>Improved</u> massage, keeps the person active and productive, and produces new benefits, useful.

The 6 concrete steps listed in this application (see flow chart # 2 ) are the "new process" which open a previously prohibited location (casino) to this "new" type massage for active gamblers, producing and birthing a new "comp" system which produces useful novel, unexpected benefits to the gambler and the casino.

(Copy #2 = FlowCharT )

7

# Affidavit and <u>Notarized</u> LETTER of
# Dr. Ed Warren B.S., M.A., D.C.

## TO:  Honorable Commissioner of Patents
## Dated: August 14, 2003

### *  New – Modified Type of Massage

### *  New – Use of Modified Massage

The Affidavit provided by Dr. Warren does List 3 Earned Degrees, 3 areas of active Medical Practice and 14 years of Experience in those Areas.

Dr. Warren has previously Given Expert Witness Testimony in Court Cases.

Dr. Warren's Notarized Letter States He has reviewed the instant invention and that it is:  1.  Unique
                                                  2.  Distinctive
Over All Presently Taught or Practiced Therapies for Stress reduction.

(i.e.:  administered To Active Gamblers), inventor adds

Page 3

# APPLICANTS STATEMENT TO THE BOARD OF APPEALS

## PART A

### <u>35 – U.S.C. – 112 CLAIMS</u>

## There are 2 Separate requirements for the second paragraph of: <u>35-U.S.C.-112</u>

**A.** The Claims do set forth the Subject matter that I claim as my
Invention
      1. I constructed these claims.
      2. They are what the applicant regards as his invention.

**B.** The claims do point out and define the metes and bounds of the subject matter that will be protected by the patent grant.

(The scope of the claims are simply and clearly worded so as to be **<u>clear</u>** to a hypothetical person of ordinary level of skill in the **<u>pertinent</u>** art.)

NOTE – The Claims Do Use The Transitional Phrase, "**<u>Which Comprises</u>**"

Page A-1

# APPLICANTS STATEMENT TO THE
# BOARD OF APPEALS
# PART B

## 35 – U.S.C – 103 – NON-OBVIOUS

### NONANALOGOUS FIELDS

NOTE, The examiner List one only Reference.
      The Fields of Casino Gambling and Mobile Massage are
      are Very Distant art Forms.

There existed:
      No Motivation to combine
      No Profit or Gain Potential
      No Dialogue or Communications between Art Forms

### TEACHES AWAY

The Reference Cited would clearly interrupt a Gamblers Activity and disrupt
Casino Operations.

### INOPERATIVE

The Reference Cited would be ejected From The Gambling Casino areas.

### UNEXPECTED-SENERGISM-SUPERIORITY

This Invention, The Modifying and Combining of the 2 Art Forms, Casino
Gambling and Massage Therapy results in New and Greater Non
Anticipated / Multiple Benefits.

i.e.: Less drunks on The Floor, a New Casino Comp. A New Advertising
BoAst for Casinos and 13 additional benefits.

Page B-1

# HINDSIGHT

The Examiner improperly relies on <u>Hindsight</u> to, suggest 2 <u>Modifications</u> of the reference, (1) (Massage on <u>Active Gamblers),</u> (2) (Massage administered <u>without</u> Special Chair or Table).  The Examiner improperly relies on <u>Hindsight</u> to suggest The Motives to Combine Reference with Casino Active Gamblers.

# NON-OBVIOUS

Obvious = Webster's Dictionary States
1. Easily discovered
2. Evident
3. Manifest
4. Easily Seen

The <u>fact </u>of 100 years with no effort To Combine Rebuts <u>with countervailing proof</u> that this invention was Not Easily Discovered or Obvious by those of ordinary Skill in The Casino or Massage Arts.

Page B-2

# Applicants Statement to The Board of Appeals
## Examiners Answer
## Errors Noted

## Part C

| Examiners Statement | | Inventors Statement |
|---|---|---|
| Page 4 – New Matter<br>Line 28 | • | There is no New Matter, Examiner does List No New Matter |
| Page 5 – Not Appealable To The Board<br>Line 1 | • | Time Limits for Petition have expired, drawing not necessary by law, 35-U.S.C. – 113 if Patent steps To implement Easily understood |
| Page 5 – Active Not Recited<br>Line 16 | • | Claim #1 = "As they <u>are</u> gambling" i.e. placing wages, etc. |
| Page 5 – Excluded Locations Not Recited<br>Line 16 | • | Claim # 1 = "in All Casinos Gambling areas", Vendors Prohibited Admittance |
| Page 5 – "Just about anywhere"<br>Line 19 | • | Vendors Claim is Non Operative in Gabling Casino |
| Page 5 – "It is Well Known"<br>Line 9 | • | (1) Not Well Known<br>(2) No example Provided<br>(3) Rebutted by Expert Testimony Dr. Ed. Warren<br>(4) Reference Cited offers massage in Special Chair or Table "<u>ONLY</u>" |
| Page 5 – "One Must Observe that An artesian must be presumed"<br>Line 20 | • | (1) No Comparative example offered<br>(2) Massage Therapist not empowered To exceed his Training or Licensed limits |

| | | |
|---|---|---|
| Page 5 – "Page 14 and 15 are Unintelligible" Line 23 | • | (1) Examiner <u>Does Not</u> REBUTE Arguments.<br>(2) The Board will be Able To Understand and Judge Page 14 and 15 |
| Page 6 – "The work of a Skilled Mechanic" Line 3 | • | (1) Therapist are Not Empowered To "Overcome" as the Examiner speculates<br>(2) Therapist Operate within Their Training and Licensing |
| Page 6 - "Pages 17 – 21 Line 7 | • | (1) Examiner does Not Rebute Arguments and Facts Some of Which Are now Listed 3 Times within The File Jacket<br>(2) Five Pages, The Examiner does not Rebute become <u>facts in evidence</u> |

↓

*14 Pages, No Answer*
*No Answer 27 Arguments*
*No Answer 16 MPEP Ref.*
*No Answer 5 Other Ref*

| | | |
|---|---|---|
| Page 6 "Fails To Set" Forth Facts Line 11 | • | Affidavit is All Facts Sworn To, is there-fore evidence per Blacks Law Dictionary |
| Page 6 "Stressor" Line 14 | • | Common Medical Term. See "The New Oxford America Dictionary" page 1685 is BNO-P1-511227-X<br>Marrian Webster Medical Desk Dictionary 2002 page 788 |
| Page 8 "No where in The Claims" Line 10 | • | Claim 1  See Words 22, 23, 24, 25, "As They are Gambling" |
| Page 8 "Not Recited" Line 15 | • | Claim 1 words 22, 23, 24, 25 "As They are Gambling" |
| Page 8 "Well Known" Line 18 | • | "Not Known No Example Provided" |
| Page 8 "Just about Anywhere" Line 22 | • | Does not Include Gambling Casino |
| Page 8 " Recognized Another Advantage" Line 25 | • | A New Improved use of an existing Procedure is an Invention under 35 U.S.C. – 101 |
| Page 8 "Argument Not Clear" Line 29 | • | Arguments <u>with</u> Cited and <u>Attached</u> <u>references</u> will be clear to the Board |

Page C-2

| | | |
|---|---|---|
| Page 9 "in a Casino world have Been obvious" Line 2 | • | In a Casino, is impossible without enablement provided by Applicant's invention |
| Page 9 - 35 USC 101 Line 4, 5, 6, 7, 8 | • | Examiners Answer Page 3, "The Ground of rejections 35-USC 101 have Been withdrawn |
| Page 9 - Vendors Can Get "Licenses" for Casino Environments Line 9 | • | Casino Gambling areas are closely Secured and Controlled and NO Vendors are permitted |
| Page 9  "Forms a conclusion" Line 12 | • | The Examiners Only Reference ilv.com Provides and offers "Chair" (special Massage Chair) and Table Massage only Page 1 & 2 = chair Page 3 = "Also specialize in Table Massage |

**SPECIAL NOTE --**  There is a "Printer Error" The Copies of ilv.com as, provided by the Examiner, Page 1, The Web site Name of the Vendor is missing.  Applicants provided copies, on page 1 list, "ON-SITE STRESS RELIEF.INC."

