UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NED H. PRESLEY , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 06cv0104 (RJL) |
| v. | ) | |
| | ) | |
| UNITED STATES PATENT | ) | |
| AND TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO**
**PLAINTIFF'S SUMMARY JUDGMENT OPPOSITION**

Defendant, through undersigned counsel, respectfully submits this Reply to Plaintiff's

Opposition to Defendant's Motion for Summary Judgment and related papers ("Opposition").

Defendant's Motion for Summary Judgment demonstrated that the USPTO Board of Patent

Appeals and Interferences ("Board") correctly concluded that Claims 1-3 of Plaintiff's '586

application are not patentable.  The combination of the On-Site Mobile Massage ("On-Site")

reference with Plaintiff's own admission to the Board that he had seen individuals giving

massages to gamblers as they gambled renders Plaintiff's claimed invention obvious under 35

U.S.C. § 103.  In addition, recently discovered references confirm the Board's conclusion that

Plaintiff's claimed invention was known at least 13 years prior to his filing the '586 application.

Because Plaintiff has failed to generate any genuine issue of material fact on these issues in his

Opposition, Defendant is entitled to judgment as a matter of law.

**I.      The Material Facts Submitted By Defendant Should Be Deemed Admitted**

Local Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. **An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exist a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.  Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule.**  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(Emphasis added).  "If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should instead . . . deem as admitted the moving party's Rule [7(h)] statement." *Securities and Exch. Comm'n  v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Plaintiff's "Errors and Corrections to Defense Statement of Material Facts" does not dispute any of the Defendant's material facts and does not cite to the record.  It merely offers argument and conclusions.  *See* Doc. 23-1.[1]

Plaintiff's "Response to New Evidence" does not deny the existence of the new references as cited in Defendant's Statement of Material Facts.  It contains Plaintiff's unsupported arguments and conclusions.  *See* Doc. 21.

---

[1]  Citations to Plaintiff's Opposition papers will reference the document number and page as they appear on the PACER electronic docket and be denoted as "Doc. # at __".

Plaintiff states that his "Statements of Material Facts" is his submission of "facts which evidence genuine issues, which require a trial."  Doc. 22-1 at 5.  As indicated in the attached "Response to Plaintiff's Statements of Material Facts," the matters in Plaintiff's Statement are either not denied, not material to a decision on this action, not supported by the record, and/or are merely unsupported conclusions and argument.

Plaintiff's "Genuine Issues and Facts in Dispute" suffers from similar deficiencies, as is indicated in Defendant's attached response thereto.  *See* Doc. 22-1 at 9-18.

Therefore, Defendant's Statement of Material Facts should be deemed admitted.

## II.    Summary Judgment Should Be Granted In Defendant's Favor Because Plaintiff Has Failed To Establish A Genuine Issue Of Material Fact

In *Celotex*, the Supreme Court explained that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  When the moving party meets this initial obligation, the nonmoving party may not rest on mere allegations, but "must come forward with specific facts showing that there is a <u>genuine issue for trial</u>."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).  A genuine issue is one that could change the outcome of the litigation.  *See Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 243 (1986).

The Supreme Court has also stated that some weighing of the evidence is appropriate at the summary judgment stage.  Specifically, the Court noted that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a

need for trial.'" *Id*. (*quoting* Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for

a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations

omitted). The party opposing summary judgment "must do more than simply show that there is

some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Assessing the evidence at this stage of the proceedings yields the inescapable conclusion

that there is a total absence of evidence, aside from Plaintiff's mere allegations, to support

Plaintiff's opposition to defendant's summary judgment motion. Here, Plaintiff bears the burden

of showing that the Board erred in finding his application not patentable due to obviousness.

Plaintiff's Opposition consists of over 120 pages of argument, much of which was presented to

the Board. As explained more fully below, these documents – even when read in their broadest

possible terms – fail to show any genuine dispute as to Defendant's material facts, which

demonstrate that Plaintiff's claimed invention was known many years prior to his filing the '586

application.

