UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NED H. PRESLEY ,                       )
                                       )
        Plaintiff,                     )
                                       )   Civil Case No. 06cv0104 (RJL)
    v.                                 )
                                       )
UNITED STATES PATENT                   )
AND TRADEMARK OFFICE,                  )
                                       )
        Defendant.                     )

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S "GENUINE ISSUES AND FACTS IN DISPUTE"**

Defendant respectfully submits this response to Plaintiff's "Genuine Issues and Facts in Dispute." Document 22-1 at pp. 9-18.

**Page 9**:

Paragraph 1 (beginning "Defense USC 103"): This allegation contains Plaintiff's unsupported conclusion and argument. Further, the Defense does not deny that Claim 1 requires the recited massage be given to an individual as he gambles..

Paragraph 2 (beginning "Other missing limitations"): This allegation contains Plaintiff's unsupported conclusion and argument. Further, it is not material to the obviousness conclusion because it ignores the proper interpretation of Plaintiff's claims. *See* Defendant's Reply at 4-7.

**Page 10**:

Paragraph 1 (beginning "The defense does"): Defendant admits that there is no verbatim transcription of plaintiff's statements. The first sentence is not material to the Board's obviousness conclusion. The second sentence contains Plaintiff's unsupported conclusion and

argument.

Paragraph 2 (beginning "What did actually"):  This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 3 (beginning "The plaintiff"):  This allegation references an affidavit that has not been presented by the Plaintiff, and is not material to the Board's obviousness conclusion.

Paragraph 4 (beginning "The plaintiff therefore"):  This allegation is argument and does not contain facts supported by the record.

Paragraph 5 (beginning "It does not seem"):  This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 6 (beginning "The 'on site' reference"):  The first sentence is not material to the Board's obviousness conclusion, and contains Plaintiff's unsupported conclusion and argument.  The second sentence contains Plaintiff's unsupported conclusion and argument.

Paragraph 7 (beginning "The board wrongly described" and carrying over onto Page 11):  This allegation is not material to the Board's obviousness determination and contains plaintiff's conclusions of law.

**Page 11**:

Paragraph 1 (beginning "The board wrongly interprets"):  This allegation contains Plaintiff's unsupported conclusion and argument.  Plaintiff's lone citation – "copy #0268" – is the front page of Plaintiff's '586 application and does not contain any facts supporting this allegation.

Paragraph 2 (beginning "The board's interpretation"):   This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 3 (beginning "The professional massage therapist"):  This allegation contains

Plaintiff's unsupported conclusion and argument.  Claim 1 on its face does not recite a "professional massage therapist."  *See* Defendant's Reply at 4-7.

Paragraph 4 (beginning "The defense has not made"):  This allegation contains Plaintiff's unsupported conclusion and argument and is not material to the decision in this matter.

Paragraph 5 (beginning "The plaintiff having met"):  This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 6 (beginning "The USPTO has wrongly denied"):  This allegation contains Plaintiff's unsupported conclusion and argument.

**Page 12**:

Paragraph 1 (beginning "To support the 103 rejection"): Defendant admits that the "On-Site" reference was the lone paper reference cited by the Board for the obviousness determination.  That fact is not material to the decision in this case;  Plaintiff's application is obvious based upon the On-Site reference, Plaintiff's admission and the new references.  *See* Defendant's Statement of Points and Authorities at 14-22; Defendant's Reply at 8-14.

Paragraph 2 (beginning "The 'on site' reference is not 'prior'"):  This allegation contains Plaintiff's unsupported conclusion and argument.  It also is not material because it ignores the proper interpretation of Plaintiff's claims.  *See* Defendant's Reply at 4-7.

Paragraph 3 (beginning "The 'on site' website is evidence"):  This allegation is not material to the Board's obviousness determination, and lacks a citation to evidence in the record.

Paragraph 4 (beginning "It is obvious that casino"):  This allegation contains Plaintiff's unsupported conclusion and argument, and lacks a citation to evidence in the record.  It also is not material to the Board's obviousness determination.

Paragraph 5 (beginning "The evidence of the Copys #3):    This allegation contains

Plaintiff's conclusion and argument.

Paragraph 6 (beginning "There then remains"): This allegation contains Plaintiff's unsupported conclusion and argument and is, in fact, unsupported by the record in which defendant has offered additional new references.

Paragraph 7 (beginning "The 'in house' reference"): This allegation contains Plaintiff's unsupported conclusion and argument. It is also unclear what the "'in house' reference" is.

**Page 13**:

Paragraph 1 (beginning "The 'onsite reference'"): The first sentence contains Plaintiff's unsupported conclusion and argument. *See* Defendant's Reply at 8. The second sentence also contains Plaintiff's unsupported conclusion and argument, and is contrary to the language of Claim 1. *See* Defendant's Reply at 4-7. The third sentence also lacks any citation to the record and is not material to the Board's obviousness decision.

Paragraph 2 (beginning "To administer relaxing type"): The allegations in this paragraph contain Plaintiff's unsupported conclusions and argument. Further, the allegation is not material to the issues here because the claimed invention does not require that a "licensed professional trained therapist" give the claimed massage. *See* Defendant's Reply at 4-7.

Paragraph 3 (beginning "This fact is testified to"): This allegation contains Plaintiff's unsupported conclusions and argument. Further, the allegation is not material to the issues here because the claimed invention does not require that a "licensed professional trained therapist" give the claimed massage. *See* Defendant's Reply at 4-7, 10.

Paragraph 4 (beginning "The 'as they continue to gamble' enablement"): Defendant agrees that Claim 1 recites giving massage to an individual "as they are gambling."

