UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NED H. PRESLEY,           )<br>                                          )<br>          Plaintiff,            )<br>                                          )   Civil Case No. 06cv0104 (RJL)<br>     v.                                 )<br>                                          )<br>UNITED STATES PATENT  )<br>AND TRADEMARK OFFICE )<br>                                          )<br>          Defendant.            ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S "STATEMENTS OF MATERIAL FACTS"**

Defendant respectfully submits this Response to Plaintiff's Statements of Material Facts that he contends "evidence genuine issues, which require a trial." Document 22-1 at pp. 5-7.

**Page 5**: None of the facts contained on page 5 are material to the obviousness conclusion reached by the Board.

**Page 6**:

Paragraph 1 (beginning "This failure"): This allegation is not material to the Board's obviousness determination. Moreover, the two pages cited by Plaintiff do not support Plaintiff's contention that the USPTO failed to supply "advertised 'help'." The first citation is to a webpage printout (R116) which references general information about the patent prosecution process. The second citation references a printout (R120) which communicates the USPTO's goal of reducing "cycling time," or the amount of time spent reviewing a patent application.

Paragraph 2 (beginning "This application was filed as a process patent"): The paragraph contains Plaintiff's arguments and conclusions, and lacks any citation to evidence in the record supporting these allegations. *See* Reply at 4-7.

Paragraph 3 (beginning "The patent specification details"): The first sentence does not cite to evidence in the record and is not material to the Board's obviousness conclusion. The remainder of the paragraph is Plaintiff's argument and conclusions. *See* Reply at 4-7.

Paragraph 4 (beginning "During a 4 year"): This allegation is not material to the Board's obviousness determination.

Paragraph 5 (beginning "At the present"): This allegation is an unsupported conclusion.

Paragraph 6 (beginning "Now incorporating"): This allegation contains Plaintiff's arguments and conclusions, which are not supported by citation to the record.

**Page 7:**

Paragraph 1 (beginning "The '586 patent'"): This allegation is not supported by citations to the record, and is not material to the Board's obviousness conclusion.

Paragraph 2 (beginning "The limitations and features"): This allegation contains Plaintiff's unsupported conclusion and argument.

Paragraph 3 (beginning "The opportunity"):  This allegation contains Plaintiff's unsupported conclusion and argument.

>Respectfully submitted,
>
>_____
>JEFFREY A. TAYLOR, D.C. Bar #498610
>United States Attorney
>
>_____
>RUDOLPH  CONTRERAS, D.C. Bar No. # 434122
>Assistant United States Attorney
>
>_____
>RHONDA C. FIELDS
>Assistant United States Attorney
>Civil Division
>555 Fourth Street, N.W.
>Washington, D.C.  20530
>202/514-6970

Of Counsel:
JOHN M. WHEALAN
Solicitor
ROBERT J. MCMANUS
SYDNEY O. JOHNSON
Associate Solicitors
United States Patent and Trademark Office