FILED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **NED H. PRESLEY,** *pro se* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. Action No. 06cv104 (RJL)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES PATENT AND** | ) | |
| **TRADEMARK OFFICE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION
(April 1b, 2007)[#18]

Ned Presley, proceeding *pro se*, has sued the United States Patent and Trademark

Office ("PTO") challenging the decision of the Board of Patent Appeals and Interferences

(the "Board") affirming the rejection of his patent application.  Currently before the Court

is the PTO's motion for summary judgment.  Based upon a review of the pleadings, the

motion is GRANTED.

## BACKGROUND

On February 12, 2002, Presley filed with the PTO, Patent Application 10/073586

(the "'586 Application"), entitled "Gambling Casino New/Improved Process for Gambler

Attraction and Higher Yields.  The '586 Application sought to patent a "process" for

giving a massage to gamblers while they gambled.[1]

---

[1] Specifically, the '586 Application contained three claims:
1) A new gambling casino process which comprises stress relief and/or relaxing types of upper-body massage-manipulation to casino gamblers, as they are gambling in all casino gambling areas, including tables, machines, sports books and keno areas,



On June 13, 2003, the PTO examiner assigned to his application rejected the '586 Application pursuant to, *inter alia,* 35 U.S.C. § 103(a)[2], finding that the claims would have been obvious to a person of ordinary skill in the art.  Presley appealed the examiner's decision to the PTO's Board of Patent Appeals and Interferences, which affirmed the examiner's rejection of plaintiff's application on November 15, 2005. Record, p. 212.

On January 17, 2006, plaintiff filed the present action challenging the Board's decision.[3]  Defendant has moved for summary judgment arguing, *inter alia*, that it must be upheld because there is substantial evidence supporting the Board's decision.  For the following reasons, the Court agrees.

## STANDARD OF REVIEW

A claimed invention is unpatentable if the differences between it and the prior art are such that the "subject matter as a whole would have been obvious at the time the

---

2)  A new gambling casino process according to claim 1: utilizing uniforms or costumes as designated by the casino,

3) A new gambling process according to claim 1; advertised and promoted by the casino.

Administrative Record, p. 273.

[2]  35 U.S.C. § 103 provides:

A patent may not be obtained...if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. 103(a).

[3]  Under 35 U.S.C. § 145, a patent applicant dissatisfied with the decision of the Board may challenge that decision in this district.

invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. 103(a). The determination of whether an invention would have been obvious is a legal conclusion based on underlying findings of fact. *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006).

As the PTO is an agency subject to the Administrative Procedure Act ("APA"), the Court will uphold the Board's legal conclusions unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *Hyatt v. Dudas,* 393 F.Supp.2d 1 (D.D.C. 2005). Thus, the Court will affirm the Board's factual findings unless they are "unsupported by substantial evidence." 5 U.S.C. § 706 (2000); *Mazzari v. Rogan*, 323 F.3d 1000, 1004 (Fed.Cir.2003); *Hyatt,* 393 F.Supp.2d 1. "Substantial evidence" is more than a mere scintilla of evidence, rather it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006).

Under Rule 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where

3

the court finds that facts material to the outcome of the case are at issue, a case may not

be disposed of by summary judgment. *Id.* at 248.

## ANALYSIS

In the case at hand, the Court finds substantial evidence to support both the

Board's findings of fact and its decision to affirm the examiner's decision. Indeed,

plaintiff has admitted that: 1) casinos offer various enticements to attract gamblers and

keep them gambling ('586 Application, p.1); 2) casinos offer massages in areas apart

from the gambling areas (*id)*; 3) persons not associated with casinos (i.e. another gambler

or associate) often provide upper-body massages to gamblers while gambling (Record p.

214); and 4)  upper-body massages are used as an enticement by other businesses (i.e. hair

salons)(*id*).  In addition, evidence in the record indicates that a Las Vegas based business,

On-Site Stress Relief ( "On-Site"), was already delivering massage services to customers

in their homes or hotels and could—the Board inferred—deliver those services to

customers in casinos while they gambled.  Record, p. 277.  As defendant has offered no

evidence to the contrary, the Court finds substantial evidence to support the Board's

conclusion that "one of ordinary skill in the casino business...armed with the knowledge

generally available in the art...would have reasonably arrived at the claimed business

method for a gambling casino encompassed by the appealed claims." Record, p. 215.

4

As a result, the Board's decision that Presley's invention was unpatentable was neither arbitrary nor capricious.  Accordingly, defendant's motion for summary judgment is GRANTED.

RICHARD J. LEON
United States District Judge