## CHAIR MASSAGE DIRECTLY TO YOU

Page 1 and 2 Photos very dark, partly concealing, The Special Chair.

| | | |
|---|---|---|
| Page 9 "Another Advantage" Line 20 | • | A New USE for a modified existing Procedure, is an Invention defined by 35 USC-101 |
| Page 9 – No Evidence of Long Felt Need For New Promotions Line 24 | • | The Casino industry Continue To release New Promotions Regularly. One recent promotion by "Grand Casino" Tunica, Miss. Offered Patron's Free chance to Play a "Trained" Chicken in Tic – Tak – Toe! See also Applicants Appeal Brief Pg 26. "Pain Relief", "Immediate Benefit to The Public" MPEP 2I07.01 |

Page C-3

| | | |
|---|---|---|
| Page 9 "ridiculous statement"<br>Line 26 | • | Examiner does not Provide his Casino experience or Any Other Factual Basis for his Conclusion.<br><br>The File Contains adequate Basis for The Applicants 1st hand Knowledge of Casino operations or "Norms" of The industry. |
| Page 10 "As They are Gambling"<br>Line 3 | • | Gambling is The Act of Gaming, <u>NOT</u> Watching or observing,<br>Webster Dictionary,<br>The Act or Practice of Gaming |
| While Sitting<br>LiNe 3 | • | The instant Patent Claims nor Patent Application mention "sitting", Some Casino Gambling occurs standing i.e.: Crap-Table, The Big Wheel , Some Slots, Some areas in The Sports Book. The Examiners "Broad Interpretation" is rebuted by the Patent Application. |
| Page 10 "Non-Analogues Prior Art"<br>Line 6 | • | The requirements of 35 USC 103 Identify a person of Ordinary Skill in The art to which Said Subject Matter Pertains:<br><u>NOT THE INVENTOR NOR THE EXAMINER USING HINDSIGHT. At The Time The INVENTION Was Made Persons of Ordinary Skill in The</u> Casino or Massage Arts Lacked any Vision or MOTOVATION To Combine Arts |

Page C-4

# APPLICANTS STATEMENT TO THE
# BOARD OF APPEALS

## Part D

## APPLICANTS APPEAL BRIEF—ARGUMENTS
## NOT REBUTTED

"Casino Surveillance prohibition of Outside Vendors (ie: massage) entrance to Casino"

Page 4A
Line 8

"Examiner Omits To Establish a Common Factual Basis when Citing Court references"

Page 42        *Copy 54*
Line 6,7,8      *page 6 of 33*

"The application     massage on an active person is "new" (see affidavit of Dr. Ed Warren)

Page 7
Line 1

"The Gambler will experience "pain relief" (immediate benefit to the public)

Page 9
Line 4,5

*ilv. COM Teaches Away*        *Page 17a        MPEP 2141.0*
                               *Line 1        copy A7*

*ilv. COM DOES NOT TEACH*      *Page 17c    MPEP 2145*
*ALL CLAIM LIMITATIONS*        *Line 5      MPEP 706.0*
                               *Copy 42*
                               *Copy 44*

Page D-1

. Reduce Alcohol expense for the Casino

· Reduce Alcohol related Liability exposure to Lawsuits".

The opportunity to Present and advertise a NEW COMP To Gamblers.
<div align="right">Page 10<br>#'s 5,6,8</div>

"Claims <u>with Transitional Phase</u> were Located, The File Wraper.
<div align="right">20 June 2003,<br>Page 16<br>Line 1 & 2</div>

"passive Non-Productive and docile"
<div align="right">Page 17a<br>Line 1,2</div>

"ilv.Com shows No ability To enter a Gambling Casino"
<div align="right">Page 17a<br>Line 7</div>

ilv.Com shows "<u>No Motivation</u>" To Combine with a Gambling Casino"
<div align="right">Page 17b<br>Line 1</div>

Copy 39
MPEP 2141

ilv.Com is not an equivalent of the Structure/acts" of The invention
<div align="right">Page 17c<br>Line 1</div>

Copy 41
MPEP 2184

ilv. COM = Render Prior ArT
UNSaTisFactory For Intended
Purpose, (ie: Naximum EffecTive
Massage on docile Subject )

Page 17D MPEP 2143
Line 2    MPEP 2145
          Copy 40
          Copy 44

10 Reasons, STaTements Traversing
ilv. Com as Analogues ArT.

Page 19 NPEP 707.07
Line 1   Copy 47
         Copy 64

Page D-2    10 Reasons

"Stepping back in Time"  The Motivation To Combine must have <u>been</u> obvious to <u>one of</u> <u>ordinary Skill in</u> The art, <u>Not The Inventor.</u>

Page 17d  *Copy 38*   *Copy 36*
Line 7,8,9  *MPEP 2141,03*  *MPEP 2106*

"If an applicant has demonstrated <u>The Criticality of a Specific Limitation.</u>"

Page 17f  *Copy 55*
Line 1  *pg 60f 33*

"This invention possesses improved <u>properties Not Expected</u> by the prior art."

Page 17f  *Copy 55*
Line 1  *pg. 60/33*

The ilv.Com Case of Obviousness is defective as a "<u>Matter of Law</u>" prohibited by "Trespass Law"

Page 17g  *Copy 57*
Line 6,7,8  *pg 7 of 33*

<u>The presence of a property not</u> *possessed* ∧ by The prior Art is <u>evidence</u> of Non-obviousness *copy 60*
(i.e.:  massage on <u>active</u> subjects)

Page 17H  *MPEP*
Line 1,2  *716.02(a.*

<u>Greater than Expected results</u> are evidence on non-obviousness, (i.e.: massage to active  *copy 61*
Gamblers yields 16 useful benefits).

Page 17 H  *MPEP*
Line 4,5,6  *716.02(a*

"<u>Superiority of a Property</u> shared with the prior art is <u>evidence</u> of non-obviousness, (i.e.:  *Copy 62*
massage to an <u>active</u> gambler, (maintains productivity) Prior art causes productivity to stop)

Page 17 I  *MPEP*
Line 1,2,3  *716.02(a*

"A Fact can not be "Not persuasive" A Fact Is"

ie: examples of facts as listed in the applicants Brief dismissed as non persuasive or not rebuted at all
#1, #2, #5, #7, #8, #10, #12, #13, #14, #15, #16, #17

Page ~~25~~ *23*
Line 10,11,12,13,14

"Stepping back in Time"

Page 24  *Copy 57 - Copy P-5*
Line 8  *page 7 of 33*

*Distant*
"Very ~~distinct~~ art Forms"

*Non Analogus*

Page 24
Line 14

# APPLICANTS STATEMENT TO THE BOARD OF APPEALS

## Part E

## EXAMINER RELIANCE on COMMON KNOWLEDGE or "WELL KNOWN"

The <u>Examiners Answers</u> (Paper No 16) uses and relies on the Statements:

| | | |
|---|---|---|
| It Goes Without Saying | - | One Time |
| It Is Old and Well Known | - | One Time |
| It Is Well Known | - | <u>Two Times</u> |
| It Must Be Presumed | - | <u>Three Times</u> |
| A Matter of Common Sense | - | One Time |
| Would have been Obvious | - | One Time |
| One Skilled in The Art Would recognize | - | One Time |

These Non Supported Statements have been previously <u>challenged</u> by The Applicant on many Occasions (as contained in the File Jacket) No response with examples or <u>Facts</u> have been forth coming.

The statements are Then <u>NOT Required Substantial Evidence</u>.