### A. The Claims Cover Giving Massages To Gamblers While They Gamble In A Casino, And Are Not Limited by Who Gives The Massage Or The Type Of Casino

Independent Claim 1 recites :

1. A new gambling casino process, which comprises stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino gambling areas, including tables, machines, sports book and keno areas.

R35.[2]  The Board correctly interpreted Claim 1 in its broadest light to specify a "business method

for a gambling casino which comprises at least the step of applying massage or manipulation by

any person, whether or not associated with the casino, to the upper-body of gamblers to any

extent while they are gambling in a casino, in a manner which provides stress relief and/or

relaxation to the gambler."  R210; *see In re Hyatt*, 211 F.3d 1367, 1372 (Fed. Cir. 2000) (claims

receive "their broadest reasonable interpretation consistent with the specification" during *ex*

*parte* prosecution).  That interpretation is compelled by the plain claim language and consistent

with the specification.  Similarly, the Board's reading of dependent Claims 2 and 3 was entirely

consistent with the claim language and specification.  R210.

Plaintiff now attempts to rewrite his claimed invention to recite a "a new 'house banked'

(Las Vegas Style) casino massage therapist, properly trained licensed and uniformed."  *See, e.g.*,

Doc. 21 at 3-5; Doc. 22-1 at 6-7, 11, 16; Doc. 23-1 at 1-2; Doc. 23-2 at 6.  However, the claims

define the scope of a patentable invention.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312

(Fed. Cir. 2005) (*en banc*).  To coin a familiar phrase, "the name of the game is the claim."  *In re*

*Hiniker*, 150 F.3d 1362, 1369 (Fed. Cir. 1998).  Because applicants are required to define

precisely what their invention is, it is unjust to the public, as well as an evasion of the law, to

construe it in a manner different from the plain import of its terms.  *See Phillips*, 415 F.3d at

1312.  Given these legal principles, "courts cannot alter what the patentee has chosen to claim as

---

[2]  While Defendant cited to R35 of the administrative record for the relevant claim
language, it inadvertently misquoted the language of Claim 1 in its Motion.  *See* Defendant's
Statement of Material Facts at 1; Defendant's Statement of Points and Authorities at 3-4, 14.
Specifically, Defendant included the original "providing or permitting" language instead of
"which comprises."  While the misquoted text does not impact the summary judgment analysis,
Defendant apologizes to the Court and Plaintiff for the error.

his invention." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1433 (Fed. Cir. 1988) (citation omitted).

Claim 1 says nothing about a trained therapist and, thus, is not so limited. Rather, Plaintiff clearly defined Claim 1 as the "gambling casino process" of giving a massage to an individual's upper-body as they gamble in any type of casino. Accordingly, the Board correctly found the recited process could be given by any person, even if that person was not affiliated with the casino. R210. That rationale applies equally to Plaintiff's argument that the individual must be a "professional" since Claim 1 does not recite that limitation. *See* R35.

In addition, Plaintiff's argument in this respect is not material to the resolution of this case. Even if Claim 1 were construed as Plaintiff now asserts, it would still not recite patentable subject matter under 35 U.S.C. § 101 because human beings cannot be the proper subject of a patent. *See Diamond v. Chakrabarty*, 447 U.S. 303 (1980); *Animal Legal Defense Fund v. Quigg*, 932 F.2d 920, 923, 928 (Fed. Cir. 1991); *see also* MPEP § 2105. The Examiner told Plaintiff as much in rejecting original Claim 2 under § 101, which recited such a therapist: "A new gambling casino process according to claim 1: performed by and utilizing uniformed or costumed identified attendants, vendors, and/or practitioners." R273 (original Claim 2); R7 (Office action dated December 16, 2002 containing § 101 rejection); R20 (Office action dated May 7, 2003 containing § 101 rejection).