Paragraph 5 (beginning "Thus the '586' patent application"): This allegation is not

material to the Board's obviousness determination, and Plaintiff does not provide a citation to record evidence to support his allegation.

Paragraph 6 (beginning "The 'on site reference' 'chair massage to you'"): These allegations contain Plaintiff's unsupported conclusions and argument.

**Page 14**:

Paragraph 1 (beginning "The 'on site' reference teaches away"): This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 2 (beginning "The 'on site" reference would not be obvious"): This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 3 (beginning "The USPTO board's decision stipulated"): Defendant does not dispute that the Board stated that "one of ordinary skill in this art would not have inferred" from the On-Site reference that the described massages are given to an active individual. R213. This is not material to the Board's obviousness decision because Plaintiff's admission and the new references demonstrate that massage to an active individual was well-known prior to the date Plaintiff filed his patent application, rendering Plaintiff's claims unpatentable.

Paragraph 4 (beginning "The USPTO boards decision"): This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 5 (beginning "The following required elements"): These allegations contain Plaintiff's unsupported conclusions and argument.

Paragraph 6 (beginning "The plaintiff only recently learned"): These allegations contain Plaintiff's unsupported conclusions and argument.

Paragraph 7 (beginning "Additional factual evidence in genuine dispute"): This allegation contains Plaintiff's unsupported conclusions and argument. Toward that end, the

allegation fails to identify a fact, let alone a material fact, in dispute.

**Page 15**:

Paragraph 1 (beginning "Additional factual evidence disqualifying"):  This allegation contains Plaintiff's unsupported conclusions and argument, and lacks a citation to any record evidence supporting Plaintiff's contention.

Paragraph 2 (beginning "The USPTO board did wrongly 'summarize'"):  This allegation contains Plaintiff's unsupported conclusions and argument.

Paragraph 3 (beginning "In response to a prior phone call"):  This allegation contains Plaintiff's unsupported conclusions and argument, and is not material to the Board's obviousness decision.

Paragraph 4 (beginning "The defendants on 8-24-06"):  Defendant admits that no verbatim recording or transcription of Plaintiff's statements was made.

Paragraph 5 (beginning "The summary contains"):  Defendant does not dispute that the Board did not purport to directly quote Plaintiff from the Board hearing in its decision.

Paragraph 6 (beginning "The disputed 'summary' does not"):  This is plaintiff's conclusion of law.

Paragraph 7 (beginning "The USPTO did approve"):  Defendant does not dispute that the Board reversed the Examiner's rejection of Claims 1 through 3 based upon 35 U.S.C. § 112, ¶ 2.

**Page 16**:

Paragraph 1 (beginning "The board did wrongly interpret"):  This allegation contains Plaintiff's unsupported conclusions and argument.

Paragraph 2 (beginning "A plain reading of the specification shows"):  This allegation contains Plaintiff's unsupported conclusions and argument

Paragraph 3 (beginning "The '586' specification as a whole teaches"): The allegation contains Plaintiff's unsupported argument and conclusions.

Paragraph 4 (beginning "If the '586' patent application would be"): This allegation contains Plaintiff's unsupported conclusions and argument.

Paragraph 5 (beginning "The USPTO board did wrongly state"): The allegations contained in this paragraph are not material to the Board's obviousness determination.

Paragraph 6 (beginning "The '586' patent is a six step process patent"): The first sentence of this paragraph contains Plaintiff's unsupported argument and conclusions, and ignores the relevant claim language. *See* Defendant's Reply at 4-7. The remainder of the paragraph is not material to the Board's obviousness conclusion.

Paragraphs 7 & 8 (beginning "The entirety of the record" and "The USPTO website," respectively): These allegations are not material to the Board's obviousness conclusion.

**Page 17**:

Paragraphs 1, 2, & 3 (beginning "Of the 55 complaints" and ending "these issues is thus required"): These paragraphs contain allegations that are not material to the Board's obviousness decision, and reflect Plaintiff's unsupported conclusions and argument.

Paragraph 4 (beginning "At the very start of the USPTO board hearing"): The allegations in this paragraph represent Plaintiff's version of what occurred at the Board hearing and are not material to the Board's obviousness conclusion.

Paragraph 5 (beginning "These actions and conduct"): Defendant admits that plaintiff was asked questions to the effect of whether he had seen players rub other players at the table. Otherwise, the first sentence of this paragraph contains plaintiff's unsupported conclusions of fact and law and is not material to the Board's obviousness conclusion. As to the first phrase of

the second sentence, defendant admits that plaintiff's response was in the affirmative; the remainder of the sentence is not material as it represents Plaintiff's improper attempt to limit or revise his admission to the Board. *See* Defendant's Reply at 9-11.

Paragraph 6 (beginning "It has now been revealed"): The allegations contained in this paragraph are not relevant to the Board's obviousness determination.

**Page 18**:

Paragraph 1 (beginning "Thus there is a very real and genuine dispute"): These allegations constitute Plaintiff's unsupported argument and conclusions.

                                          Respectfully submitted,

                                          _____
                                          JEFFREY A. TAYLOR, D.C. Bar #498610
                                          United States Attorney

                                          _____
                                          RUDOLPH CONTRERAS, D.C. Bar No. # 434122
                                          Assistant United States Attorney

                                          _____
                                          RHONDA C. FIELDS
                                          Assistant United States Attorney
                                          Civil Division
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          202/514-6970

Of Counsel:
JOHN M. WHEALAN
Solicitor
ROBERT J. MCMANUS
SYDNEY O. JOHNSON
Associate Solicitors
United States Patent and Trademark Office