Page E-1

# APPLICANTS STATEMENTS TO THE
# BOARD of APPEALS

## Part F

## New Arguments in the EXAMINERS ANSWER
## (Not Previously found in the File Jacket)

\*18 of the 22 Listed Court References are New

\*Below Listed Arguments are New

| | |
|---|---|
| "Receive a massage" "Just about anywhere" | Page 4 Line 1 |
| "Not an appealable issue" | Page 5 Line 1 |
| "Must Be Presumed To Know | Page 5 Line 21 |
| "The Work of a Skilled Mechanic" | Page 6 Line 3 |
| "It Goes Without Saying That" | Page 7 Line 16 |
| "Compulsive Gambler" | Page 7 Line 29 |
| "Nowhere in his Claims" | Page 8 Line 10 |

Page F-1

"Active or inactive" are not recited"                    Page 8
                                                         Line 15


"Vendors can get "License""                              Page 9
                                                         Line 9

"One Skilled in the art have "experienced or witnessed massage without the
requirement of a Special Chair"" *(NO ExamPLe)*
                                *(SPECULIATION)*         Page 9
                                                         Line 15

"An Artesian must be presumed To Know Something"         Page 9
                                                         Line 16 & 17

"Is a ridiculous Statement"                              Page 9
                                                         Line 26

"One Skilled in The art would Recognize"                 Page 10
                                                         Line 1

"Is broadly interpreted"                                 Page 10
                                                         Line 3

# APPLICANTS' OFFER TO WITH DRAW

## Part G

In the interest of advancing These Proceedings and in the Spirit of Compromise

The Applicant offers To Withdraw page #2 of the Drawings Labeled as "useful results"

_____
Ned H. Presley
Inventor


Page G-1

**GAMBLING CASINO NEW/IMPROVED PROCESS FOR GAMBLER ATTRACTION AND HIGHER YIELDS**

## FLOWCHART

### A.

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

### B.

Casino provide, select attendants or practitioners and provide training. Casino secure attendants any necessary licenses for attendants or vendors to perform upper body manipulation or massage to gamblers while gambling.

### C.

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

### D.

Casino design compensation program for massage manipulation attendants, emphasizing gambler tips.

### E.

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

### F.

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

## PRACTICAL RESULTS

**1.**

Gamblers staying active at the gambling stations/areas for longer uninterrupted sessions.

**2.**

More gamblers attracted to a particular casino.

**3.**

1 and 2 producing higher yields for the casino.

**4.**

Providing a new class of Casino employees largely cost free, being funded totally or largely by gamblers tips.

**5.**

Reduce alcohol expense for the casino.

**6.**

Reduce alcohol related liability exposure to lawsuits.

## INFERED BENEFITS

**A1.**

Increase tax revenues to City, County, State and Federal Governments. Thereby promoting the public welfare.

**A2.**

A new class of employment opportunities created in the local area.

**A3.**

**THE OPPORTUNITY, OCCASION, AND PRESTIGE TO PRESENT THE FIRST "BASIC NATURE" NEW BENEFIT PROGRAM FOR GAMBLERS IN MANY YEARS BY ANY CASINO!!**

Atlantic City

Connection Card: Login

Make a Reservation ◊ Plan a Meeting ◊ Special Offers    PROPERTY HIGHLIGHTS
Hotel ◊ Casino ◊ Entertainment ◊ Dining ◊ Shopping    Event Calendar ◊ Connection C
Accommodations    Amenities    Services

# Health Spa



Reward yourself with a day of luxury, or an hour of relief, at our full-featured relaxation Spa and Fitness Center. The upper deck of our pool area offers inspirational views of the Atlantic Ocean with the added bonus of free binocular usage. Our spa provides contemporary cardio machines and weight training devices for those who understand the importance of a good fitness regime. The separate men's and women's locker rooms boast saunas, whirlpool baths, eucalyptus steam rooms, and an attentive staff serving refreshing, complimentary snacks and beverages. Spa access is available for hotel guests for $15.

Looking for luxury? Take advantage of our professionally trained massage therapists who offer an encompassing range of relaxing (and rejuvenating) treatments for an additional fee.

Massage services available 8 a.m. - 7 p.m.

Aromatherapy - 50 minutes  $100
Swedish Massage - 50 minutes $85
Hot Stone Therapy - 75 minutes $150
Deep Tissue Massage - 50 minutes $110
Sugar Scrubs - 50 minutes  $130
Salt Scrubs - 50 minutes  $130
Seaweed Mud Scrubs - 75 minutes $150
Prenatal Massage - 50 minutes $85
In-room Massage - 50 minutes $110
In-room Deep Tissue Massage - 50 minutes $125

*Cancellation policy: please call at least one hour prior to appointment if need to cancel, otherwise guest will be charged the fees for appointment.*

FEATURES:

- Full fitness center
- Men's & women's private relaxation rooms
- Saunas, whirlpools, & eucalyptus steam rooms
- Wide-range of massage treatments available
- Gift Shop offers assorted leisurewear
- Private tanning beds
- Outdoor pool (seasonal)
- Impressive ocean view



http://www.mgmgrand.com/pages/amenities.asp

::: MGM Grand Las Vegas | Amenities :::



To contact MGM Grand for further information call 877.880.0880 or 702.891.7777 or click here to see a contact list
MGM Grand Nightlife | Site Map | Employment Opportunities | Legal Statement | Privacy Policy | Terms of Use | Become an Affiliate | HTML Website
Bellagio | The Mirage | Treasure Island | New York-New York | Beau Rivage

Copyright © 2006 MGM MIRAGE. All rights reserved.



# PRICES

## BODY [illegible]

[illegible]

## MASSAGES

- [illegible] 50/80min ... $105/$155
- Aromatherapy 50/80min ... $115/$170
- Deep Tissue 50/80min ... $115/$[illegible]
- Mother-to-Be ... $120
- Mandara Stone Therapy 50/80min ... $135/$[illegible]
- Points of Relaxation 25/50min ... $60/$105
- Hawaiian Wave Four-Hand ... $200
- Aroma Stone 50/80min ... $125/$185
- Elemis Deep Tissue Muscle 50/80min ... $115/$180
- In-Room Swedish 50/80min ... $155/$205
- Poolside Swedish 25/50min ... $60/$120
- Poolside Deep Tissue ... $125
- Poolside Refreshing Points of Relaxation ... $55
- Poolside Chair Massage ... $2/min

## FACIALS

- Deluxe Caviar ... $150
- Anti-Aging Collagen ... $135
- Herbal Enzyme Peel ... $140
- Mandara Signature ... $125
- La Therapie Hydra-lift ... $125
- La Therapie Hydra-Peel ... $150
- La Therapie Hydra-Peel Intensif ... $225
- La Therapie Back Treatment ... $135
- LT Hydra-Lip Add-On ... $20
- LT Intensive Eye Treatment Add-On ... $30
- LT Hydra-Lift Neck Treatment Add-On ... $30
- LT Hydra-Peel Hand Treatment Add-On ... $30
- LT Intensif Vitamin Anti-Oxidant Add-On ... $25
- Aromapure ... $100
- Japanese Silk Booster ... $125
- Visible Brilliance ... $175
- Strawberry Herbal Back Cleanse ... $125
- Japanese Silk Eye-Zone Therapy Add-On ... $30
- Hand & Arm Conditioning Treatment Add-On ... $20

## FITNESS TRAINING

- Personal Training Session ... $75
- Stretching with Core Training ... $75
- Pilates ... $99
- Poolside Yoga ... $35

For your convenience, an 18% gratuity will be added to all Spa and Salon services. 25-minute, 80-minute, poolside services, and packaged Spa services are subject to availability.

(702) 946-4366

 



| HOME | Make A Reservation | Plan a Meeting | Special Offers | Total Rewards: | Learn More | Login |

Hotel  Casino  Entertainment  Dining  Weddings
Accommodations  Amenities  Shopping  Services

paris spa by mandara



Photos

Facial
Massage
Warm Stone
Therapy
Two Handed
Massage



You deserve to be pampered. Nothing delivers tactile delight quite like the treatments available at the Spa by Mandara.