Moreover, Claim 1 cannot recite a "therapist." First, Plaintiff is estopped from adding language relating to a "therapist" because he specifically removed similar language during prosecution. Prosecution history estoppel is a "rule of patent construction" that ensures claims are interpreted by reference to those "that have been cancelled or rejected." *Festo Corp. v.*

*Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd*, 555 U.S. 722, 733 (2002).  This rule "preclud[es] a patentee from regaining, through litigation, coverage of subject matter relinquished during prosecution of the application for the patent."  *Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.,* 103 F.3d 1571, 1577-1578 (Fed. Cir. 1997).  Here, Plaintiff deleted any reference to therapists from his claims in response to the Examiner's rejection based upon § 101.  R7; R20; R35 (amended Claim 2).  Plaintiff's unambiguous surrender of that subject matter during prosecution precludes him from later attempting to reincorporate the same or similar language back into the claims.  Second, dependent Claim 2 requires using "uniforms or costumes."  R35.  Because Plaintiff cannot import limitations from one claim into another, Claim 1 cannot be read to include uniforms or costumes.  *See Sjolund v. Musland*, 847 F.2d 1573, 1581-82 (Fed. Cir. 1988).

Finally, Plaintiff's attempt to limit the claimed invention to a "house-banked, Las Vegas Style" casino is unsupported by the record.  The claims say nothing about a particular type of casino, nor does the specification differentiate between or define different types of casinos.  Toward that end, Plaintiff does not identify where in the claims or specification he has so limited his claimed invention.  To the contrary, the claims and specification simply identify "gambling casinos" that contain table games, slots, sports books, keno, and other games of chance as the proper venue.  R35; R270-273.  The evidence and common sense indicate that casinos of different sizes and in different locations satisfy that criteria.  *See, e.g.*, NR 1-2 (describing Hollywood Park Casino, located in Inglewood, California); NR 3-4 (describing Trump Castle Hotel and Casino, located in Atlantic City, New Jersey).

B.    **Plaintiff's Claims Would Have Been Obvious To One Of Ordinary Skill In The Art**

1.    **The Combination of On-Site and Plaintiff's Admissions Render Plaintiff's Claimed Invention Obvious**

Defendant demonstrated in its Motion for Summary Judgment that the Board properly determined that the On-Site Stress Relief website ("On-Site") in combination with Plaintiff's own admission to the Board that he had seen individuals give massages to gamblers as they gambled established a *prima facia* case of obviousness. *See* Defendant's Statement of Points and Authorities at 14-16. Plaintiff fails to generate a genuine issue of material fact as to that conclusion.

Plaintiff asserts that On-Site does not teach his claimed invention because casinos restrict access to the gambling floor and, thus, On-Site would be unable to deliver its massage to gamblers. *See, e.g.*, Doc. 23-1 at 1-2; Doc. 23-2 at 3, 4, 15, 16. As the Board pointed out in properly rejecting this argument below, the need to obtain permission to deliver massage in a particular location (here, the gambling floor) is a "common business hurdle" that would not suggest to one of ordinary skill in the art that the mobile massage taught by On-Site could not indeed be delivered "just about anywhere." R216; R277. Plaintiff agrees that On-Site itself indicates that its massages can be performed in locations that require permission to enter the premises, and that private property generally would require such permission. *See* Doc. 23-1 at 1-2; Doc. 23-2 at 15. Thus, those of ordinary skill in the art would understand that the common requirement of obtaining permission to enter a particular location is not necessarily a bar to providing such services in the casino.

Plaintiff also asserts that because the On-Site reference shows an inactive subject and "special chair," the recipient could not gamble while getting the described massage and, thus, On-Site teaches away from his claimed invention. *See, e.g.*, Doc. 22-1 at 13, 14; Doc. 23-1 at 2; Doc. 23-2 at 2, 5, 6, 12, 17. To teach away, a reference must state that it "should not" or "cannot" be used in combinations with the other reference. *See Para-Ordnance Mfg., Inc. v. SGS Importers Int'l, Inc.*, 73 F.3d 1085, 1090 (Fed. Cir. 1995); *see also In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994) ("A reference may be said to teach away when a person of ordinary skill, upon reading the reference, would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the path that was taken by the applicant."). As the Board pointed out, On-Site lacks any disclosure that states or even suggests that its mobile massage cannot or should not be administered to an active individual. R216. Moreover, Plaintiff's own admissions – as well as the newly discovered references – clearly demonstrate that the limitation of giving massage to an active gambler was already well-known.