Founded in Bali, this exclusive retreat brings its world-renowned service to Paris Las Vegas. By infusing sensual Balinese-based health, beauty, and massage techniques with the offerings of a continental spa, the staff provides an experience that stands apart from the rest. Housed in a flowing, immaculate facility (that's nearly 26,000 square-feet!), the Paris Spa by Mandara is able to offer a salon, fitness center, and boutique in addition to its relaxation services.

In addition to the Spa Grande Suites, there are 24 treatment rooms featuring many luxurious appointments including handcrafted Balinese hardwood massage tables, imported embroidered silks and carpets, and artwork from around the world.

The Paris Spa by Mandara now offers the services of a professional make-up artist to prepare for weddings and other special events. Personal Trainers are also available for in-depth fitness training.

View the Spa | View the Fitness Center

 



## UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

**CONFIRMATION NO. 4298**

Bib Data Sheet

| SERIAL NUMBER 10/073,586 | FILING DATE 02/12/2002 RULE | CLASS 463 | GROUP ART UNIT 3711 | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

**APPLICANTS**

Ned Harris Presley, Casselberry, FL;

\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* SMALL ENTITY \*\*
\*\* 03/11/2002

| Foreign Priority claimed ☐ yes ☐ no  35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance  Verified and Acknowledged    Examiner's Signature          Initials | STATE OR COUNTRY FL | SHEETS DRAWING | TOTAL CLAIMS 3 | INDEPENDENT CLAIMS 1 |
|---|---|---|---|---|

**ADDRESS**

Ned H. Presley
52 Carriage Hill Cir.
Casselberry ,FL 32707

**TITLE**

Gambling casino new/improved process for gambler attraction and higher yields

| FILING FEE RECEIVED 370 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees  ☐ 1.16 Fees ( Filing )  ☐ 1.17 Fees ( Processing Ext. of time )  ☐ 1.18 Fees ( Issue )  ☐ Other _____  ☐ Credit |
|---|---|---|

**FIG 1**

**GAMBLING CASINO NEW/IMPROVED PROCESS FOR GAMBLER ATTRACTION AND HIGHER YIELDS**

**FLOWCHART**

**A.**

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

**B.**

Casino's provide, select attendants or practitioners and provide training. Casino secure attendants any necessary licenses for attendants or vendors to perform upper body manipulation or massage to gamblers while gambling.

**C.**

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

**D.**

Casino design compensation program for massage manipulation attendant, emphasizing gambler tips.

**E.**

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

**F.**

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Ned H. Presley

217 Paragon Pkwy. #112

Clyde, NC 28712

Phone: 407-331-9014

<div style="text-align:center">Plaintiff</div>

V          CIVIL ACTION NO *06 CV 0104*

Defendants

United States Patent and Trademark Office

Office of Solicitor

PO Box 1450

Alexandria, VA  22313-1450

US Attorney General

950 Pennsylvania Ave. N.W.

*WashingTon  D.C. 2001*

US Attorney for The District of Columbia

555 4th St N.W.

Washington, D.C.  20001

*COPY #7*

Complaint

Plaintive did properly file under 35 U.S.C.101; A Patent Application #10073586 dated Feb. 12, 2002 as a Process Patent, enabled by 6 steps as detailed in the Specification.

The application is now quoted and incorporated into this new record.

## GAMBLING CASINO NEW/IMPROVED PROCESS FOR
## GAMBLER ATTRACTION AND HIGHER YIELDS

### BACKGROUND OF THE INVENTION

Many enticements, promotions, attractions, incentives, awards and rewards are used by gambling Casinos to attract gamblers to the casino and to keep them gambling in the casino at the tables, machines, and all gambling stations and areas with out interruption as long as possible. These are known and described in a large number of publications and newspaper advertisements.

While gamblers are gambling in the casino area at the gambling stations, tables, machines, sports booking and keno betting areas, the most prominent stress relief and relaxed, incentive and enticement to gamblers to continue the gambling session has been the liberal serving of free or low cost alcoholic drinks. This practice requires a cost to the Casino for the liquor and may expose the Casino to liability lawsuits.

This invention relates to a new and novel and improved process for casinos to attract gamblers and increase yields by providing or permitting stress relief, relaxing types of shoulder, neck and/or upper body massage and manipulation, as the gambler continues his gambling without leaving the casino gambling area, station, table, machine, sports booking or keno areas. This process will increase yields by increasing longer uninterrupted gambling sessions by gamblers.

/

This new process may reduce alcohol related liability lawsuits. This new process may be largely cost free to the casino, being funded totally or largely by gambler tips to the attendants, providers and/or practitioners.

Prior to this new invention process all massage and relaxing types of services have been available only in certain hotel, spa and salon areas set apart from the gambling casino, gambling areas, tables, machines, etc. resulting in an interruption of the gambling session and reduced yields.

## SUMMARY OF THE INVENTION

The invention is a new and improved process for gambling casinos to attract more gamblers and keep them gambling and in the casino gambling stations and areas for longer uninterrupted sessions. To do so by providing or permitting stress relief, relaxing types of gamblers upper body massage, at the gambling station, areas, tables, machines, sports book and keno areas. More gamblers, gambling for longer sessions resulting in higher yields for the casino.

## DETAILED DESCRIPTION OF THE INVENTION

A new/improved gambling casino process to attract more gamblers and keep them gambling longer, thus improving yields.

The new/improved process is the providing or permitting of upper body massages to gamblers while they continue to gamble.

The following is an example of specific, preferred steps of the new process by a gambling casino.

2

## EXAMPLE

### A.

Casino securement of any required regulatory permits and licensees by state gaming commissions or other regulatory agencies.

### B.

Casinos provide, select attendants or practitioners and provide training.  Casinos secure attendants any necessary licenses or provide or permit vendors to perform upper body manipulation or massage to gamblers while gambling.

### C.

Casino deploys and supervises massage-manipulation attendants to casino gambling areas to provide said services at intervals to gamblers while gambling.

### D.

Casino design compensation program for massage manipulation attendants, emphasizing gambler tips.

### E.

Casino select, design and designate, identifying costumes or uniforms for massage or manipulation attendants.

### F.

Casino design and implement advertising, describing and promoting new stress relief and relaxing types of massage, manipulation while gambling in the casino.

It will be appreciated that various arrangements of the above-disclosed steps are possible without departing from the spirit of the present invention.

3

## CLAIMS

WHAT I CLAIM AS MY INVENTION IS:

A new gambling casino process providing or permitting stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casinos gambling areas, including tables, machines, sports book and keno areas.

WHAT I CLAIM IS:

A new gambling casino process according to claim 1: performed by and utilizing uniformed or costumed identified attendants, vendors and/or practitioners.

WHAT I CLAIM IS:

A new gambling casino process according to claim 1; advertised and promoted by the casino.

## ABSTRACT OF THE DISCLOSURE

A new Gambling casino process for increased yields by providing or permitting upper body massage by attendants to gamblers while still gambling.

Commissioner of Patents and Trademarks *(Letter Accompying)* IP

Washington D.C.  20231

Subject:  Gambling Casino New Improved Process For Gambler Attraction and Higher Yields

Sir:

With reference to the enclosed completed patent application, as I am an independent inventor, I do now request and authorize the examiner to correct and or add claims to this application as permitted by patent office regulations.

4

#1. The United States Patent offices (Hereafter = office) did without sufficient "substantial evidence" improperly denied :

this application under U.S.C. 103, as obvious to one of average skill in the casino art.

#2. The US Patent Board of Appeals (Hereafter = Board) did accept and approve of Patent Claims 1, 2 and 3 as submitted. However, the Board, in its opinion concerning claim # 1, erroneously expanded and broadened the coverage of the Casino Massage Attendant to also apply to "Any person whether or not associated with the Casino" such an interpretation of claim #1 would add confusion and was never intended by the inventor/plaintiff. The patent specification and the entire patent file makes clear that this Casino Process is birthed and enabled by the six steps as listed in the specification.