Plaintiff continues to try to limit his admission to "horse play and erotic exciting type massage," arguing that it is not the same thing as the "professionally administered relaxing types of massage" required by his claims. *See, e.g.*, Doc. 22-1 at 15; Doc. 23-2 at 3, 8, 14, 17.

First, Plaintiff's admission was not one of the undisputed material facts in Defendant's Statement of Material Facts. Second, Plaintiff's admission – or lack there of – is not material to the outcome of this case because the On-Site reference, alone or in combination with the new references, demonstrate that Plaintiff cannot meet his burden of showing that the Board erred in finding his application not patentable because of obviousness. *See* Defendant's Statement of Points and Authorities at 14-23.

Third, Plaintiff's attempts to limit or downplay those admissions are generally prohibited. *See, e.g.*, *In re LoPresti*, 333 F.2d 932, 934 (C.C.P.A. 1964) (admissions of prior art in brief cannot be overcome by later-submitted affidavits). Plaintiff's attempt to minimize his admission is also misplaced, since his claimed invention does not require that a "professional" give the massage, as is discussed above.

Even Plaintiff's version of what happened at the oral hearing does not support his argument. In his Opposition, Plaintiff describes the following as the exchange between him and the Board:

> Question: Have you seen other players rubbing or massaging other players at the tables?
>
> Answered: Yes.

Doc. 23-2 at 8. Plaintiff's response to the Board communicated that he had seen the massage recited in Claim 1 performed before, and the Board accepted Plaintiff's answer. Toward that end, it is entirely reasonable to conclude that even the types of massage Plaintiff now represents he was describing (*i.e.*, "horse play and erotic exciting type of massage,") would satisfy the claim; all Claim 1 requires is that a massage be given to the upper-body, and that it provide stress relief and/or relaxation to the gambler. Thus, Dr. Warren's second affidavit – offered for the first time in Plaintiff's Opposition materials – expressing his opinion that "specialized training" would be required to give the recited massage fails to call the Board's conclusion into question. *See* Doc. 22-2 at 58. Moreover, the need for specialized massage training is not expressed in the claim – which defines the invention – or the specification.

Plaintiff also now asserts that his admission relates to activity that occurred after his

application filing date of February, 2002. *See, e.g.*, Doc. 22-1 at 9; Doc. 23-2 at 8, 17. However,

even if true, Plaintiff did not communicate that to the Board, and he makes no claim that he did.

And as the Court in *LoPresti* made clear, an applicant's statement must be treated as an

admission not withstanding later attempts to explain or limit that admission. *See* 333 F.2d at 758

(rejecting attempts to antedate admitted prior art reference).

### 2.     Additional References Confirm That Plaintiff's Claimed Invention Is Not New or Patentable

Newly discovered references demonstrate that individuals were receiving massages while

gambling at least 13 years before Plaintiff filed his patent application in 2002, thus leading to

either an affirmance of the Board's § 103 rejection and/or independently anticipating Plaintiff's

claimed invention under § 102. *See* Defendant's Statement of Points and Authorities at 16-23.

Plaintiff does not contest that the Long Beach Press-Telegram article (NR1-2) teaches

giving massages to individuals as they gamble as early as 1997, invalidating Claim 1. Rather,

Plaintiff argues that the casino described in the article is a "card club" and not the "House

Banked High Staked, Las Vegas style gambling casino" that Claim 1 requires. *See* Doc. 21 at 3-

5. However, as discussed above, Claim 1 simply recites a casino that offers various forms of

gambling; nothing in the claim or the specification indicates that it is limited to a particular type

of casino. The article's description of massages given to players during poker games at the

Hollywood Park Casino clearly satisfies the casino and gambling limitations recited in Claim 1.[3]

---

[3] Review of the Hollywood Park Casino's publicly-available
website (http://www.playhpc.com) indicates that it is more than a simple social club, offering
multiple forms of gambling – including table games involving cards (such as blackjack) and tiles

Moreover, Plaintiff's distinction between a "card club" and "house-backed casino" is patentably meaningless – one of ordinary skill in the art would understand that Plaintiff's alleged invention of providing stress relief through massage to active gamblers would work the same no matter what the business nature of the gambling venue.