See Step B = Casino selects Attendants and provides training

(New type of massage).

See Step C = Casino deploys and supervises Attendants.

See Step D = Casino design compensation program for Attendants.

See Step E = Casino select identifying costumes / uniforms for

Massage manipulation Attendants

No reasonable interpretation of this Casino Process and claim #2 could be so broad as to encompass or subject private citizens to patent restrictions or prohibitions.

Thus the record confirms that this Casino Massage Manipulation Attendant:

Is selected by the Casino,

5

Is supervised by the Casino,

Is compensated by the Casino and

Is uniformed by the Casino.

This Court is requested to declare and judge the Casino Massage Manipulation Attendant is well identified in the specification and well set apart from "any person". The Board properly interprets claim #2 and #3 as pertaining to the Gambling Casino Personnel.

#3.  The Patent Application is for a PIONEER PATENT.  There is <u>NO</u> evidence of <u>ANY</u> prior stress relieving Professional Massage Therapy Administered by a trained therapist (Hereafter = Massage) upon an <u>Active Productive Subject</u>, (i.e., Gambler.)

#4.  There is <u>no</u> prior evidence of any stress relieving Professional Massage Therapy Administered by a trained therapist being performed in the Active Gambling stations of a Security Supervised Gambling Casino.

#5.  There is <u>no</u> prior evidence of #3 and #4 being performed by uniformed or costumed Attendants.

#6.  There is <u>no</u> prior evidence of #3 and #4 and #5 being advertised and promoted by a Casino.

#7.  The issue was framed by Plaintiffs Appeal Brief page 17.  Quoted now as "The issue: is there <u>any</u> prior art of massage being performed on Active Productive Subjects at any location?"  If so, are there any likely reasons that Casino Personnel of Average skill in the Art would:        1. Have knowledge of same.

6

2. Discover and invent a process to combine it with Casino Active

Gamblers?

The Examiner made no response in his Answer brief. The Board made no example

known and no Answer of Evidence.

#8. Note the Board did stipulate and agree that its' only offered reference of "onsite" did

evidence in-active chair massage only. Quoted as; "in this respect we agree with

Appellant Presley that one of ordinary skill in this Art would not have inferred from

onsite that the advertised massage services are provided to a recipient that is physically

involved in a task."

#9. In as much as the Patent Specification does 10 times recite the Critical Limitation of

a new type of Massage performed on an Active Gambler as he continues to gamble. The

plaintive is strongly tempted to stop at this point and request a summary or directed

verdict for plaintive based on the Boards stipulation and admittance that there is no prior

Art for a new type of Massage performed on Active Persons i.e., Gamblers, as they

continue to be active i.e., Gambling in a public area (i.e., Casino Gambling Hall) the

plaintive does request the courts advise if a Favorable Directed Verdict might be

available at this point.

#10. The Examiner did not claim or state a Prima ficie or strong case had been made for

a 103 Obviousness Rejection.

The Board does error in interpreting the evidence and claiming a Prima Picie case has

been made. The INVENTION Process disclosed in the 6 step enablement and The

7

Resulting Birthed New Modified Type of Massage administered to Active Gamblers as they continue to gamble by qualified trained uniformed therapists in a Gambling Casino is a Critical Limitation recited 10 times in the Specification.

#11.   The Only reference provided as evidence is "ONSITE". "ONSITE" does not perform the function of Claim #1, Claim #2, or Claim #3. "ONSITE" is excluded by its Non-performance of Massage to Active Subjects (Admitted by the Board page 6 of the Boards Opinion) there is no interchangeability of "ONSITE" Massage Procedure, (i.e., inactive Subject Requiring Special Chair) and the New Process detailed in this Patent Process, (i.e., Massage) to Active Gamblers as they continue to Gamble.

#12.   "ONSITE" Procedures do directly teach away from this Patent Procedure in that they interrupt the Subjects Activities and render him docile and non-productive (i.e., Reducing Casino Yields.)

#13.   There would be no motivation for the Gambling Casino to combine or introduce "ONSITE" to the Gambling Arena to interrupt Gambling Activities.

#14.   The Special Chair required by "ONSITE" to perform its Massage could not be allowed in crowded active Gambling areas.

#15.   There can be no Expectation of Success for the Gambling Casino to introduce or permit "ONSITE" to render Active Gamblers, Non-Active and Non-Productive resulting in reduced Yields.

#16.   Any considered introduction of "ONSITE" to the Gambling Casino would not provide all of the Claim Limitations of the instant Patent Specification and claims #1, #2, and #3, and would reduce Casino Yields.

#17.   "ONSITE" and <u>no other reference</u> located by the Office's vast research flies provide any evidence of Massage being provided to Active Subjects by Trained Massage Therapists.

#18.   There is No Prior Art as stated in #17, there is therefore No PrimaFicie Case, there is No Strong Case, there is No Close Case, and there is No Case for a USC 103 Obviousness Rejection.

#19.   See Business Methods Patents Formulating and Communicating 103 Rejections Page 31, 4th paragraph d.  Analysis, in reviewing a 103 Rejection "The Motivation is not sound because there is nothing in either of the references that would suggest that the Motivation for Combining the references is known outside of applicant's disclosure." This Analysis would of course apply to the Casino Gambling Hall and "ONSITE".

#20.   The Plaintive Presley has sufficient evidence in the file wrapper to identify him as a seasoned Knowledgeable Gambler and as a student of and expert witness of Gambling Casino Practices, Policies, and Operations.  The Plaintive Presley does therefore specifically deny the Office and Boards claim and allegation of "Knowledge generally known in the Art".  The Office and Board offers no evidence or example of training- or recited Casino or Gambling experiences that would support or qualify them to speak as

*9*

an Authority in a showing, or explanation of any alleged "Knowledge generally known in the Art".

#21. Note the Examiner was similarly rebuted, objected too and disavowed by the Plaintive for 10 times attempting to rely on the statements "It goes without saying", "It is old and well known", "It is well known", "It must be presumed", "A matter of common sense" "Would have been obvious", "One skilled in the Art would recognize".
(See Part "E" Applicants Statement to the Board)   Such statements are not evidence!

#22. The General Knowledge of Massage by Casino Personnel of Average Skill in the Casino Art, is Awareness of the Casinos set apart, SPA Health Club, Gym and the like where Massage Therapy is performed to inactive, relaxed, docile subjects on tables or special Massage Chairs or delivered on call or appointment as special chair massage to inactive subjects, as "Room service" at a charge to any Casino Hotel Guest.

#23. Note The Office and Boards one and only reference "ONSITE" advertises and offers NO "Legal" services exceeding or different than the Casino Hotels own in place operational and normally High Quality services, Personnel, Therapists, and Attendants, (i.e., a known in place quality.)

#24    As the Casino Hotels own    SPA services are bonded licensed and insured (A known quality).  There would exist no logical reason for them to take note of other advertisements (i.e., "ONSITE") on the internet for the same or likely sub-standard services.

10

#25.  All Casino Personnel are aware that a Zero Tolerance Policy is enforced immediately, as all vendors are ejected by Casino Security Personnel.  See the Training Tape exhibited as "Dealing with the unwanted (i.e., trespass, eject and "86" means throw them out!)

#26.  The Plaintiff will rely primarily on the totality of the record which cites many manual of patent Examiner Procedures, including contents of the File wrapper and the "APPLICANTS STATEMENT TO THE BOARD OF APPEALS", (attached statements) which was delivered by hand to each of the three Board Judges.

#27.  Plaintive Presley does demand a jury trial as declared by the Seventh Amendment to the United States Constitution and or as given by a Statute of the United States.