Similarly, Plaintiff does not contest that the Associated Press article's (NR3-4) description of uniformed butlers giving massages to individuals as they gamble at the Trump Castle Hotel and Casino in Atlantic City teaches Claim 1 of the '586 application more than 13 years before Plaintiff's alleged invention date of 2002.  Plaintiff's argument that the article does not indicate the massages had actually been given is irrelevant.  *See* Doc. 21 at 2-3.  A reference is available as prior art if it sufficiently describes and enables the claimed invention.  *See, e.g.*, *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985).  "[A]ctual performance of suggestions in a disclosure" is not required to be enabling; rather, an artisan of ordinary skill need only be able to use the suggestion in combination with her own knowledge to perform the claimed invention. *Novo Nordisk Pharm., Inc. v. Bio-Technology Gen.*, 424 F.3d 1347, 1355 (Fed. Cir. 2005); *see also Donohue*, 766 F.2d at 533 ("Such possession is effected if one of ordinary skill in the art could have combined the publication's description of the invention with his own knowledge to make the claimed invention.").  Here, an artisan's knowledge is unnecessary – the article plainly describes Plaintiff's entire claimed invention of giving massages to individuals while they gamble, rendering those claims unpatentable.

---

(pai gow tiles) – where players compete against the "house."

Finally, in his Opposition papers, Plaintiff reasserts his contention that the references

should not be considered, whether by this Court or the USPTO. But the USPTO is mandated

with a continuing obligation to ensure that any patents issued are valid. *See Blacklight Power v.*

*Rogan*, 295 F.3d 1269, 1273 (Fed. Cir. 2002); *In re Gould*, 673 F.2d 1385, 1386 (C.C.P.A. 1982)

(USPTO can reopen prosecution of an *ex parte* application following judicial review and cite

new references). Here, when Plaintiff indicated that he would contest his admission to the

Board, Defendant sought to independently affirm the substance of those admissions and, in doing

so, discovered the references.[4]

As Defendant demonstrated both in its Request to File the Summary Judgment Motion

and in the Motion itself, it is well-settled that this Court may consider newly discovered

references in the first instance during a § 145 action. Defendant strongly urges that the interests

of both parties and this Court are better served by consideration of the new references now.

Indeed, consideration of the references by this Court would actually serve Plaintiff's interest of

avoiding unnecessary costs and delay. *See* Doc. 22-1 at 1-2. And remand here is arguably

unnecessary given the relative simplicity of the claimed invention and new references. However,

should the Court prefer, remand back to the USPTO for consideration of new evidence is

available. *See, e.g.*, *ExxonMobil Chem. Patents Inc. v. Godici*, Civ. Action No. 01-377 (HHK),

slip op. at 5-6 (D.D.C. Feb. 12, 2002).

---

[4] Plaintiff posits that because it "must be presumed [the USPTO] performed their duties and previously found the 'new-old' material not to be valid evidence of prior art," the new references should not be entertained. *See* F at 3. However, the USPTO is not aware of any such presumption. Plaintiff's presumption also runs contrary to the USPTO's ability to cite new references even after judicial review and remand in *ex parte* prosecution. *See, e.g.*, *Gould*, 673 F.2d at 1386.

**III.    Conclusion**

Defendant demonstrated in its Motion for Summary Judgment that there were multiple

avenues available to this Court to grant summary judgment.  The Board properly affirmed the

rejection of Plaintiff's claims as unpatentable.  Additional references only confirm that

conclusion.  Plaintiff has failed to demonstrate that a genuine issue of material fact exists on any

of those issues.  Thus, for the reasons set forth herein and in its Motion for Summary Judgment,

Defendant respectfully requests an order granting summary judgment in its favor.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar No. # 434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514-6970


Of Counsel:
JOHN M. WHEALAN
Solicitor
ROBERT J. MCMANUS
SYDNEY O. JOHNSON
Associate Solicitors
United States Patent and Trademark Office