#28.  Papers and documents, including those in the File wrapper and exhibits, cassette tapes, books, photographs, and charts that pertain to this matter will be presented and explained to the Court and Jury.

#29.  With the Courts permission, a three minute demonstration of Special Chair Massage, as shown and depicted in the Office only reference of "ONSITE", will be performed by a local Washington area Licensed Massage Therapist.

#30.  Likewise with the Courts permission, a two minute demonstration will be performed as described in the Patent Application and File, that is, a New Type of Massage performed on an Active (simulated) Gambler.

//

#31.   Thus the Court and Jury will observe First hand, if this New Casino Procedure

(Massage Therapist for the Active Gamblers) is SUFFICIENTLY DIFFERENT FROM

WHAT HAS BEEN USED OR DESCRIBED BEFORE. (US PTO Book of Information,

US Government Printing Office: 1998 – 433 – 236 / 93308) (i.e., New and Useful process

or New and Useful Improvement (35USC101))

#32.   OR are they so similar in approach, Application and Results that a person of

Average skill in Casino Art would find the two are NOT SUFFICIENTLY DIFFERENT,

or obvious.

#33.   It will be seen that any suggestion or notion to introduce the present or presently

known and practiced Chair or Table Massage into the Gambling Casino Area would be

quickly discarded.  Security Personnel, Gambling Manager, Shift Managers, Pit Bosses,

would eject any such efforts.

#34.   The Plaintive will primarily rely on the totality of the record as contained in the

File Jacket, including the Applicants Written Statement, (hereafter = Statement) to the

Board of Appeals, hand delivered in three copies to the Judges at the Board Hearing of

Nov. 15, 2005 (copy attached) by permission of the Judges and as allowed by their rules.

This was my 1st move at the opening of The Board (15 minutes allowed) Hearing.  My

Statement to the Board was that this Written Statement would be my "Oral Text" and that

it would be read aloud (should my voice fail) by my assistant.  The Chief Judge nodded

in Agreement. (Prior radiation treatments to my throat)  The Written Statement was

provided to affirm and assure accuracy of plaintive evidence and Testimony at the Board

Hearing, and avoid any miss quotations or misspeak.  Plaintive does <u>specifically deny</u>

any "admissions" as alleged in the Opinion issued by the Board which are contrary to or

not contained in the Written prior Record or Statement provided.  Some of the

paraphrases in the Boards Published Opinion attributed to the Plaintive are incorrect.

Some are taken out of context, and some are incomplete, (Note the Plaintive was denied

Permission to bring a court reporter and #2 Allow appearance by "Speaker Phone" of

witness Dr. Ed Warren.)  Permission was denied by Chief Clerk for the Board, in early

November.

#35.   Let the <u>evidence</u> of the Written Record prevail.

#36.   Plaintive does respectfully request the Court to suppress and bar Oral Admissions

alleged to be made by the Plaintive.

#37.   Plaintive will submit a "Motion to Suppress" any Oral Admissions of the Plaintive.

With additional pertinent details of circumstances of Oral Hearing (15 minutes)

#38.   A Pioneer <u>Patent</u> <u>Application</u>, (i.e., A New Modified Type of Stress Relieving

Massage Therapy) administered By Trained, Qualified Therapists to Active Subjects,

(i.e., Gamblers) as they continue to be Active – Productive) is a rare occurrence.  The

instant Patent Application meets the "<u>Pioneer</u>" qualification, in that even with its vast,

world wide search capabilities, the Office could not produce or locate any Prior Art or

examples of this Invention.

#39.   <u>A Patent Process Proceeding Contrary to Accepted Wisdom is EVIDENCE OF</u>

<u>NONOBVIOUSNESS</u>.  Accepted wisdom for administering Massage Therapy is that 1st

the Subject is rendered inactive in a Special Chair or on a Table, and thus receives

Therapy while <u>inactive and non-productive</u>. To render the Subject non-active and

relaxed is the only method taught by Massage Therapy Schools and Institutions. The

New Type or Modified Massage Therapy as delivered by this Patent Process is upon an

Active Subject (i.e., Gambler) and thus EVIDENCE of NONOBVIOUSNESS.

*See*

In re Grasselli: 713 F.2d 731, 743, 218 USPQ 769 (Fed. Cir. 1983)

#40.  The Prior Testimony, Letter, and Affidavit of Dr. Ed Warren were erroneously

interpreted by the Board (page 6 and 7) as Limited to Gambling Casinos. A plain reading

of the letter shows the terms "No Therapy" and "All Therapies" are not limited to

Gambling Casinos.

#41.  The repeated Announcement of "Immediate Benefit to the Public" (i.e., Stress and

Pain Reduction) was not responded to by The Examiner or The Board.  This Court will

be constrained to accept the Statement at Face Value. *See NP* In re: Herrmann, 261 F.2d 598,

120 USPQ 182 (CCPA 1958) See Also In re: Soni, 54 F.3d 746 751, 34 USPQ 2d 1684,

1688 (Fed. Cir. 1995)   (Office Failed to Rebut Applicants' argument)

#42.  Likewise, the two Court References of #41, (above) and the Departments,

(Examiner or Board) failure to answer or rebut the Plaintiffs' <u>Repeated</u> claims,

Statements and Arguments (as listed following), will propel this Court to be constrained

to accept the Statements at Face Value.  Applicants Statement to the Board of Appeals

Part D,  Page D-1, #1,2,3,4,5  Page D-2, #1,2,3,4,5,6,7,8,10  Page D-3, #4,8,9

*14*

The following non-rebuted statements, (as in above described) are <u>also</u> classified as providing EVIDENCE OF NONOBVIOUSNESS  Page D-2 #9,  Page D-3, #2,3,5,6,7

#43.   Thus these 25 Statements, 6 of which are <u>EVIDENCE OF NONOBVIOUSNESS,</u> (when accepted at Face Value) compile and list and overwhelming amount of substantial Evidence in Favor of Plaintive Presleys' Case that the Instant Patent Application should be awarded, approved, and issued promptly with <u>NO Further</u> issues or objections raised by the Department.

#44.   The Board in its opinion did make some reference to "Massage" by Gamblers to other Gamblers, or Friends to Gamblers.  It is of course known that the public does at times demonstrate and perform various informal spontaneous actions in public places, (i.e., Sports Events, Church, New Years Parties, Casinos, etc.) manifesting in displays of Hugs, Back Slaps, "High Fives", Embraces, and shaking or rubbing of the Shoulder areas, etc.  Such displays would more properly be labeled as "Horse Play" or Shows of Affection.  (Hereafter = "Horse Play") Las Vegas is a Honeymoon Center.  Nothing in this Patent pretends to intervene or to be in any way restrictive of the Public.

#45.   The New Type of Professional Massage as described in the Specification, and Claims 1,2,and 3, is performed by Trained, Licensed, Costumed, Massage Therapists who have been birthed and deployed by the New Casino Process enabled by the 6 steps listed in the Specification.  This organized regulated Therapy could not be logically confused with the Publics display of "Horse Play".

*15*

*The NP*

#46.  Examiner admitted by phone He was not in possession of quoted Court Cases and did not establish a Common Factual Basis for same and this Patent Application.  It is therefore unknown if these Cases pertained to Massage, Bowling Balls, or Coffin Nails.

#47.  As this Patent Application demonstrates a Critical Specific Limitation, (i.e., New Type Modified Massage Applied to Active Gamblers) it would not be appropriate to rely solely on Prior Case Law to support an Obviousness Rejection.

#48.  The Examiner did cite 33 Court Cases in his opposition to this Patent.  The Board did cite 23 New and Different Cases.  The Plaintive will make a motion for some type of estoppels for the Judges' decision.  One should not be subjected to double jeopardy or endless opposing prosecution of a Patent Application.

#49.  The total number of Cases cited against this Patent Application is 56.  This high number does indicate a "shot gun" approach and a lack of Certainty or Confidence by the Department in supporting their "spirited" and zealous attack of the instant Patent Application and shows an effort to "Piece Together" a Case of 103 Obviousness where none exists.

#50.  The Attached Applicants Statement to the Board of Appeals (Section D) does list EVIDENCES OF NONOBVIOUSNESS in categories of "Greater than Expected Results", "Superiority of a Property Shared with the Prior Art", "Absence of an Expected Property", "Presence of an Unexpected Property" (Page D-2, #9) (Page D-3, #2,3,5,6,7)

#51.  The Examiners answer to Plaintive Appeal brief did not answer, and effectively ignored 14 pages containing 27 Arguments, 16 MPEP References and 5 other References,

Alleging that they were "as a group" merely a "General Allegation". This lack of answer brought No Comment form the Board.

#52.  Other Evidences and Documents from the File wrapper and Applicants Statement to the Board of Appeals may well be provided as exhibits to the Court and Jury.

#53.  The Plaintive will confine his presentation to the "Merits of the Case".

#54.  With the Courts Permission the Plaintive will invite "Friend of the Court Briefs" from M.A.D., A.C.L.U., A.C.L.J. and the like.

#55.  Plaintive will submit a Motion for Subpoena of the Case File Wrapper to be delivered to this Court for the Judges review and as a source and exhibit for the Jury.

(File now approaching 400+ pages)

<u>Relief Requested</u>

Plaintive does request;

#1.  That this Court approve the Patent Application as submitted, reversing the U.S.C. 103 Rejection by the Department and instruct the Department to issue the instant Patent without delay and without raising other issues.

#2.  That this Court interpret  Claim #1 to be Massage Attendants of the   Gambling Casino and <u>not</u> any other persons or in the alternative, order that
*be combined* ¶
Claim #1 and #2, leaving #3 as is, but renumbered to be #2 (There would be only   Claim #1, and Claim #2, no Claim#3),          thus eliminating any confusion as to the identity of the Massage Attendant, Therapist.

*17*

#3.    That the Court award the Plaintive a Dollar amount of it's or the Jury's judgment

as an exemplementary or punitive award over the departments unorthodox prosecution of

this Case.

*Foot Note: Major Facts; There is No Prior Massage on Active Subjects, There is No Prior Massage in Casino Gambling Floor Stations 5 Face Value (Constrained To Accept) Statments of NON REBUTED evidence of NonObviousness, 20 Face Value, (Constrained to Accept) Statments of NON REBUTED evidence of Elements of This Action*

Respectfully Submitted,

Ned Harris Presley A.H.S.G.

King James Bible---Proverbs 8:12 "I wisdom dwell with Prudence, and find out

knowledge of witty Inventions."

Date:  *1-17-2006*

Direct Communications to:

Ned Presley
217 Paragon Pkwy #112
Clyde N.C.  28721

Phone: (407) 331-9014

**Chart 4 Affidavits as discussed at interview June 20, 2003**
**Medical-Massage Affidavit**
**Expert Witness**

| Name | Expert Witness | Qualifications | Testimony/Evidence |
|---|---|---|---|
| Dr. C. Ed Warren | Therapy, massage<br>Chiropractor<br>Psychiatry | 3 degrees<br>court certified<br>Expert witness<br>Private practice | "New Therapy"!<br>"No prior massage has<br>been taught or executed<br>while the subject is still<br>engaged in the "stressor"<br>"situation" |

*Copy #8*



## CHIROPRACTOR



Dr. C. Ed Warren, B.S., M.A., D.C.
489 Walnut Street
Waynesville, NC 28786
828 / 452-5667

AUGUST 14 2003

To: Honorable Commissioner of Patents and Trademarks

I have reviewed Mr. Presley's innovation for stress
reduction performed in a casino environment, I believe he has
developed a unique approach. His proposal to introduce
these techniques certainly is distinctive to other
approaches. No therapy to my knowledge is executed while
the subject is engaged in the " stressor" situation.
That is all therapies for stress reduction are conducted
after the fact.

Thank you,

Dr. C Ed Warren B.S.,M.A.,D.C.

B.S. Psychology
M.A. Clinical Counseling
D.C. Doctor of Chiropractic

North Carolina

____Haywood____ County

I, ___Carla Lovelace___ , a Notary Public for said County and State, do hereby
certify that __Dr. C Ed Warren_____ personally appeared before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal this the ___15th___ day of __August__ , 2003.

Carla Lovelace
_____
Notary Public

My commission expires: November 27, 2008

Copy #9

STATE OF FLORIDA
COUNTY OF Alachua

The foregoing instrument was acknowledged before me this
2X day of Augst, 20 3 by Ned Presley

Personally Known_____ or produced
Identification type FC DC

_____
Signature of Notary

PETER MILLER
MY COMMISSION # DD 216341
EXPIRES: May 28, 2007
Bonded Thru Pichard Insurance Agency



# CHIROPRACTOR

Dr. C. Ed Warren, B.S., M.A., D.C.
489 Walnut Street
Waynesville, NC 28786
828 / 452-5667

Affidavit of Amendment

03/06/2006

With regards to my letter, 08/14/2003;
To the Honorable Commissioner of Patents and Trademarks.

My testimony is not limited to a "Casino Environment".
My statements are directed to the subject and practice of **Massage Therapy.**
My formal education, post graduate study, attendance of professional seminars and coventions and review of literature, facilitate an appreciation of the Massage industry.
In all massage disiplines, the subject (client) is passive both in physical position and with regard to mental attitude.
This new therapy would be practiced while the patient is engaged in goal directed behavior and active body positioning.
Specialized training would be required for administration of the new therapy, as both patient and practioneer are engaged in active accomodation.

Sincerely,

Dr. C. Ed Warren

State of North Carolina
County Haywood

*Marie C Swanger*
Notary Public

My Commission Expires November 19, 2007

COPY # 10

Appeal No. 2005-2038
Application 10/073,586

secondary reference may be bodily incorporated into the structure of the primary reference; nor is it that the claimed invention must be expressly suggested in any one or all of the references. Rather, the test is what the combined teachings of the references would have suggested to those of ordinary skill in the art.").

Appellant Presley makes the following admissions in his specification with respect to knowledge generally known in the casino gambling arts at the time the claimed invention was made:[5] "[m]any enticements, promotions, attractions, incentives, awards and rewards are used by gambling casinos to attract gamblers to the casino and to keep them gambling . . . with out interruption as long as possible;" "the most prominent stress relief and relaxer, incentive . . . to gamblers to continue the gambling session has been the liberal serving of free or low cost alcoholic drinks;" and "[p]rior to this new invention all massage and relaxing types of services have been available only in certain hotel, spa and salon areas set apart from the gambling casino, . . . resulting in an interruption of the gambling session and reduced yields" (page 1).

We find that On-Site would have disclosed to one of ordinary skill in this art a business method wherein stress relief upper-body massage services are "delivered" to "just about anywhere," wherein the advertised massage services are "chair massage" and "table massage" and the recipient of a "chair massage" is shown in an "inactive" state.[6]  In this respect, we agree with Appellant Presley that one of ordinary skill in this art would not have inferred from On-Site that the advertised massage services are provided to a recipient that is physically involved in a task. We find that Dr. Warren's testimony, that "in a casino environment, . . . [n]o therapy to my

---

[5] See In re Nomiya, 509 F.2d 566, 570-71, 571 n.5, 184 USPQ 607, 611, 611 n.4 (CCPA 1975) ("We see no reason why appellants' representations in their application should not be accepted at face value as admissions that Figs. 1 and 2 may be considered "prior art" for any purpose, including use as evidence of obviousness under § 103. [Citations omitted.] By filing an application containing Figs. 1 and 2, labeled prior art, ipsissimis verbis, and statements explanatory thereof, appellants have conceded what is to be considered as prior art in determining obviousness of their improvement.").

[6] It is well settled that a reference stands for all of the specific teachings thereof as well as the inferences one of ordinary skill in this art would have reasonably been expected to draw therefrom, see In re Fritch, 972 F.2d 1260, 1264-65, 23 USPQ2d 1780, 1782-83 (Fed. Cir. 1992); In re Preda, 401 F.2d 825, 826, 159 USPQ 342, 344 (CCPA 1968), presuming skill on the part of this person. In re Sovish, 769 F.2d 738, 743, 226 USPQ 771, 774 (Fed. Cir. 1985).

Copy # 12

10073586

J10  U.S. PTO
10/073586
02/12/02    INITIALS

MAR 0 5 4502

# CONTENTS

| | | Date Rec'ed (incl. C. of M.) or Date Mailed | | Date Received (incl. C. of M.) or Date Mailed |
|---|---|---|---|---|
| 1. | Application ___ papers. | | 31. | |
| 2. | REJECTION 3 MOS | 12/16/05 | 32. | |
| 3. | INTERVIEW SUMMARY | 2-12-03 | 33. | |
| 4. | 2/14 Response A | 2/14/03 | 34. | |
| 5. | FINAL REJECTION | 5/7/03 | 35. | |
| 6. | 5/29 Response B | 5/19/03 | 36. | |
| 7. | 6/10 Final Rej ③ | 06-10-03 | 37. | |
| 8. | INTERVIEW SUMMARY | 6-20-03 | 38. | |
| 9. | 7/7 Response | 7/8/03 | 39. | |
| 10. | ADVISORY ACTION | 07-24-03 | 40. | |
| 11. | 9/16 Ntd Notice of Appeal | 9-8-03 | 41. | |
| 12. | 9/16 Req for Oral Hearing | 9/8/03 | 42. | |
| 13. | 11/3 Appeal Brief | 11/3/03 | 43. | |
| 14. | 1/21 Ltr re Defective Brief | 1/21/4 | 44. | |
| 15. | 2/24 Letter holding Defective Brief Vacated | 2/24/04 | 45. | |
| 16. | Advisory Action | 5-4-04 | 46. | |
| 17. | EXAMINER's ANSWER | 5/5/04 | 47. | |
| 18. | Interview Summary Order Returning Undocketed | 04-14-04 | 48. | |
| 19. | Remand to Examiner | 10/28/04 | 49. | |
| 20. | Miscommunication | 2/22/05 | 50. | |
| 21. | DOCKETING Notice | 7/26/05 | 51. | |
| 22. | Petition to Make Special | 9-15-05 | 52. | |
| 23. | Decision on Petition Brf | 9-29-05 | 53. | |
| 24. | Hearing (9/30/05) | 11/15/05 | 54. | |
| 25. | Confirmation | 10/14/05 | 55. | |
| 26. | Dec Bds Board / Affirmed | 11-22-05 | 56. | |
| 27. | Complaint | | 57. | |
| 28. | | | | |

0002

**Printer Friendly**

**10/073,586**    Gambling casino new/improved process for gambler attraction and higher yields

Transaction History

| Date | Contents Description |
|------|---------------------|
| 01-19-2006 | Appellant's Complaint |
| 11-22-2005 | Mail BPAI Decision on Appeal - Affirmed |
| 11-22-2005 | BPAI Decision - Examiner Affirmed |
| 10-14-2005 | Miscellaneous Incoming Letter |
| 10-14-2005 | Confirmation of Hearing by Appellant |
| 10-03-2005 | Notification of Appeal Hearing |
| 07-26-2005 | Docketing Notice Mailed to Appellant |
| 07-23-2005 | Assignment of Appeal Number |
| 05-25-2005 | Appeal Awaiting BPAI Docketing |
| 02-22-2005 | Mail Miscellaneous Communication to Applicant |
| 02-10-2005 | Miscellaneous Communication to Applicant - No Action Count |
| 10-28-2004 | Order Returning Undocketed Appeal to the Examiner |
| 05-10-2005 | File Marked Found |
| 03-11-2005 | File Marked Lost |
| 08-23-2004 | Appeal Awaiting BPAI Docketing |
| 07-14-2004 | Mail Examiner Interview Summary (PTOL - 413) |
| 07-12-2004 | Examiner Interview Summary Record (PTOL - 413) |
| 05-05-2004 | Mail Examiner's Answer |
| 05-04-2004 | Examiner's Answer to Appeal Brief |
| 05-04-2004 | Mail Advisory Action (PTOL - 303) |
| 05-04-2004 | Advisory Action (PTOL-303) |
| 02-23-2004 | Date Forwarded to Examiner |
| 11-03-2003 | Appeal Brief Filed |
| 09-08-2003 | Notice of Appeal Filed |
| 07-24-2003 | Mail Advisory Action (PTOL - 303) |
| 07-23-2003 | Advisory Action (PTOL-303) |
| 02-24-2004 | Mail Notice of Withdrawn Action |
| 02-23-2004 | Letter Withdrawing / Vacating Office Action |
| 01-21-2004 | Notice -- Defective Appeal Brief |
| 11-13-2003 | Date Forwarded to Examiner |
| 11-03-2003 | Defective / Incomplete Appeal Brief Filed |
| 11-03-2003 | Appeal Brief Filed |
| 09-08-2003 | Request for Oral Hearing |
| 09-08-2003 | Notice of Appeal Filed |
| 07-24-2003 | Mail Examiner Interview Summary (PTOL - 413) |
| 07-24-2003 | Mail Advisory Action (PTOL - 303) |
| 07-23-2003 | Advisory Action (PTOL-303) |
| 07-21-2003 | Date Forwarded to Examiner |
| 07-08-2003 | Amendment after Final Rejection |
| 06-20-2003 | Examiner Interview Summary Record (PTOL - 413) |

*COPY #12*

| 06-10-2003 | Mail Final Rejection (PTOL - 326) |
|---|---|
| 06-10-2003 | Final Rejection |
| 05-28-2003 | Date Forwarded to Examiner |
| 05-19-2003 | Amendment after Final Rejection |
| 05-07-2003 | Mail Final Rejection (PTOL - 326) |
| 05-05-2003 | Final Rejection |
| 02-21-2003 | Date Forwarded to Examiner |
| 02-14-2003 | Response after Non-Final Action |
| 02-12-2003 | Mail Examiner Interview Summary (PTOL - 413) |
| 02-06-2003 | Examiner Interview Summary Record (PTOL - 413) |
| 12-16-2002 | Mail Non-Final Rejection |
| 12-12-2002 | Non-Final Rejection |
| 03-25-2002 | Case Docketed to Examiner in GAU |
| 03-13-2002 | Application Dispatched from OIPE |
| 03-11-2002 | Application Is Now Complete |
| 02-26-2002 | IFW Scan & PACR Auto Security Review |
| 02-12-2002 | Initial Exam Team nn |

Close Window

*Copy # 13*

| | |
|---|---|
| 06-10-2003 | Mail Final Rejection (PTOL - 326) |
| 06-10-2003 | Final Rejection |
| 05-28-2003 | Date Forwarded to Examiner |
| 05-19-2003 | Amendment after Final Rejection |
| 05-07-2003 | Mail Final Rejection (PTOL - 326) |
| 05-05-2003 | Final Rejection |
| 02-21-2003 | Date Forwarded to Examiner |
| 02-14-2003 | Response after Non-Final Action |
| 02-12-2003 | Mail Examiner Interview Summary (PTOL - 413) |
| 02-06-2003 | Examiner Interview Summary Record (PTOL - 413) |
| 12-16-2002 | Mail Non-Final Rejection |
| 12-12-2002 | Non-Final Rejection |
| 03-25-2002 | Case Docketed to Examiner in GAU |
| 03-13-2002 | Application Dispatched from OIPE |
| 03-11-2002 | Application Is Now Complete |
| 02-26-2002 | IFW Scan & PACR Auto Security Review |
| 02-12-2002 | Initial Exam Team nn |

Close Window